IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>AARON MICHAEL SHAMO,<br><br>              Defendant. | DETENTION ORDER<br><br>Case No.  2:16CR631DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Aaron Michael Shamo's appeal of Magistrate Judge Warner's November 28, 2016, order to detain Defendant.  On December 19, 2016, this court held a hearing on Defendant's motion.  At the hearing, Defendant was present and represented by Adam Bridge, and the United States was represented by Vernon G. Stejskal.  The court took the appeal under advisement.  This court has reviewed Defendant's motion and the law and facts relevant to the determination of Defendant's pretrial detention or release.  Being fully advised, the court issues the following Order.

Under DUCrimR 57-16(a)(1), a party is entitled to appeal a magistrate judge's detention order under 18 U.S.C. § 3145(b), which allows review of a detention order to the assigned district judge.  Under 18 U.S.C. §3142(f), in determining detention, the court considers "whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community."  Subsection (g) then outlines several types of relevant information to consider, such as the nature and circumstances of the

charged offense, the weight of the evidence against the person, the history and characteristics of the person, family ties, employment, length of residence in the community, drug abuse, criminal history, and the nature and seriousness of the danger to any person or the community posed by the person's release. *See id.* § 3142(g). However, because of the controlled substance offenses charged in this case, a rebuttable presumption exists that "no condition or combination of conditions will reasonably assure the safety of any other person and the community" if the court finds "probable cause to believe that the defendant committed" the charged offense. *Id.* § 3142(e)(3).

After reviewing the evidence in this case, the court finds that Defendant has not rebutted the presumption that he remain detained pending trial. Defendant points to his lack of a violent criminal history in support of release, but the court finds it less relevant than the allegations that he has been conducting a large-scale criminal enterprise on a daily basis for over a year. The nature of the charged offenses are serious and potentially life threatening to victims. In favor of his release, Defendant also points to a strong support network and parents who are willing to serve as third-party custodians. Although the court does not doubt that his parents would attempt to be good third-party custodians, the scope and reach of the alleged operations on the internet would be difficult for them to monitor. Moreover, Defendant has several contacts who have been working with him in his alleged illegal enterprise who could help him re-engage in his alleged operations. Defendant allegedly has several contacts who continue to receive packages of fentanyl for him from China as well as a co-conspirator who is "on the run." Moreover, Defendant argues that he lost the resources he had to conduct his alleged operations because the government seized his computers and over a million dollars in cash when he was arrested. However, there is no evidence

that the computers and cash seized are Defendant's only resources.  Defendant refused to disclose his finances to the Magistrate Judge and a blanket denial of access to any other resources is not credible.  The court does not believe that any of Defendant's proffered evidence demonstrates that any type of pretrial supervised release could prevent him from re-engaging in his alleged prior operations at least to some extent.

On the current state of the evidence, the court is not convinced that Defendant can comply with the terms of pretrial release without posing a danger to the community.  The court concludes that the weight of the evidence does not rebut the presumption that Defendant remain detained pending trial.  Therefore, the court AFFIRMS Magistrate Judge Warner's November 28, 2016 Order that Defendant shall remain detained pending trial.

DATED this 20th day of December, 2016.

BY THE COURT

_____
DALE A. KIMBALL
United States District Judge