IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO,<br><br>Defendant. | **ORDER TO CONTINUE JURY TRIAL**<br><br>Case No. 2:16-cr-631<br><br>Judge Dale A. Kimball |

Based on the Motion to Continue filed by Mr. Shamo, and for good cause appearing, the court makes the following findings:

1. Defendant first appeared on December 7, 2016, for an arraignment on the Indictment. The jury trial was scheduled for February 13, 2017, which was within the 70-day time period.

2. Defendant has moved to continue trial pursuant to 18 U.S.C. §§ 3161(h)(7)(b)(i) and (iv). This is the first request to continue trial in this matter.

3. Defendant requests a ninety-day continuance.

4. Specifically, defendant has alleged that a continuance is necessary because failure to grant a continuance would result in a miscarriage of justice and deny the defendant the reasonable time necessary for

1

      effective preparation, taking into account the exercise of due diligence.

5.     The facts that support this allegation include the following: Mr. Shamo is charged with possession of fentanyl with intent to distribute; the government is still investigating the scope of his alleged activities; the government intends to produce significantly more discovery in the near future; and Mr. Shamo needs time to review these materials in order to adequately defend himself.

6.     Defendant is in pretrial detention and agrees with the need for a continuance and agrees his defense will not be hindered or prejudiced by the delay.

7.     Counsel for plaintiff, Assistant United States Vernon Stejskal, has been contacted and does not object to the continuance.

8.     There are no other defendants.

Based on the foregoing findings, the court concludes that failure to grant a continuance would result in a miscarriage of justice and would deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

It is hereby ordered that the 5-day jury trial previously scheduled to begin on February 13, 2017, is continued to the **22nd day of May, 2017, at 8:30 a.m.** The time between the filing of Defendant's Motion to Continue and the new trial date set

forth above, May 22, 2017 is excluded from speedy trial computations for good cause.

The Court also enters the following amended scheduling order:

1. Pretrial motions are due on or before April 14, 2017.

2. The plea agreement deadline is April 28, 2017.

3. Jury instructions and proposed voir dire are due on or before 5:00 p.m. on May 17, 2017.

Dated this 6th day of January, 2017.

BY THE COURT:

_____
Dale A. Kimball
Senior United States District Judge

NOTES

1. Please review 18 U.S.C. § 3161(h) for the valid statutory provision upon which to request a trial continuance and choose the most appropriate provision. Choose 18 U.S.C. § 3161(h)(7) for "ends of justice" requests not otherwise specified in the statute.

2. Identify the specific grounds or factors justifying a continuance as they are identified in 18 U.S.C. § 3161(h) and applicable case law. Keep in mind that these factors **must** be supported by specific facts in the next numbered paragraph.

3. **You must cite specific, non-conclusory facts supporting your ground for continuance and the length of delay requested.** Please review DUCrim 12-1(h), *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2006) and *United States v. Koerber*, 2016 U.S. App. LEXIS 994 (10th Cir. 2016), regarding qualifying factual grounds, including novel issues or questions in the case, the number of defendants and/or the nature and complexity of the case, whether continuity of counsel is justified or whether other counsel can try the case, the amount and nature of the discovery to review, whether counsel/witness scheduling issues can be resolved by rescheduling their own calendars, what preparations for trial have already been completed and what remain to be completed, factors that demonstrate due diligence, and why the amount of time requested will be sufficient, along with any other relevant facts. Other relevant facts should also be included here, such as scheduling conflicts of the court or counsel (for counsel conflicts, counsel must identify all DUCrim 12-1(h)(5)(A) facts).

4. Please select the factor that accurately reflects the justification necessary for the court to grant the requested continuance as identified in note 2. Particularly when 18 U.S.C. § 3161(h)(7) ("ends of justice") is the provision upon which you are basing your motion for continuance, the court must consider, among other factors, 18 U.S.C. § 3161(h)(7)(B) when determining whether to grant a continuance. You may add additional statutory or case law factors if applicable.