JOHN W. HUBER, United States Attorney (#7226)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email:   Michael.Gadd@usdoj.gov

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:16-cr-00631-DAK |
| Plaintiff, | : | |
| vs. | : | STIPULATED MOTION FOR PROTECTIVE ORDER |
| AARON MICHAEL SHAMO, DREW WILSON CRANDALL, ALEXANDRYA MARIE TONGE, KATHERINE LAUREN ANNE BUSTIN, MARIO ANTHONY NOBLE, and SEAN MICHAEL GYGI, | : : | Judge Dale A. Kimball Magistrate Judge Evelyn J. Furse |
| Defendants. | | |

_____

The United States of America, by and through Special Assistant United States Attorney

Michael Gadd, and defendants AARON MICHAEL SHAMO, DREW WILSON

CRANDALL, ALEXANDRYA MARIE TONGE, KATHERINE LAUREN ANNE

BUSTIN, MARIO ANTHONY NOBLE, and SEAN MICHAEL GYGI, by and through

their defense counsel, hereby stipulate to, and respectfully request the Court to enter the following protective order in this case:

1.  The Indictment in this case alleges that the defendants engaged in drug manufacturing, drug distribution, and money laundering.   In the course of the government's investigation, it has obtained, *inter alia*, tax return and taxpayer return information ("tax information") and bank records of the defendants and other individuals, as well as records containing personal identifying information of other individuals.   These records contain home addresses, Social Security numbers, and dates of birth.

2.  The government intends to produce this material in discovery to the defense.   All materials that the government produces to the defense are solely for the use of the defendant, his attorney, or other individuals or entities acting within the attorney-client relationship to prepare for the proceedings in this case.   The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the tax and personal information of others.

3.  The defendants, their attorneys, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case.   Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.

4.  The defendants, their attorneys, and all other individuals or entities who receive materials in this case shall maintain all materials received from the government in a manner

2

consistent with the terms of this protective order.   Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files, or folders marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE."   Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.   The defendants themselves shall not be permitted to keep or retain these records if placed in custody.

5. The defendants and their attorneys are required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case.   A knowing and willful violation of this protective order by the defendants, their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

6. Within 90 days of the conclusion of this case, including all related appeals and collateral proceedings, all discovery materials produced pursuant to this protective order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office.   Alternatively, defense counsel may inform the United States Attorney's Office in writing that all such copies have been destroyed.

7. The provisions of this order governing disclosure and use of the discovery materials shall not terminate at the conclusion of this criminal prosecution.

//

8. Greg Skordas, for Mr. Shamo; Mark Moffat for Mr. Crandall; Kyler Ovard for Mr. Noble; Eric Benson for Mr. Gygi; Earl Xaiz for Ms. Bustin; and Ed Brass for Ms. Tonge

3

have stipulated to this motion and proposed order.

DATED this 15th day of June, 2017.

                                          JOHN W. HUBER
                                        United States Attorney

                                        */s/ Michael Gadd*
                                        MICHAEL GADD
                                        Special Assistant United States Attorney