IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:16-cr-00631-DAK |
| | : | |
| Plaintiff, | : | ORDER SETTING STATUS |
| | : | CONFERENCE AND EXCLUDING |
| vs. | : | TIME FROM SPEEDY TRIAL ACT |
| | : | COMPUTATION |
| AARON MICHAEL SHAMO, | : | |
| DREW WILSON CRANDALL, | : | Magistrate Judge Evelyn J. Furse |
| ALEXANDRYA MARIE TONGE, | : | District Court Judge Dale A. Kimball |
| KATHERINE LAUREN ANNE BUSTIN, | : | |
| MARIO ANTHONY NOBLE, and | | |
| SEAN MICHAEL GYGI, | | |
| | | |
| Defendants. | | |

The instant matter came before the court for a status conference on August 31, 2017. The defendants appeared with counsel. Michael Gadd appeared for the United States. The Court heard discussion regarding the nature of the case and the extent of discovery and being now fully advised, the Court hereby enters the following ORDER:

The Court will hold a second status conference on December 1, 2017, at 10 a.m. It is further ORDERED pursuant to 18 U.S.C. § 3161(h)(1)(D) and (7)(A) and (B)(ii) that all time between August 31, 2017, and the second status conference shall be excluded from computation of time under the Speedy Trial Act. The Court finds that such time is excluded from computation under the terms of the Speedy Trial Act, and finds further that the ends of justice served by the delay outweigh the best interests of the public and the defendants in a speedy trial.

In reaching this legal conclusion, the Court considers the complexity of the case, the

number of defendants involved, and the volume of discovery.   The instant matter relates to allegations of a long-term drug trafficking, drug manufacturing, and money laundering schemes involving millions of dollars and thousands drug transactions. There are six charged defendants and more than a dozen additional co-conspirators. The corresponding evidence includes approximately eight terabytes of data, all of which will take additional time and resources to review.

The United States has indicated that within the next two weeks, it will provide additional evidence as discovery to the defense. The additional evidence, while not so voluminous as discovery previously provided, will likely be highly relevant to the defense. The additional evidence provided will include reports of investigation, recordings of interviews, documents and spreadsheets obtained through subpoenas, pictures and video recordings showing dark web transactions, the contents of inboxes and sent boxes for encrypted email accounts, more than three hundred pages of screenshots of feedback left on the vendor page allegedly utilized by the defendants to sell controlled substances on the dark web, and more than one thousand pages of orders from customers who purchased controlled substances allegedly from the defendants on the dark web, among other items.

//

Given the complexity of the case, the volume of discovery material, and the number of co-defendants, it would be unreasonable to expect adequate trial preparation within the time limits established by the Speedy Trial Act; additional preparation time is necessary. Failure to exclude

speedy trial time would preclude effective preparation and due diligence on the part of counsel.

DATED this 1st day of September, 2017.

_____
EVELYN J. FURSE
United States Magistrate Judge