JOHN W. HUBER, United States Attorney (#7226)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
Attorneys for the United States of America
111 South Main Street, Suite 1800, Salt Lake City, Utah 84111
Tel: (801) 524-5682 | Fax (801) 325-3310

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. AARON MICHAEL SHAMO, Defendant. | Case No. 2:16CR00631 DAK  THIRD BILL OF PARTICULARS  Judge Dale A. Kimball |

The United States of America, through counsel, hereby files the following Third Bill of Particulars for Forfeiture of Property.

The Indictment and Superseding Indictment seeks forfeiture of property pursuant to 21 U.S.C. § 853. The United States hereby gives notice that in accordance with its Notice of Intent to Seek Forfeiture, the United States provides the following updated list of assets it seeks to forfeit:

1. $1,227,773.00 in U.S. Currency

2. $19,520.00 in U.S. Currency

3. $429,600.00 in U.S. Currency

4. 2011 Ford F-350 pickup, VIN: 1FT8W3BT7BEC88017

5. 2008 BMW 135i, VIN: WBAUC73508VF25535

6. (4) 100-ounce Silver Bars

7. Industrial Large Pill Press and Associated Pill Dyes

8. 513.1490393 Bitcoin (BTC)[1] as follows:

    - 0.00565783
    - 235.13843692
    - 18.14978041
    - 90.58361016
    - 69.74430009
    - 17.13566213
    - 81.96907066
    - 0.57283188

9. 512.9274588 Bitcoin Cash (BCH) as follows:

    - 0.00590183
    - 235.33039773
    - 18.15384281
    - 90.59007237
    - 69.74441222
    - 17.13582208
    - 81.98343474
    - 0.573095

10. 513.1462015 Bitcoin Gold (BTG)

11. A MONEY JUDGMENT equal to the value of any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841, 846, 848, and/or 952, as set forth in the superseding indictment or most recently filed charging document, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

---

[1] Seizing the cryptocurrencies resulted in a series of small transaction fees, which occur in the normal course of business, and which were taken from the seized cryptocurrencies by the wallets (and the companies that created the wallets) in which the cryptocurrencies were and are held.

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. §§ 1956 and/or 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property.  The property to be forfeited includes, but is not limited to the following:

- A MONEY JUDGMENT equal to the value of all property involved in the money laundering and any property traceable to such property.

### SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property, which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Respectfully submitted,

JOHN W. HUBER
United States Attorney


 */s/ Adam S. Elggren*
ADAM S. ELGGREN
Assistant U.S. Attorney