JOHN W. HUBER, United States Attorney (#7226)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
Attorneys for the United States of America
111 South Main Street, Suite 1800, Salt Lake City, Utah 84111
T: 801.524.5682 | F: 801.325.3310

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON MICHAEL SHAMO, et al.,<br><br>Defendant. | Case No. 2:16CR00631 DAK<br><br><br>JOINT MOTION TO AMEND INTERLOCUTORY SALE ORDER<br><br><br>Judge Dale A. Kimball |

The United States of America and counsel for defendants jointly move the court for an order amending the court's December 12, 2017 Order Authorizing Interlocutory Sale (ECF No. 88). The amendment sought alters the provisions for the sale of the Bitcoin and Bitcoin Cash, and adds the sale of Bitcoin Gold. The basis for the amended order is as follows:

1.       On December 12, 2017, the court entered its Order Authorizing Interlocutory Sale. ECF No. 88. The order authorized the interlocutory sale of the following:

❖ 2011 Ford F-350 pickup, VIN: 1FT8W3BT7BEC88017

❖ 2008 BMW 135i, VIN: WBAUC73508VF25535

*Joint Mot. to Amend Interlocutory Sale Order*

❖ 513.1490393 Bitcoin (BTC) as follows:

- 0.00565783
- 235.13843692
- 18.14978041
- 90.58361016
- 69.74430009
- 17.13566213
- 81.96907066
- 0.57283188

❖ 512.9274588 Bitcoin Cash (BCH) as follows:

- 0.00590183
- 235.33039773
- 18.15384281
- 90.59007237
- 69.74441222
- 17.13582208
- 81.98343474
- 0.5729222

2.      Since the entry of the order, the government has also obtained 513.1462015 in

Bitcoin Gold (BTG) related to its original seizure.

3.      The United States has filed a Third Bill of Particulars amending the assets it

seeks for forfeiture to include the BTG.  *See* ECF No. 91.

4.      The parties agree that the BTC, BTH, and BTG (collectively "virtual currency")

will be sold as follows:

a.  Upon an order from the Court, the United States Marshals Service (USMS), including

any contractor retained by the USMS, may auction off the virtual currency according

to its policies, practices, and procedures.  The USMS has sole discretion to decide the

*Joint Mot. to Amend Interlocutory Sale Order*

logistics of the auctions, including but not limited to, the timing of such auctions; the number of virtual currency necessary to hold an auction; the consolidation of virtual currency into blocks for sale; and the auction process itself.

b. The USMS may reject in its sole discretion any offer to purchase the virtual currency where it determines that such offer is made by a person involved in the criminal activity alleged as the basis for forfeiture or a person acting on behalf of such a person.

c. The cumulative net proceeds from the auction(s) of the virtual currency shall include the final sales price at auction less costs and fees incurred by the government.  Such proceeds of the sale, together with any income or interest accruing thereon, shall be held as a substitute res.  Should the court ever find that the original BTC, BTH, and/or BTG are not subject to forfeiture, the maximum amount to be returned to a claimant shall equal the cumulative net proceeds held as a substitute res.

d. The United States will retain the cumulative net proceeds in the Treasury Forfeiture Fund Suspense account or other appropriate suspense account pending further order of the court.

e. In the event that the USMS is not able to auction the virtual currency successfully, or if the USMS determines that it cannot otherwise proceed with such auction, the appropriate custodial agency shall retain the virtual currency pending further order of this Court.

*Joint Mot. to Amend Interlocutory Sale Order*

5.      The provisions regarding the sale of the two vehicles should remain unchanged from the court's original order and include the following:

a.  Upon an order from the Court, the seized vehicles will be sold by the United States Marshals Service at an auction by the sales contractor hired by the USMS.  The USMS reserves the right, in its sole discretion, to reject any offer to purchase the assets where it determines that the offer is being made by, or on behalf of, any of the Defendants, relatives or friends of the Defendants, or any other person involved in the criminal activity that gives rise to the forfeiture of the vehicles.

b.  The proceeds of the vehicles are to be disbursed as follows:

i.  First, all costs of the sale, including but not limited to closing costs and any sales fees or commissions associated with the sale of the assets;

ii.  Second, all costs not previously paid that were incurred by the United States, its agencies or contractors in connection with the storage, maintenance, repair, marketing, and sale of the assets;

iii.  Third, payment of any liens on the assets;

iv.  Fourth, all remaining proceeds from the sale will be subject to forfeiture proceedings as a substitute res for the assets identified above, and forfeiture proceedings with respect to these assets will continue with the substitute res as if they were the assets that have been sold.

*Joint Mot. to Amend Interlocutory Sale Order*

## CONCLUSION

For these reasons, the parties respectfully request that the court enter an amended order authorizing the interlocutory sale of the property described in this motion.  A proposed order accompanies this motion.

Respectfully submitted,

| JOHN W. HUBER<br>United States Attorney | SKORDAS & HYDE | |
|---|---|---|
| | | |
| /s/ Adam S. Elggren<br>ADAM S. ELGGREN<br>Assistant U.S. Attorney | /s/ Gregory G. Skordas<br>Gregory G. Skordas<br>Attorney for Mr. Shamo<br>(signed with permission) | /s/ Edward K. Brass<br>Edward K. Brass<br>Attorney for Ms. Tonge<br>(signed with permission) |
| | | |
| BROWN BRADSHAW &<br>MOFFAT PLLC | YENGICH & XAIZ | |
| | | |
| /s/ James C. Bradshaw<br>James C. Bradshaw<br>Attorney for Mr. Crandall<br>(signed with permission) | /s/ Earl G. Xaiz<br>Earl G. Xaiz<br>Attorney for Ms. Bustin<br>(signed with permission) | /s/ Kyler E. Ovard<br>Kyler E. Ovard<br>Attorney for Mr. Noble<br>(signed with permission) |
| | | |
| RAY QUINNEY &<br>NEBEKER | | |
| | | |
| /s/ Brett L. Tolman<br>Brett L. Tolman<br>Attorney for Mr. Gygi<br>(signed with permission) | | |

*Joint Mot. to Amend Interlocutory Sale Order*