IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:16-cr-00631-DAK |
| Plaintiff, | : | |
| | : | ORDER SETTING JURY TRIAL AND EXCLUDING TIME FROM SPEEDY TRIAL ACT COMPUTATION |
| vs. | : | |
| | : | |
| AARON MICHAEL SHAMO, | : | Magistrate Judge Paul M. Warner |
| DREW WILSON CRANDALL, | : | District Court Judge Dale A. Kimball |
| ALEXANDRYA MARIE TONGE, | : | |
| KATHERINE LAUREN ANNE BUSTIN, | : | |
| MARIO ANTHONY NOBLE, and | | |
| SEAN MICHAEL GYGI, | | |
| Defendants. | | |

The instant matter came before the Court for a status conference on February 28, 2018. The defendants appeared with counsel. Michael Gadd appeared for the United States. The Court heard discussion regarding the nature of the case and the extent of discovery, and being now fully advised, the Court hereby enters the following ORDER:

The Court has scheduled a jury trial to commence on August 20, 2018. It is further ORDERED pursuant to 18 U.S.C. § 3161(h)(1)(D) and (7)(A) and (B)(ii) that all time between February 28, 2018, and the jury trial shall be excluded from computation of time under the Speedy Trial Act. The Court finds that such time is excluded from computation under the terms of the Speedy Trial Act, and finds further that the ends of justice served by the delay outweigh the best interests of the public and the defendants in a speedy trial.

In reaching this legal conclusion, the Court considers the complexity of the case, the number of defendants involved, and the volume of discovery. The instant matter relates to

allegations of a long-term drug trafficking, drug manufacturing, and money laundering schemes involving millions of dollars and thousands of drug transactions. There are six charged defendants and more than a dozen additional co-conspirators. The corresponding evidence includes approximately ten terabytes of data, some of which was provided to the defense approximately four weeks ago, and all of which will take additional time and resources to review in order to be adequately prepared for trial. The United States has indicated that its initial review has yielded more than 75 potential witnesses and more than 500 potential trial exhibits. The defense will need additional time excluded from speedy trial calculations in order to adequately prepare to cross-examine those potential witnesses and respond to those potential exhibits.

Given the complexity of the case, the volume of discovery material, and the number of co-defendants, it would be unreasonable to expect adequate trial preparation within the time limits established by the Speedy Trial Act; additional preparation time is necessary. Failure to exclude speedy trial time would preclude effective preparation and due diligence on the part of counsel.

DATED this 28th day of Feb, 2018.

PAUL M. WARNER
United States Magistrate Judge

2