JOHN W. HUBER, United States Attorney (#7226)
AARON CLARK, Assistant United States Attorney (#15404)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
michael.gadd@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:16-CR-631 DAK |
|---|---|
| Plaintiff, | MOTION TO TRANSFER A RELATED CASE |
| vs. | |
| AARON MICHAEL SHAMO, DREW WILSON CRANDALL, ALEXANDRYA MARIE TONGE, KATHERINE LAUREN ANNE BUSTIN, MARIO ANTHONY NOBLE, and SEAN MICHAEL GYGI, Defendants. | Judge Dale A. Kimball |

The United States of America, by and through Michael Gadd, Special Assistant United States Attorney, hereby moves the Court to transfer case 2:18-CR-231 RJS to the Court pursuant to local rule as the Court has been assigned a lower numbered, related case.

STATEMENT OF FACTS

1. On May 31, 2017, the Grand Jury returned a superseding indictment against Aaron Shamo and five co-defendants in case 2:16-cr-631 DAK.

2. On April 25, 2018, the United States charged Jonathan Luke Paz by Felony Information. Mr. Paz was a co-conspirator with Mr. Shamo and his other co-defendants; Mr. Paz's charges mirror some of the charges facing Mr. Shamo and his other co-defendants.

3. The United States and Mr. Paz's counsel have reached an agreement; Mr. Paz will waive his right to be indicted by the Grand Jury and plead guilty to the charges in the Felony Information.

## ARGUMENT

The Government has been unable to find a criminal procedure rule that directly governs the transfer of a related case and humbly suggests that a local rule, DUCivR 83-2(g), be applied by the Court in deciding this motion. That rule reads as follows:

**(g) Transfer of Related Case[FN].**

Whenever two or more related cases are pending before different judges of this court, any party to the later-filed case may file a motion and proposed order to transfer the case to the judge with the lower-numbered case. To determine whether the case should be transferred, the court may consider the following factors:

> (1) Whether the cases arise from the same or a closely related transaction or event;
> (2) Whether the cases involve substantially the same parties or property;
> (3) Whether the cases involve the same patent, trademark, or copyright;
> (4) Whether the cases call for a determination of the same or substantially related questions of law and fact;
> (5) Whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges; and
> (6) Whether there is risk of inconsistent verdicts or outcomes;
> (7) Whether the motion has been brought for an improper purpose.

The motion to transfer shall be filed in the lower-numbered related case, and a notice of the motion shall be filed in case in which transfer is sought. While the motion shall be decided by

the judge assigned to the lower-numbered case, judges assigned to the cases will confer about the appropriateness of the requested transfer. The transfer of cases may also be addressed sua sponte by the court.

(Footnote: If a case is transferred to another judge with a similar case, the transferred case will remain a separate case with its own docket and scheduling order. If consolidation-rather than transfer-is sought, please see DUCivR 42-1.)

By seeking to place both cases in front of the Court, the United States and Mr. Paz hope to avoid (1) unnecessary duplication of labor by the Court and Judge Shelby, and (2) potentially inconsistent sentences. Mr. Paz's counsel, Ron Yengich, has stipulated to this motion. In accordance with the rule, the Government has filed a notice of this motion in case 2:18-cr-231 RJS.

DATED this 2nd day of May, 2018.

JOHN W. HUBER
United States Attorney

*/s/Michael Gadd*
MICHAEL GADD
Special Assistant United States Attorney