IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>AARON MICHAEL SHAMO, et al.,<br><br>　　　　　　　　Defendants. | TRIAL ORDER<br><br>Criminal Case No. 2:16CR631DAK<br><br>Judge Dale A. Kimball |

　　　　This case is set for a three-week jury trial beginning on January 22, 2018, at 8:30 a.m. and a pre-admission and motion in limine hearing on January 9-11, 2019, at 9:00 a.m.  In order to expedite the conduct of the trial in this case, counsel are instructed as follows:

**A.  Court-Imposed Deadlines**

　　　　The deadlines in this Trial Order are court-imposed deadlines.  To modify any deadline, a party must file an appropriate motion with the court and receive an order from the court modifying such deadline.  The dates herein specifically correspond with the current trial date of January 22, 2019.

**B.  Pre-trial Motions**

　　　　All motions in limine and Speedy Trial Act motions must be filed with the court by **December 7, 2018**.  Memoranda in opposition to any motions must be filed no later than

**December 21, 2018**.  Reply memoranda, if necessary, must be filed by **January 2, 2019.**  All pretrial motions must be fully briefed by January 2, 2019, so the court may address them at the Pre-admission Hearing set for January 9-11, 2019.

**C. Proposed Voir Dire, Jury Instructions, and Special Verdict Form**

    1. *Proposed Voir Dire*

The parties must submit any proposed voir dire to the court no later than **January 7, 2019**.

    2. *Special Verdict Form*

The parties shall exchange proposed verdict forms by **January 2, 2019**.  The parties should then confer in an attempt to agree on stipulated Verdict forms.  The parties shall submit a single set of joint proposed verdict forms or their separate proposed verdict forms to the court by **January 7, 2019**.  In addition to filing the special verdict form electronically, the parties must email a copy of the special verdict form to utdecf_kimball@utd.uscourt.gov in Word or Word Perfect format.  Any objection the parties have to the other party's proposed special verdict form shall be filed by **January 9, 2019.**

    3. *Jury Instructions*

The procedure for submitting proposed jury instructions is as follows:

*(a) stipulated set of instructions*

    1.    The parties shall serve upon the opposing party their proposed jury instructions by **January 2, 2019**.  The parties must then meet and confer to agree on a single set of instructions.  The parties are required to *jointly submit one set of stipulated*

*final instructions.* These instructions should be labeled as joint instructions, e.g. "Joint Instruction No. 1"

2. If the parties cannot agree upon a complete set of final instructions, they may submit separately those individual instructions upon which they cannot agree. These instructions should be labeled as an instruction proposed by the party, e.g. "Plaintiff's Proposed Instruction No. 1." However, the parties are expected to agree upon the majority of the substantive instructions for the case.

3. The stipulated instructions and each party's supplemental instructions must be electronically filed with the court by **January 7, 2019**. The electronically-filed instructions shall include citation to the authority that forms the basis for the instruction.

4. In addition to electronically filing the jury instructions, the parties shall also email a copy of the instructions, *without* citation to authority, to utdecf_kimball@utd.uscourts.gov in Word or Word Perfect format. The case name and number should be included in the email subject line.

5. No later than **January 9, 2019**, each party must file its objections to the supplemental instructions proposed by the other party. All such objections must recite the proposed disputed instruction in its entirety and specifically highlight the objectionable language in the proposed instruction. The objection must contain citations to authority and a concise argument explaining why the instruction is improper. If applicable, the objecting party should submit an

       alternative instruction addressing the subject or principle of law. Any alternative instruction proposed in a party's objection must be emailed to utdecf_kimball@utd.uscourts.gov in Word or Word Perfect format.

6. No later than **January 16, 2019**, each party may file a reply to the opposing party's objections.

*(b) stock instructions*

Attached to this Trial Order is the court's stock jury instructions for criminal cases. The court will give its stock instructions applicable to this case unless both parties agree to modify them and provide convincing arguments for such changes. When submitting their instructions, the parties shall indicate in a list to the court which of the court's stock instructions should be given in this case and include those instructions with a label indicating that the instruction is one of Judge Kimball's stock instructions, e.g. "Joint Instruction No. 1 (Stock)" or "Plaintiff's Instruction No. 1 (Stock)."

*(c) additional instructions*

1. All jury instructions must be concise, understandable, and neutral statements of the law. Argumentative instructions are improper.

2. Modified versions of statutory or other form jury instructions may be acceptable, However, a modified jury instructions must identify the exact nature of the modification made to the form instruction and cite authority, if any, supporting such modification.

3. Any party who cannot comply with the requirement to email the instructions to

chambers must contact the judge's chambers to make alternative arrangements.

4. If parties wish to be referred to in the instructions as something other than plaintiff and defendant, the parties must also make the appropriate changes to the court's stock instructions so that every instruction consistently refers to each party.

*(d) final instructions*

After reviewing the parties' proposed instructions and any objections, the court will provide the parties with a set of "The Court's Proposed Jury Instructions." Close to the end of trial, the court will hold a jury instruction conference on the record to make any necessary changes to the jury instructions. The parties' previously filed objections are objections of record and need not be repeated at the jury instruction conference. After the jury instruction conference, the court will provide the parties with a set of the final jury instructions.

**D. Trial Exhibits**

The parties shall exchange exhibit lists by **November 26, 2018**.

Pursuant to Local Rule 83-5, each party is required to pre-mark all exhibits intended to be introduced during trial and prepare an exhibit list for the court's use at trial. Exhibit labels (stickers) are available at the Intake Desk in the Clerk's Office. The standard exhibit list form is available on the Court's website (www.utd.uscourts.gov).

Parties must meet and confer to avoid marking the same exhibit twice. Plaintiffs should list their exhibits by consecutive numbers and defendants should list their exhibits by consecutive letters, unless authorized by the Court to use a different system.

Do **NOT** file the exhibit list or the exhibits. The exhibit list is to be provided to the

Courtroom Deputy Clerk on the first morning of trial; the exhibits are to remain in the custody of counsel until admitted as evidence by the Court.

The court prefers two courtesy copies of the exhibits in binders. Courtesy copies should be provided to the Courtroom Deputy Clerk on the first morning of trial.

Questions regarding the preparation of the exhibit list or courtesy copies may be directed to Courtroom Deputy Clerk Elizabeth Toscano at (801) 524–6610.

**E.  Witness Lists**

The parties shall exchange witness lists by **November 26, 2018**. In the event this requirement poses a danger to potential witnesses or for other good cause, a party may seek relief from this requirement from the Court.

The parties are required to prepare a separate witness list for the court's use at trial. Witness lists must be provided to the court on the first morning of trial. Standard forms for witness lists are available on the court's website, (www.utd.uscourts.gov). Questions regarding the preparation of these lists may be directed to Courtroom Deputy Clerk Elizabeth Toscano at (801) 524-6610.

**F.  Expert Witness Notice**

The parties shall exchange all Notice of Experts by **November 26, 2018.**

**G. Discovery**

the government must finalize and produce all outstanding discovery by **November 19, 2018.** This duty to produce all outstanding discovery excludes production of any and all *Brady/Giglio* material, which shall be due **December 8, 2018**.

### H.  Jury Pool Questionnaire

The parties shall submit to the court requested survey questions to be sent tot he pool of prospective jurors by **November 21, 2018.**

### I.  Plea Agreement/Continuance

In the event that a plea agreement is reached between the parties, the court should be notified as soon as possible.  Also, in the event that a party needs a continuance of the current trial date, the court should be notified as soon as possible.

### J.  Courtroom Conduct

Local Rule DUCrimR 53-1 provides that the standards set forth in DUCivR 43-1 apply equally to all criminal proceedings in this district.  The court expects counsel to follow the practices and protocol outline in DUCivR 43-1.

In addition to the conduct outlines in DUCivR 43-1, the court expects the following conduct of counsel at trial:

1. Please be on time for each court session.  The court usually runs its trial day from 8:30 a.m. until approximately 2:00 p.m. with two short (fifteen minute) breaks.

2. Counsel is expected to stand: (1) as court is opened, recessed, or adjourned; (2) when the jury enters or retires from the courtroom; (3) when addressing or being addressed by the court.

3. Counsel must instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during witness testimony are absolutely prohibited.

4. Counsel should instruct witnesses as to the need to make a clear record of the proceedings. Counsel and witnesses need to speak clearly into the microphones.

5. When possible, counsel should try to raise issues requiring argument to the court during recesses rather than in sidebar conferences when the jury is present.

6. Members of the trial team should not confer or visit with anyone in the spectator section while court is in session.

7. Messages may be delivered to counsel table provided they are delivered discreetly and with as little disruption to the proceedings as possible.

DATED this 12th day of October, 2018.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge