# JUDGE KIMBALL'S

# STOCK JURY INSTRUCTIONS FOR

# CRIMINAL CASES

**Note: some instructions might not apply to your case**

## INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard the evidence and are about to hear the arguments **[change if jury is instructed after arguments]**, it becomes my duty to instruct you on the law that applies to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

Counsel may refer **[change if jury is instructed after arguments]** to these instructions in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in these instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

## INSTRUCTION NO. 2

You have been chosen as jurors in this case to try the issues of fact presented by the allegations of the Indictment and denial made by the "Not Guilty" plea of the defendant. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict.

## INSTRUCTION NO. 3

The Indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require the defendant to prove his innocence or produce any evidence at all, nor does it compel him in a criminal case to take the witness stand to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must acquit the defendant.

## INSTRUCTION NO. 4

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proven beyond all possible doubt.   It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.   If you are convinced that the defendant has been proved guilty beyond reasonable doubt, find him guilty.   If you are not so convinced, find him not guilty.

**INSTRUCTION NO. 5**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.   The defendant is not on trial for any act, conduct, or offense not alleged in the Indictment.   Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

## INSTRUCTION NO. 6

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Statements and arguments of counsel are not evidence in this case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as conclusively proved.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

You are to consider only the evidence in this case. However, in your consideration of the evidence, you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw from the facts which you find have been proved such reasonable inferences as seem justified in light of your experience. An inference is a deduction or conclusion which reason and common sense would lead you to draw from facts which are established by the evidence in the case. You should weigh all of the evidence in the case, affording each piece of evidence the weight or significance that you find it reasonably deserves.

## INSTRUCTION NO. 7

A "Stipulation" is an agreed statement of facts between the government and the defendant.

You should regard any stipulated facts as undisputed evidence.

## INSTRUCTION NO. 8

You may consider both direct and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of the defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of the defendant's guilt beyond a reasonable doubt before he can be convicted.

# INSTRUCTION NO. 9

Now, I have said that you must consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You, as jurors, are the sole judges of the credibility or "believability" of each witness and the weight to be given to their testimony.   You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief.

In weighing the testimony of the witnesses you should consider their relationship to the government or the defendant; their interest, if any, in the outcome of the case; their manner of testifying; their opportunity to observe or acquire knowledge concerning the facts about which they testified; their candor, fairness, intelligence; evidence regarding the general reputation of the witness for truth and veracity; and the extent to which they have been supported or contradicted by other credible evidence.   You may, in short, accept or reject the testimony of any witness in whole or in part.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

**INSTRUCTION NO. 10**

If any reference by the Court or by the attorneys to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

# INSTRUCTION NO. 11

Your decision should not be determined by the number of witnesses testifying for or against a party.   You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.   You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

## INSTRUCTION NO. 12

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered by the jury in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

**[ALTERNATE INSTRUCTION IF DEFENDANT TESTIFIES:]**

A defendant in a criminal trial has a constitutional right to testify on his own behalf.   This is the defendant's right, and his testimony should not be rejected or discredited by you simply because he is the defendant and on trial for a criminal charge.   You should consider and weigh the testimony the same as the testimony of the other witnesses and determine the weight and credibility to be given thereto by the same rules that apply to witnesses generally.

**INSTRUCTION NO. ___**

The rules of evidence ordinarily do not permit the opinion of a witness to be received as evidence.   An exception to this rule exists in the case of expert witnesses.   A person who, by education, study, and experience, has become an expert in any art, science, or profession, and who is called as a witness, may give his or her opinion as to any such matter in which he or she is versed and which is material to the case.

You are not bound, however, by such an opinion. You should judge expert opinion testimony just as you judge any other testimony. Give it the weight to which you deem it entitled, whether that be great or slight, and you may reject it, if in your judgment the reasons given for it are unsound.

## INSTRUCTION NO. ___

You have heard the testimony of law enforcement officers.   The fact that a witness may be employed by tribal, state, or federal government as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.   It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**INSTRUCTION NO. ___**

The testimony of an immunized witness, someone who has been told that his testimony will not be used against him in return for that cooperation, must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in Court without the need for such an agreement with the government.

**INSTRUCTION NO. ___**

You have heard the testimony of _____ and _____.   They are each providing evidence for the government in exchange for a promise from the government to evaluate individually each one's cooperation and determine whether or not to recommend to the Court a reduced sentence.

The government may present the testimony of someone who has been promised favorable treatment in his or her own case in exchange for cooperation and/or testimony.   Some people in this position are truthful when testifying.   Still, you should consider the testimony of _____ and _____with more caution than the testimony of other witnesses.   Each may have had reason to be untruthful about their conduct or the conduct of others or to exaggerate what others did because he or she wanted to strike a good bargain with the government about his or her own case.   Whether or not such testimony may have been influenced by the plea agreement or the government's promises is for you to determine.

**INSTRUCTION NO. ___**

You have heard evidence that _____ and _____ have pleaded guilty to a crime which arose out of the same events for which the defendants are on trial here.   You must not consider those guilty pleas as any evidence of the guilt of the defendants in this case. You may consider those witnesses' guilty pleas only for the purpose of determining how much, if at all, to rely upon those witnesses' testimonies.

**INSTRUCTION NO. ___**

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with the witnesses' testimony here in Court.   If you find that it is inconsistent, you may consider the earlier statement in deciding the truthfulness and accuracy of that witness' testimony in this trial.   You may not use it as evidence of the truth of the matters contained in that prior statement unless that statement was made under oath.   If the prior statement was made under oath, you may also consider it as evidence of the truth of the matter contained in that prior statement.

**INSTRUCTION NO. ___**

There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts charged in the Indictment. Evidence relating to any alleged statement, confession, admission or act alleged to have been made by a defendant outside of Court and after a crime has been committed should always be considered by the jury with caution and weighed with great care.   In deciding what weight to give those statements, you should first examine whether each statement was, in fact, made and, if so, whether it was voluntarily and understandingly made.   All such alleged statements, confessions, or admissions should be disregarded entirely unless the other evidence in the case convinces you beyond a reasonable doubt that the statement was made or done knowingly and voluntarily.

In determining whether any statement was knowingly or voluntarily made, you should consider the age, training, education, occupation, and physical and mental condition of the defendant, and his treatment while in custody or under interrogation as shown by the evidence in the case.   Also consider all other circumstances in evidence surrounding the making of the statement.

If you determine that a statement was knowingly and voluntarily made, I instruct you that you are to give statements of a defendant such weight as you feel they deserve in light of all the evidence.

**INSTRUCTION NO. ___**

At the beginning of the trial you were told that two defendants were accused of committing the crimes alleged in the Indictment.   The charges against defendant _____ have been disposed of, and he will no longer be part of the trial.   The fact that he is no longer part of the trial as a defendant should not enter your thinking when you are called upon to decide whether the government has proved, beyond a reasonable doubt, the guilt or innocence of   the remaining defendant.   You must base your verdict as to the remaining defendant solely on the basis of the evidence and the instructions given to you.

**INSTRUCTION NO. ___**

A separate crime is charged in each count of the Indictment.   Each count and the evidence pertaining to it should be considered separately.   The fact that you may find defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other count.

**INSTRUCTION NO. ___**

The Indictment charges that each of the counts were committed "on or about" certain dates and within ranges of certain dates.   Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed reasonably near the dates alleged, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

**INSTRUCTION NO. ___**

As you know, there are three defendants on trial here: _____, _____ and

_____.  Each defendant is entitled to have his or her case decided solely on the evidence

which applies to him or her.   Count ___ of the Indictment charges a crime against _____,

_____, and _____.   You must give separate and individual consideration to each

charge against each defendant.   The fact that you find one defendant guilty or not guilty of the

crime charged in Count ___ should not control your verdict as to whether you find the other

defendant guilty or not guilty of the crime charged in Count ____, nor should it control your

verdict as to any other crime charged against that defendant.   You must consider the evidence

presented and determine whether the government has proved, beyond a reasonable doubt, its case

against each of defendants.

# INSTRUCTION NO. ___

The offenses charged in the Indictment, require the government to prove and for you to find that the defendant acted knowingly, willfully, and with a specific intent.

To establish that the defendant acted "knowingly," the government must prove that the defendant was conscious and aware of his actions, the defendant was acting voluntarily and intentionally, and the defendant did not act because of ignorance, mistake, or accident.

The word "willfully" means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids.

Specific intent means more than the general intent to commit the act.   To establish specific intent, the government must prove that the defendant knowingly did an act that the law forbids, or knowingly failed to do an act that the law requires, purposely intending to violate the law.

Although the knowledge or intent that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind, you may consider evidence of the defendant's words, acts, or omissions, along with all of the other facts and circumstances in evidence, in deciding whether the defendant acted knowingly.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

## INSTRUCTION NO. ___

Good faith is a complete defense to the charges in the Indictment since good faith on the part of the defendant is inconsistent with intent to defraud or willfulness which is an essential part of the charges.   The burden of proof is not on the defendant to prove that he acted in good faith, of course, since he has no burden to prove anything.   The Government must establish beyond a reasonable doubt that the defendant acted with specific intent to defraud as charged in the Indictment.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.   One who expresses an opinion honestly held by him, or belief honestly entertained by him, is not chargeable with fraudulent intent even though his opinion is erroneous or his belief is mistaken.   Similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.

On the other hand, an honest belief on the part of the defendant that a particular business venture was sound and would ultimately succeed would not, in and of itself, constitute "good faith" as used in these instructions if, in carrying out that venture, the defendant knowingly made false or fraudulent representations or material omissions to others with the specific intent to deceive them.

In determining whether the Defendant acted in good faith, you must consider all of the evidence in the case bearing on the Defendant's state of mind.   However, you must keep in mind that, at all times, it is the government's burden to prove to you beyond a reasonable doubt that Defendant acted with the intent to defraud or intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

# INSTRUCTION NO. ___

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar in nature to the charges in the indictment.

In that connection, let me remind you that the defendant is not on trial for committing the acts not alleged in the Indictment. Accordingly, you may not consider this evidence of the similar acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or a bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but need not draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other acts he must also have committed the acts charged in the Indictment.

**INSTRUCTION NO. ___**

You have heard testimony that a defendant fled.   If you believe that a defendant fled, then you may consider this conduct, along with all other evidence, in deciding whether the government has proved beyond a reasonable doubt that defendant committed the crime charged.   Flight, wherever it occurs, is the consummate act of evasion and while it is not necessarily indicative of wrongdoing, can be suggestive of such.   Fleeing from law enforcement officers may indicate a consciousness of guilt on the part of defendant.   On the other hand, sometimes an innocent person may flee to avoid being arrested, or for some other innocent reason.   You must determine what weight to give this evidence.

**INSTRUCTION NO. ___**

Charts and summaries have been prepared by the government and admitted into evidence. These charts and summaries have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, documents, and other evidence in this case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.    In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.

## INSTRUCTION NO. ___

At times throughout the trial the Court may have been called to rule whether or not certain offered evidence might be admitted.   Whether offered evidence is admissible is purely a question of law.   Neither the weight of the evidence nor the credibility of the witness is involved in such rulings.   You are not to consider evidence offered but not received nor any evidence stricken by the Court.

**INSTRUCTION NO. ___**

You are not to be concerned with the legality or illegality of any search by law enforcement officers of the residence occupied by the defendant. That is a matter exclusively within the province of the Court.

**INSTRUCTION NO. \_\_\_**

The punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the Court, and should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused.

**INSTRUCTION NO. ___**

If I have said or done anything in this case that makes it appear I have an opinion about the guilt or innocence of the defendant, disregard it. You are the sole judges of the facts and should in no way be influenced by what I have done here except to follow my instructions on the law. Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

**INSTRUCTION NO. ___**

Upon retiring to the jury room, you should first select one of your members to act as your foreperson who will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, the foreperson will write the unanimous answer of the jury in the space provided for in each count of the Indictment, either not guilty or guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

**INSTRUCTION NO. ___**

To reach a verdict, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges, judges of facts. Your sole interest is to seek the truth from the evidence in the case, to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

## INSTRUCTION NO. ___

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a Court security officer, signed by your foreperson or by one or more jurors. No member of the jury should attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing or orally here in open Court.

You will note from the oath the Court security officer will take that he, as well as any other person, is also forbidden to communicate in any way with any juror about any subject touching the merits of the case.

**INSTRUCTION NO. ___**

Preponderance of evidence is evidence sufficient to persuade you that a fact is more likely present than not present.

# INSTRUCTION NO. ___

The defendant has offered evidence of his reputation for good character.   You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime.   Evidence of a defendant's character, inconsistent with those traits of a character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**INSTRUCTION NO. ___**

The defendant has offered evidence in the form of reputation for honesty and integrity. You should consider such evidence along with all the other evidence in the case.

Evidence in the form of reputation for honesty and integrity may be sufficient to raise a reasonable doubt whether the defendant is guilty because you may think it improbable that a person of honesty and integrity would commit such a crime.   Evidence in the form of reputation of a defendant's honesty and integrity may be inconsistent with those traits of character ordinarily involved in the commission of the crime charged, and may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**INSTRUCTION NO. ___**

The testimony of a drug abuser must be examined and weighed by the jury with greater

caution than the testimony of a witness who does not abuse drugs. _____ may be considered

to be an abuser of drugs.   You must determine whether the testimony of that witness has been

affected by the use of drugs or the need for drugs.

## INSTRUCTION NO. ___

Your verdict must be unanimous.   Count _____ of the indictment accuses the defendant of committing the following acts: _____.

The government does not have to prove all of these different acts for you to return a guilty verdict on count _____.   But in order to return a guilty verdict, all of you must agree upon which of the listed acts, if any, the defendant committed *and* that he committed at least _[#]_ of the acts listed.

**INSTRUCTION NO. ___**

As a defense to the crimes charged in the indictment, the defendant has asserted that he was entrapped.   The defendant was entrapped if

(1) the idea for committing the crime(s) originated with government agents, and

(2) the government agents then persuaded or talked the defendants into committing the crime(s), and

(3) the defendant was not already willing to commit the crime(s).

When a person has no previous intent or purpose to violate the law, but is induced or persuaded by officers or agents to commit a crime, he is entrapped and the law forbids his conviction in such a case.   On the other hand, when a person already has the readiness and willingness to violate the law, and the officers or agents merely provide him with an opportunity to commit the crime and do so even by disguise or ruse, there is no entrapment.

In order to return a verdict of guilty as to the defendant for the crime(s) of _____, you must find beyond a reasonable doubt that the defendant was not entrapped.

[For the purposes of this case, _____, the informant, was an agent of the law enforcement officials.]

**INSTRUCTION NO. ___**

The defendant has offered evidence that [he] / [she] was acting in [self defense] / [defense of another].

A person is entitled to defend himself or another person against the immediate use of unlawful force.   But the right to use force in such a defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.   In particular, a person may use force which is intended or likely to cause death or great bodily harm only if he reasonably believes that force is necessary to prevent death or great bodily harm to himself or another.

To find the defendant guilty of the crime charged in the indictment, you must be convinced that the government has proved beyond a reasonable doubt: *either*, the defendant did not act in self-defense or defense of another, *or*, it was not reasonable for the defendant to think that the force he used was necessary to defend himself or another person against an immediate threat.

**INSTRUCTION NO. \_\_\_**

The government must prove, beyond a reasonable doubt, that the offense(s) charged in this case was actually committed and that it was the defendant who committed it.   Thus, the identification of the defendant as the person who committed the offense(s) charged is a necessary and important part of the government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness.   You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offense(s) charged?   You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

Is the testimony about an identification made after the commission of the crime(s) the product of the witness's own recollection?   In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the crime(s) and the witness's subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of the defendant as the person who committed the offense(s) charged, you must find the defendant not guilty.

## INSTRUCTION NO. ___

The law recognizes two kinds of possession: actual possession and constructive possession.   A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.   A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

[More than one person can be in possession of an object if each knows of its presence and has the power to control it.]

[A defendant has joint possession of an object when two or more persons share actual or constructive possession of it.   However, merely being present with others who have possession of the object does not constitute possession.]

[In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession.   Instead, in this situation, the government must prove some connection between the particular defendant and the object.]

[In addition, momentary or transitory control of an object is not possession.   You should not find that the defendant possessed the object if he possessed it only momentarily, or did not know that he possessed it.]

**INSTRUCTION NO. ___**

The defendant may be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime.   However, the defendant may not be found guilty of attempting to commit any crime merely by thinking about it or even by making some plans or some preparation for the commission of a crime.   Instead, in order to prove an attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and that (2) the defendant took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation.   A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime.   That step must be a strong indication of the defendant's acts as criminal.   It should demonstrate commitment to the crime charged.

**INSTRUCTION NO. ___**

If you unanimously find the defendant not guilty of the offense charged, or if, after all reasonable efforts, you are unable to agree on a verdict as to that offense, then you must determine whether the defendant is guilty or not guilty of _____.   The difference between these two offenses is that, to convict the defendant of _____, the government does not have to prove _____.   This is an element of the greater offense, but not of the lesser included offense.

For you to find the defendant guilty of _____, the government must prove each of the following elements beyond a reasonable doubt: __[insert elements of lesser offense]__.   If you are convinced that the government has proved all of these elements beyond a reasonable doubt, you may find the defendant guilty of the lesser included offense.   If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of the lesser included offense.

### INSTRUCTION NO. ___

If you conclude that the government has proved beyond a reasonable doubt that the defendant committed the crime charged, you must then consider whether the defendant should be found "not guilty by reason of insanity."   Under the law, a person is not criminally liable for his conduct while insane.   Insanity is therefore a defense to the crime charged.   The defendant has presented evidence of insanity at the time he committed the crime charged.

For you to return a verdict of not guilty by reason of insanity, the defendant must prove 1) that he suffered from a severe mental disease or defect when he committed the crime; *and* (2) that, as a result of this mental disease or defect, he was not able to understand what he was doing or to understand that it was wrong.   Insanity may be temporary or permanent.   You may consider evidence of the defendant's mental condition before, during, and after the crime, in deciding whether he was legally insane at the time of the crime.

Unlike other aspects of a criminal trial, the defendant has the burden of proving an insanity defense.   The defendant does not have to prove insanity beyond a reasonable doubt, however, but only by clear and convincing evidence.   Clear and convincing evidence is evidence that makes it highly probable that the defendant was insane.   You should render a verdict of "not guilty by reason of insanity" if you find, by clear and convincing evidence, that the defendant was insane when he committed the crime charged.

Although the defendant has raised the issue of insanity, the government still has the burden of proving all of the essential elements of the offense charged beyond a reasonable doubt. Remember that there are three possible verdicts in this case: guilty, not guilty, and not guilty only by reason of insanity.

**INSTRUCTION NO. ___**

Evidence has been introduced tending to establish an alibi – that the defendant was not present at the time when, or at the place where, the defendant is alleged to have committed the offense charged in the indictment.   The government has the burden of proving that the defendant was present at that time and place.   Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

**INSTRUCTION NO. ___**

The defendant has offered evidence that he was coerced, or forced, to commit the crime. Under the law, the defendant is not guilty of a crime if, at the time it was committed, (1) there was an immediate threat of death or bodily injury to the defendant (or others); (2) the defendant had a well-grounded fear that the threat would be carried out; and (3) the defendant had no reasonable opportunity to escape the threatened harm.

On this issue, the government must prove beyond a reasonable doubt that defendant was not coerced.   In other words, for you to find defendant guilty, the government must prove that (1) there was no immediate threat; *or* (2) defendant's fear that the threat would be carried out was not well-grounded; *or* (3) defendant had a reasonable opportunity to escape the threatened harm.

## INSTRUCTION NO. ___

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.   Commerce includes travel, trade, transportation and communication.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element.   All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.

Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

**INSTRUCTION NO. ___**

During this trial, you have heard sound recordings of certain conversations.   These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence.   You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence.   They were given to you only as a guide to help you follow what was being said.   The recordings themselves are the evidence.   If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.   If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

**INSTRUCTION NO. ___**

Members of the jury, I am going to ask that you return to the jury room and deliberate further.   I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual.   Sometimes, after further discussion, jurors are able to work out their differences and agree.

This is an important case.   If you should fail to agree upon a verdict, the case is left open and must be tried again.   Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that the defendant is presumed innocent, and that the government, not the defendant, has the burden of proof and it must prove the defendant guilty beyond a reasonable doubt.   Those of you who believe that the government has proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury are not convinced.   And those of you who believe that the government has not proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt.   In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment.   Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.   In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your

fellow jurors, or for the mere purpose of returning a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict.   Take as much time as you need to discuss things.   There is no hurry.   I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.