JOHN W. HUBER, United States Attorney (#7226)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: Michael.Gadd@usdoj.gov

FILED

2018 OCT 18  A 10 08

DISTRICT OF UTAH

BY:_____
     DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> AARON MICHAEL SHAMO, <br><br> Defendant. | **SECOND SUPERSEDING INDICTMENT** <br><br> Case No. 2:16-cr-00631-DAK <br><br> VIOLATIONS: <br><br> COUNT 1: 21 U.S.C. § 848, CONTINUING CRIMINAL ENTERPRISE; <br><br> COUNTS 2-4: 21 U.S.C. § 952, AIDING AND ABETTING THE IMPORTATION OF A CONTROLLED SUBSTANCE; <br><br> COUNT 5: 21 U.S.C. § 841(a)(1), POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE; <br><br> COUNT 6: 21 U.S.C. § 841(a)(1), AIDING AND ABETTING THE DISTRIBUTION OF A CONTROLLED SUBSTANCE RESULTING IN DEATH; <br><br> COUNT 7: 21 U.S.C. § 841(a)(1), MANUFACTURE OF A CONTROLLED SUBSTANCE; |

|  | COUNTS 8-9: 21 U.S.C. §§ 331(k) & 333(b)(7), KNOWING AND INTENTIONAL ADULTERATION OF DRUGS WHILE HELD FOR SALE; |
|  | COUNT 10: 21 U.S.C. § 843(b), AIDING AND ABETTING THE USE OF THE U.S. MAIL IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE; |
|  | COUNT 11: 18 U.S.C. § 1956(h), CONSPIRACY TO COMMIT MONEY LAUNDERING; |
|  | COUNT 12: 18 U.S.C. § 1956(a)(1)(A)(i), MONEY LAUNDERING PROMOTION AND CONCEALMENT; |
|  | COUNT 13: 18 U.S.C. § 1957(a), ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY; |
|  | Judge Dale. A Kimball |

The Grand Jury Charges:

## **COUNT 1**
(21 U.S.C. § 848, CONTINUING CRIMINAL ENTERPRISE)

Beginning on a date unknown to the Grand Jury, but at least by July 8, 2015, and continuing to at least November 22, 2016, in the Central Division of the District of Utah and elsewhere,

AARON MICHAEL SHAMO,

defendant herein, did knowingly and intentionally engage in a continuing criminal

2

enterprise in that he knowingly and intentionally violated Title 21, United States Code, Sections 841(a)(1), 846, and 952(a), which violations include, but are not limited to,

- Conspiracy to Distribute a Controlled Substance Resulting in Death:

  Beginning on a date unknown to the Grand Jury, but at least by February 3, 2016, and continuing to at least November 22, 2016, in the Central Division of the District of Utah and elsewhere, the defendant did combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute four hundred grams or more of a mixture and substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, the use of which resulted in the death of R.K. on June 13, 2016, all in violation of 21 U.S.C. §§ 846 and 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(A);

- Conspiracy to Distribute a Controlled Substance:

  Beginning on a date unknown to the Grand Jury, but at least by December 22, 2015, and continuing to at least November 22, 2016, in the Central Division of the District of Utah and elsewhere, the defendant did combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute a mixture and substance containing a detectable amount of Alprazolam, a Schedule IV controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. §§ 846 and 841(a)(1) and punishable under 21 U.S.C. § 841(b)(2);

3

- The violation alleged in Count 2, Aiding and Abetting the Importation of a Controlled Substance, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 3, Aiding and Abetting the Importation of a Controlled Substance, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 4, Aiding and Abetting the Importation of a Controlled Substance, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 5, Possession of a Controlled Substance with Intent to Distribute, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 6, Aiding and Abetting the Distribution of a Controlled Substance Resulting in Death, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 7, Manufacture of a Controlled Substance, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 10, Aiding and Abetting the Use of the U.S. Mail in Furtherance of a Drug Trafficking Offense, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

4

- Aiding and Abetting the Attempted Distribution of a Controlled Substance,
  namely Fentanyl, on or about the following dates to the following addressees, each
  in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title
  18, United States Code, Section 2:

| Date | Addressee | State | Number of Pills | Controlled Substance | Markings |
|---|---|---|---|---|---|
| 11/18/2016 | R.L. | MA | 20,000 | Fentanyl | A 215 |
| 11/18/2016 | J.H. | OH | 2,000 | Fentanyl | A 215 |
| 11/18/2016 | B.W. | AL | 2,000 | Fentanyl | A 215 |
| 11/18/2016 | Y.C. | OH | 1,100 | Fentanyl | A 215 |
| 11/18/2016 | N.L. | NJ | 1,000 | Fentanyl | A 215 |
| 11/18/2016 | D.A. | NJ | 1,000 | Fentanyl | A 215 |
| 11/18/2016 | F.C. | AK | 1,000 | Fentanyl | A 215 |
| 11/18/2016 | P.T.A.C. | MD | 1,000 | Fentanyl | M/30 |
| 11/18/2016 | L.S. | MN | 1,000 | Fentanyl | M/30 |
| 11/18/2016 | V.R. | WA | 1,000 | Fentanyl | A 215 |
| 11/18/2016 | S.W. | NC | 1,000 | Fentanyl | A 215 |
| 11/18/2016 | G.M. | NV | 500 | Fentanyl | A 215 |
| 11/18/2016 | L.F. | PA | 500 | Fentanyl | M/30 |
| 11/18/2016 | S.R. | WA | 200 | Fentanyl | M/30 |
| 11/18/2016 | R.B. | OH | 150 | Fentanyl | A 215 |
| 11/18/2016 | D.P. | MA | 150 | Fentanyl | A 215 |

| 11/18/2016 | CBS.I., M.W. | KS | 100 | Fentanyl | A 215 |
|---|---|---|---|---|---|
| 11/18/2016 | M.J. | KY | 100 | Fentanyl | A 215 |
| 11/18/2016 | P.F. | IL | 100 | Fentanyl | A 215 |
| 11/18/2016 | J.P. | PA | 100 | Fentanyl | A 215 |
| 11/18/2016 | M.S. | NC | 100 | Fentanyl | A 215 |
| 11/18/2016 | F.O. | LA | 100 | Fentanyl | M/30 |
| 11/18/2016 | M.L. | NC | 100 | Fentanyl | A 215 |
| 11/18/2016 | T.M. | CT | 60 | Fentanyl | M/30 |
| 11/18/2016 | J.T. | OR | 50 | Fentanyl | M/30 |
| 11/18/2016 | A.M. | MT | 40 | Fentanyl | M/30 |
| 11/18/2016 | D.L.G. | MT | 40 | Fentanyl | A 215 |
| 11/18/2016 | M.M. | NY | 30 | Fentanyl | M/30 |
| 11/18/2016 | J.M.L. | MD | 27 | Fentanyl | A 215 |
| 11/18/2016 | J.M. | IL | 22 | Fentanyl | M/30 |
| 11/18/2016 | A.B. | CO | 20 | Fentanyl | M/30 |
| 11/18/2016 | A.G. | KY | 20 | Fentanyl | A 215 |
| 11/18/2016 | M.P. | MN | 16 | Fentanyl | A 215 |
| 11/18/2016 | J.T. | OR | 14 | Fentanyl | M/30 |
| 11/18/2016 | A.T. | VA | 12 | Fentanyl | M/30 |
| 11/18/2016 | T.E. | SC | 12 | Fentanyl | M/30 |
| 11/18/2016 | N.A. | CA | 12 | Fentanyl | A 215 |
| 11/18/2016 | C. | PA | 11 | Fentanyl | M/30 |
| 11/18/2016 | K.M.T.T.S.T.R. | OK | 11 | Fentanyl | M/30 |

| 11/18/2016 | K.M.H. | SC | 11 | Fentanyl | M/30 |
|---|---|---|---|---|---|
| 11/18/2016 | L.P. | NY | 11 | Fentanyl | M/30 |
| 11/18/2016 | B.S. | OH | 11 | Fentanyl | A 215 |
| 11/18/2016 | R.P. | PA | 11 | Fentanyl | A 215 |
| 11/18/2016 | A.B. | MO | 11 | Fentanyl | M/30 |
| 11/18/2016 | J.G. | NY | 11 | Fentanyl | M/30 |
| 11/18/2016 | M.J. | CA | 11 | Fentanyl | M/30 |
| 11/18/2016 | J.S. | PA | 11 | Fentanyl | A 215 |
| 11/18/2016 | S.F. | PA | 11 | Fentanyl | A 215 |
| 11/18/2016 | G.T. | TX | 11 | Fentanyl | M/30 |
| 11/18/2016 | J.R. | CT | 11 | Fentanyl | A 215 |
| 11/18/2016 | M.D. | NJ | 10 | Fentanyl | A 215 |
| 11/18/2016 | B.B. | CO | 10 | Fentanyl | A 215 |
| 11/20/2016 | A.W. | WA | 5,000 | Fentanyl | M/30 |
| 11/20/2016 | Y.C. | OH | 1,100 | Fentanyl | A 215 |
| 11/20/2016 | J.R. | MN | 1,000 | Fentanyl | M/30 |
| 11/20/2016 | A.P. | KY | 1,000 | Fentanyl | A 215 |
| 11/20/2016 | D.R. | DE | 500 | Fentanyl | M/30 |
| 11/20/2016 | L.R.T.A.S. | NJ | 500 | Fentanyl | A 215 |
| 11/20/2016 | A.M. | MN | 500 | Fentanyl | A 215 |
| 11/20/2016 | M.C. | SC | 200 | Fentanyl | A 215 |
| 11/20/2016 | T.J. | FL | 200 | Fentanyl | A 215 |
| 11/20/2016 | M.S. | NC | 200 | Fentanyl | M/30 |

| 11/20/2016 | G.D. | VA | 150 | Fentanyl | A 215 |
| 11/20/2016 | A.H. | PA | 100 | Fentanyl | A 215 |
| 11/20/2016 | J.R. | NC | 100 | Fentanyl | A 215 |
| 11/20/2016 | C.D. | MA | 100 | Fentanyl | A 215 |
| 11/20/2016 | A.H. | VA | 100 | Fentanyl | A 215 |
| 11/20/2016 | N.M. | ME | 100 | Fentanyl | A 215 |
| 11/20/2016 | N.Y. | MI | 100 | Fentanyl | A 215 |
| 11/20/2016 | M.J. | KY | 100 | Fentanyl | A 215 |
| 11/20/2016 | D.L. | FL | 100 | Fentanyl | M/30 |
| 11/20/2016 | J.B. | TX | 100 | Fentanyl | M/30 |
| 11/20/2016 | A.W. | TX | 13 | Fentanyl | M/30 |

- Aiding and Abetting the Attempted Distribution of a Controlled Substance, namely Alprazolam, on or about the following dates to the following addressees, each in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2:

| Date | Addressee | State | Number of Pills | Controlled Substance | Markings |
|------|-----------|-------|-----------------|----------------------|----------|
| 11/18/2016 | W.R. | WA | 10,000 | Alprazolam | GG 249 |
| 11/18/2016 | H.W. | NJ | 10,000 | Alprazolam | GG 249 |
| 11/18/2016 | A.W. | NY | 5,000 | Alprazolam | GG 249 |
| 11/18/2016 | A.M. | CA | 5,000 | Alprazolam | GG 249 |
| 11/18/2016 | C.R. | WV | 2,000 | Alprazolam | GG 249 |

| | | | | | |
|---|---|---|---|---|---|
| 11/18/2016 | R.L. | FL | 2,000 | Alprazolam | GG 249 |
| 11/18/2016 | J.L. | CA | 2,000 | Alprazolam | GG 249 |
| 11/18/2016 | B.J. | LA | 2,000 | Alprazolam | GG 249 |
| 11/18/2016 | L. | NY | 2,000 | Alprazolam | GG 249 |
| 11/18/2016 | A.K. | WI | 2,000 | Alprazolam | GG 249 |
| 11/18/2016 | J.B. | TX | 1,000 | Alprazolam | GG 249 |
| 11/18/2016 | A.F. | GA | 200 | Alprazolam | GG 249 |
| 11/18/2016 | S.W. | NC | 100 | Alprazolam | GG 249 |
| 11/18/2016 | P.H. | PA | 100 | Alprazolam | GG 249 |
| 11/18/2016 | J.T. | OR | 100 | Alprazolam | GG 249 |
| 11/18/2016 | A.S. | TX | 100 | Alprazolam | GG 249 |
| 11/18/2016 | R.K. | NC | 100 | Alprazolam | GG 249 |
| 11/18/2016 | D.C. | IL | 100 | Alprazolam | GG 249 |
| 11/18/2016 | R.T. | TN | 100 | Alprazolam | GG 249 |
| 11/18/2016 | F.W. | NC | 100 | Alprazolam | GG 249 |
| 11/18/2016 | X.C. | OH | 100 | Alprazolam | GG 249 |
| 11/18/2016 | D.H. | FL | 50 | Alprazolam | GG 249 |
| 11/20/2016 | N.K. | MA | 2,000 | Alprazolam | GG 249 |
| 11/20/2016 | G.R. | TX | 2,000 | Alprazolam | GG 249 |
| 11/20/2016 | J.O. | SC | 2,000 | Alprazolam | GG 249 |
| 11/20/2016 | C.L. | OR | 2,000 | Alprazolam | GG 249 |
| 11/20/2016 | Mrs. L. | MI | 1,000 | Alprazolam | GG 249 |
| 11/20/2016 | A.S. | NC | 1,000 | Alprazolam | GG 249 |

| 11/20/2016 | J.H. | TN | 1,000 | Alprazolam | GG 249 |
|---|---|---|---|---|---|
| 11/20/2016 | Y.C. | OH | 500 | Alprazolam | GG 249 |
| 11/20/2016 | J.S. | MI | 200 | Alprazolam | GG 249 |
| 11/20/2016 | N.H. | SC | 100 | Alprazolam | GG 249 |
| 11/20/2016 | C.S. | TN | 100 | Alprazolam | GG 249 |
| 11/20/2016 | J.H. | LA | 100 | Alprazolam | GG 249 |
| 11/20/2016 | D.C. | IL | 100 | Alprazolam | GG 249 |
| 11/20/2016 | S.S. | GA | 100 | Alprazolam | GG 249 |
| 11/20/2016 | A.L. | CA | 100 | Alprazolam | GG 249 |
| 11/20/2016 | D.L. | SC | 100 | Alprazolam | GG 249 |
| 11/20/2016 | P.O. | GA | 100 | Alprazolam | GG 249 |
| 11/20/2016 | Z.W. | NY | 100 | Alprazolam | GG 249 |
| 11/20/2016 | C.G. | MS | 100 | Alprazolam | GG 249 |

- Aiding and Abetting the Use of the U.S. Mail in Furtherance of a Drug Trafficking Offense on the following dates by delivering packages to the post office addressed to the following addressees, containing the following controlled substances, each in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2:

| Date | Addressee | State | Number of Pills | Controlled Substance | Markings |
|---|---|---|---|---|---|
| 11/22/2016 | M.E. | SD | 5,000 | Fentanyl | M/30 |

10

| 11/22/2016 | E.J. | NC | 5,000 | Fentanyl | M/30 |
|---|---|---|---|---|---|
| 11/22/2016 | K.V. | NJ | 2,000 | Fentanyl | A 215 |
| 11/22/2016 | Mr. McG. | WA | 1,000 | Fentanyl | Mixed |
| 11/22/2016 | E.S. | NC | 500 | Fentanyl | M/30 |
| 11/22/2016 | R.W. | SC | 500 | Fentanyl | A 215 |
| 11/22/2016 | G.V. | VA | 100 | Fentanyl | M/30 |
| 11/22/2016 | E.B. | CT | 100 | Fentanyl | A 215 |
| 11/22/2016 | M.T. | IL | 100 | Fentanyl | M/30 |
| 11/22/2016 | B.F. | ND | 100 | Fentanyl | M/30 |
| 11/22/2016 | C.S. | CO | 50 | Fentanyl | M/30 |
| 11/22/2016 | S.H. | OH | 50 | Fentanyl | M/30 |
| 11/22/2016 | B.M. | AL | 50,000 | Alprazolam | GG 249 |
| 11/22/2016 | J.S. | CA | 50,000 | Alprazolam | GG 249 |
| 11/22/2016 | T.G. | NC | 20,000 | Alprazolam | GG 249 |
| 11/22/2016 | M.D. | CA | 2,000 | Alprazolam | GG 249 |
| 11/22/2016 | M.T. | VA | 2,000 | Alprazolam | GG 249 |
| 11/22/2016 | T.D. | IL | 100 | Alprazolam | GG 249 |

- Aiding and Abetting the Attempted Distribution of a Controlled Substance,
  namely Fentanyl, on or about November 20, 2016, to J.G., aka
  "trustworthymoney," through A.L., all in violation of Title 21, United States Code,
  Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2;

- Aiding and Abetting the Distribution of Fentanyl on or about April 6, 2016, to E.B., all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2;

- Aiding and Abetting the Distribution of Fentanyl on or about March 3, 2016, to C.V., all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; and

- Aiding and Abetting the Distribution of Fentanyl on or about August 3, 2016, to G.K., all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2;

which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et seq.*, undertaken by the defendant, AARON MICHAEL SHAMO, in concert with at least five other persons with respect to whom AARON MICHAEL SHAMO occupied a position of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

Furthermore, the defendant, AARON MICHAEL SHAMO, was a principal administrator, organizer, supervisor and leader of the criminal enterprise, which involved possession with intent to distribute and distribution of more than 12,000 grams of a mixture and substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a schedule II controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. § 848(b)(1) and (2)(A) and punishable under 21 U.S.C. § 848(b).

## COUNT 2
### (21 U.S.C. § 952, AIDING AND ABETTING THE IMPORTATION OF A CONTROLLED SUBSTANCE)

On or about June 23, 2016, in the Central Division of the District of Utah and elsewhere,

### AARON MICHAEL SHAMO,

defendant herein, did intentionally and knowingly import from the country of China into the United States 40 grams or more of a mixture and substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, and did aid and abet therein, all in violation of 21 U.S.C. §§ 952(a), 960, and 18 U.S.C. § 2, and punishable under 21 U.S.C. § 960(b)(2).

## COUNT 3
### (21 U.S.C. § 952, AIDING AND ABETTING THE IMPORTATION OF A CONTROLLED SUBSTANCE)

On or about November 8, 2016, in the Central Division of the District of Utah and elsewhere,

### AARON MICHAEL SHAMO,

defendant herein, did intentionally and knowingly import from the country of China into the United States a mixture and substance containing a detectable amount of Alprazolam, a Schedule IV controlled substance within the meaning of 21 U.S.C. § 812; and did aid and abet therein, all in violation of 21 U.S.C. §§ 952(a), 960, and 18 U.S.C. § 2, and punishable under 21 U.S.C. § 960(b)(6).

13

## COUNT 4
### (21 U.S.C. § 952, AIDING AND ABETTING THE IMPORTATION OF A CONTROLLED SUBSTANCE)

On or about November 16, 2016, in the Central Division of the District of Utah and

elsewhere,

### AARON MICHAEL SHAMO,

defendant herein, did intentionally and knowingly import from the country of China into

the United States 40 grams or more of a mixture and substance containing a detectable

amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a

Schedule II controlled substance within the meaning of 21 U.S.C. § 812, and did aid and

abet therein, all in violation of 21 U.S.C. §§ 952(a), 960, and 18 U.S.C. § 2, and

punishable under 21 U.S.C. § 960(b)(2).


## COUNT 5
### (21 U.S.C. § 841(a)(1), POSSESSION OF FENTANYL WITH INTENT TO DISTRIBUTE)

On or about November 22, 2016, in the Central Division of the District of Utah,

### AARON MICHAEL SHAMO,

defendant herein, did knowingly and intentionally possess with intent to distribute four

hundred grams or more of a mixture and substance containing a detectable amount of

Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a Schedule II

controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C.

§ 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

## COUNT 6
### (21 U.S.C. § 841(a)(1), AIDING AND ABETTING THE DISTRIBUTION OF A CONTROLLED SUBSTANCE THAT RESULTED IN DEATH)

On or about June 6 through June 13, 2016, in the Central Division of the District of

Utah and elsewhere,

### AARON MICHAEL SHAMO,

defendant herein, did intentionally and knowingly distribute a mixture and substance

containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-

piperidinyl ] propanamide), a Schedule II controlled substance within the meaning of 21

U.S.C. § 812, the use of which resulted in the death of R.K. on June 13, 2016, and did aid

and abet therein, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and

punishable under 21 U.S.C. § 841(b)(1)(C).


## COUNT 7
### (21 U.S.C. § 841(a)(1), MANUFACTURE OF ALPRAZOLAM)

On or about November 22, 2016, in the Central Division of the District of Utah,

### AARON MICHAEL SHAMO,

the defendant herein, did knowingly and intentionally manufacture a mixture and

substance containing a detectable amount of Alprazolam, a Schedule IV controlled

substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §

841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(2).

//

//

**COUNT 8**
(21 U.S.C. §§ 331(k) & 333(b)(7), KNOWING AND INTENTIONAL
ADULTERATION OF DRUGS WHILE HELD FOR SALE)

Beginning on a date unknown to the Grand Jury, but at least by February 3, 2016,

and continuing to at least November 22, 2016, in the Central Division of the District of

Utah,

AARON MICHAEL SHAMO,

defendant herein, knowingly and intentionally manufactured a drug and caused the

manufacture of a drug—specifically, round blue tablets debossed with "A 215" on the

bisected side—and offered those tablets for sale on the internet as "Oxycodone 30 mg."

Despite these representations, the defendant did not use Oxycodone at all in the

manufacturing process, but instead, substituted Fentanyl, a much more potent synthetic

opioid.  These acts caused the drug to be adulterated as defined at 21 U.S.C. §§ 351(b)

and 351(d), and the adulteration had a reasonable probability of causing serious adverse

health consequences or death to humans.   The manufacturing of these drugs was

performed after the component ingredients of the tablets had been shipped in interstate

commerce, from outside of Utah to Utah, and while the drugs were held for sale. All this

was done in violation of 21 U.S.C. §§ 331(k) and 333(b)(7) and is punishable pursuant to

21 U.S.C. § 333(b)(7).

**COUNT 9**
(21 U.S.C. §§ 331(k) & 333(b)(7), KNOWING AND INTENTIONAL
ADULTERATION OF DRUGS WHILE HELD FOR SALE)

Beginning on a date unknown to the Grand Jury, but at least by June 18, 2016, and

continuing to at least November 22, 2016, in the Central Division of the District of Utah,

AARON MICHAEL SHAMO,

defendant herein, knowingly and intentionally manufactured a drug and caused the

manufacture of a drug—specifically, round blue tablets with "M" on one side and a "30"

above a bisect on the other—and offered those tablets for sale on the internet as

"Oxycodone 30 mg." Despite these representations, the defendant did not use

Oxycodone at all in the manufacturing process, but instead, substituted Fentanyl, a much

more potent synthetic opioid. These acts caused the drug to be adulterated as defined at

21 U.S.C. §§ 351(b) and 351(d), and the adulteration had a reasonable probability of

causing serious adverse health consequences or death to humans. The manufacturing of

these drugs was performed after the component ingredients of the tablets had been

shipped in interstate commerce, from outside of Utah to Utah, and while the drugs were

held for sale. All this was done in violation of 21 U.S.C. §§ 331(k) and 333(b)(7) and is

punishable pursuant to 21 U.S.C. § 333(b)(7).

### COUNT 10
(21 U.S.C. § 843(b), AIDING AND ABETTING THE USE OF THE U.S. MAIL IN
FURTHERANCE OF A DRUG TRAFFICKING OFFENSE)

On or about September 12-23, 2016, in the Central Division of the District of

Utah,

AARON MICHAEL SHAMO,

defendant herein, did knowingly and intentionally use a communication facility, the U.S.

Mail, in facilitating the commission of any act constituting a felony under Title 21, United

States Code, Section 841(a)(1), that is, distribution of a controlled substance; and did aid

17

and abet therein, all in violation of Title 21, United States Code, Section 843(b) and Title

18, United States Code, Section 843(b). Specifically, a package containing Alprazolam

tablets and which listed a false return address was sent through the U.S. Mail, but was

returned by the postal service to the false return address in the date range listed above.

T.M., who resided at the address listed on the false return address, received the package of

Alprazolam tablets.

## COUNT 11
### (18 U.S.C. § 1956(h), CONSPIRACY TO COMMIT MONEY LAUNDERING)

Beginning on a date unknown to the Grand Jury, but at least by December 22,

2015, and continuing to at least November 22, 2016, in the Central Division of the District

of Utah and elsewhere,

### AARON MICHAEL SHAMO,

defendant herein, did knowingly combine, conspire, confederate and agree with other

persons, both known and unknown to the Grand Jury to commit offenses under Title 18,

United States Codes, Section 1956, in that they conducted and attempted to conduct

financial transactions affecting interstate commerce, which transactions involved the

proceeds of specified unlawful activity, that is, the distribution of a controlled substance,

in violation of 21 U.S.C. § 841(a)(1); 1) with the intent to promote the carrying on of such

specified unlawful activity, and 2) knowing that the transactions were designed in whole

or in part to conceal and disguise the nature, location, source, ownership, and control of

the proceeds of said specified unlawful activity, and while conducting and attempting to

conduct such financial transactions, knew that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity, in violation of 18

U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i); and to commit offenses under Title 18, United

States Code, Section 1957, in that they knowingly engaged and attempted to engage in

monetary transactions by, through or to a financial institution, affecting interstate and

foreign commerce, in criminally derived property of a value greater than $10,000, that is

the proceeds of the distribution of a controlled substance, in violation of 21 U.S.C. §

841(a)(1), such property having been derived from such specified unlawful activity, in

violation of 18 U.S.C. § 1957; all of which was done in violation of 18 U.S.C. §1956(h).

### COUNT 12
### (18 U.S.C. § 1956(a)(1)(B)(i), MONEY LAUNDERING PROMOTION AND CONCEALMENT)

On or about November 8, 2016, in the Central Division of the District of Utah,

### AARON MICHAEL SHAMO,

defendant herein, did knowingly conduct and attempt to conduct a financial transaction

affecting interstate commerce, to wit: the deposit of $2,700 into America First Credit

Union account #XX893-1, which involved the proceeds of a specified unlawful activity,

that is the distribution of a controlled substance, 1) with the intent to promote the carrying

on of such specified unlawful activity, and 2) knowing that the transactions were designed

in whole or in part to conceal and disguise the nature, location, source, ownership, and

control of the proceeds of said specified unlawful activity, and while conducting and

attempting to conduct such financial transactions, knew that the property involved in the

financial transactions represented the proceeds of some form of unlawful activity; all in

violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i).

## COUNT 13
### (18 U.S.C. § 1957(a), ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY)

On or about May 5, 2016, in the Central Division of the District of Utah,

### AARON MICHAEL SHAMO,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction

by, through, or to a financial institution, affecting interstate commerce, in criminally

derived property of a value greater than $10,000, that is, issue a personal check from the

Defendant's Wells Fargo Bank account (#XX4284) in the amount of $14,000 payable to

iDrive Utah, such property having been derived from a specified unlawful activity, that

is, distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1); all in

violation of Title 18, United States Codes, Sections 1957(a).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Pursuant to 21 U.S.C. § 853, upon conviction of any offense in violation of 21

U.S.C. §§ 841, 843, 846, 848, and/or 952, as set forth in this indictment, the defendant

shall forfeit to the United States of America any property constituting, or derived from,

any proceeds obtained, directly or indirectly, as the result of such offenses and any

property used, or intended to be used, in any manner or part, to commit, or to facilitate

the commission of, the offenses. The property to be forfeited includes, but is not limited

to, the following:

- $5,357,950.38 in United States Currency, the proceeds of the sale of 513.15 Bitcoin

- $1,227,773.00 in United States Currency

- $19,520.00 in United States Currency

- $10,096.20 in United States Currency

- $671,030 in United States Currency

- $134,960 in United States Currency

- 512.93 Bitcoin Cash (BCH)

- 513.15 Bitcoin Gold (BTG)

- 32.811 Bitcoin

- $30,250 as a substitute res for a 2011 Ford F-350 pickup (VIN#1FT8W3BT7BEC88017) sold pursuant to an interlocutory sale order

- $6400 as a substitute res for a 2008 BMW 135i (VIN#WBAUC73508VF25535) sold pursuant to an interlocutory sale order

- Industrial large pill press and associated pill dyes



- Four 100-ounce silver bars

- A MONEY JUDGMENT equal to the value of any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended

to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses and not available for forfeiture for one or more the reasons specified in 21 U.S.C. § 853(p) as a result of any act or omission of the defendant(s).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. §§ 1956 and/or 1957, the defendant shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property.  The property to be forfeited includes, but is not limited to the following:

- A MONEY JUDGMENT equal to the value of all property involved in each money laundering offense and any property traceable to such property and not available for forfeiture for one or more the reasons specified in 21 U.S.C. § 853(p) as a result of any act or omission of the defendant(s).

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b).

A TRUE BILL:

_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
MICHAEL GADD
Special Assistant United States Attorney
VERNON STEJSKAL
Assistant United States Attorney