Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS, CASTON & HYDE, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone:  (801) 531-7444
Facsimile:  (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MOTION FOR JAMES HEARING AND NOTIFICATION OF ORAL TESTIMONY** |
| Plaintiff, | |
| v. | |
| AARON MICHAEL SHAMO, et. al., | Case No. 2:16-CR-00631 DAK |
| Defendant. | Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel, hereby moves the Court to preside over a James hearing to determine whether any statements made by Mr. Shamo's codefendants, or alleged unnamed conspirators, are admissible under the Confrontation Clause and the coconspirator exception to the hearsay rule, Federal Rule of Evidence 801(d)(2)(E).

Because the government must determine if it intends to introduce such statements, and would bear the burden of proof, Mr. Shamo cannot determine how many witnesses would be

1

called or the length of their testimony.

A memorandum of law is submitted herewith, and counsel for Mr. Shamo also seeks the opportunity to brief the Court once the evidentiary hearing is completed.

DATED this 7th day of December, 2018.

SKORDAS, CASTON & HYDE, LLC

*/s/ Gregory G. Skordas*
Gregory G. Skordas
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of December, 2018, I filed a true and correct copy of the foregoing MOTION FOR JAMES HEARING AND NOTIFICATION OF ORAL TESTIMONY, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

>S. Michael Gadd
>mgadd@agutah.gov
>
>Vernon G. Stejskal
>Vernon.stejskal@usdoj.gov
>
>Adam S. Elggren
>Adam.elggren@usdoj.gov

>*/s/ Sabrina Nielsen-Legal Secretary*
>Skordas, Caston & Hyde, LLC

Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS, CASTON & HYDE, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone:  (801) 531-7444
Facsimile:  (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | MEMORANDUM IN SUPPORT OF MOTION FOR JAMES HEARING |
| Plaintiff, | |
| v. | Case No. 2:16-CR-00631 DAK |
| AARON MICHAEL SHAMO, et. al., | Judge Dale A. Kimball |
| Defendant. | |

Aaron Michael Shamo, through his counsel, hereby submits this memorandum in support of his motion for the Court to preside over a James hearing to determine whether any statements made by Mr. Shamo's codefendants, or alleged unindicted coconspirators are admissible under the Confrontation Clause and the coconspirator exception to the hearsay rule, Federal Rule of Evidence 801(d)(2)(E).

**Facts**

1

In all counts of the indictment, the government may attempt to use statements by codefendants, and other alleged unknown or known but unnamed coconspirators, allegedly made during the course of and in furtherance of the alleged conspiracy against defendant.

## **Discussion of Law**

The Sixth Amendment to the United States Constitution guarantees all criminal defendants the right to confront their accusers.

Aside from Confrontation Clause analysis, Federal Rule of Evidence 802(d) states in relevant part:

> (d) a statement that meets the following conditions is not hearsay:
> . . .
> (2) An Opposing Party's Statement. The statement is offered against an opposing party and:  . . . (E) was made by the party's coconspirator during and in furtherance of the conspiracy. The statement must be considered but does not by itself establish . . . the existence of the conspiracy and the participation in it under (E).

Pursuant to *Bourjaily v. United States*, 483 U.S. 171, 175 (1987), this Court must find by a preponderance of the evidence that statements fall within the parameters of the rule in order to admit them. "Under Tenth Circuit law, a district court can only admit coconspirator statements if it holds a James hearing or conditions admission on forthcoming proof. … repeatedly mentioned, however, 'our strong preference for James proceedings.'" *United States v. Townley,* 472 F.3d 1267, 1273 (10th Cir. 2007) (citations omitted). The Tenth Circuit requires proof of three prongs under 801(d)(2)(E). First, the government must prove the existence of a conspiracy. *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). Second, the government must prove that the defendant and the declarant were both members of the conspiracy. *Id*. Finally, the government must prove that the statements were made in furtherance of and in the course of the conspiracy. *Id*.

To establish the existence of a conspiracy, the government must present evidence

2

independent from the coconspirator statements. *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir. 1987). To prove membership in a conspiracy, the government must show:

> [1] that two or more persons agreed to violate the law, [2] that the defendant knew at least the essential objectives of the conspiracy, . . . [3] that the defendant knowingly and voluntarily became a part of it, and [4] that the alleged coconspirators were interdependent. *United States v. Evans*, 970 F.2d 663, 668 (10th Cir. 1992) (citation omitted).

A statement is made during the course of conspiracy if it is uttered before the objectives of the conspiracy eithers fails or succeed. *United States v. Owens*, 70 F.3d 1118, 1126 (10th Cir. 1995). A statement is viewed as having been made in furtherance of a conspiracy if it intended by the declarant to advance conspiratorial objectives. *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986). This element of the test is applied narrowly to insure that the coconspirator exception to the hearsay rule is applied in limited circumstances. *United States v. Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993, en banc).

WHEREFORE, the Defendant respectfully requests the Court set the matter for a James hearing to determine such admissibility in advance of trial currently scheduled to begin January 22, 2019.

DATED this 7th day of December, 2018.

SKORDAS, CASTON & HYDE, LLC

*/s/ Gregory G. Skordas*
Gregory G. Skordas
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of December, 2018, I filed a true and correct copy of the foregoing PRELIMINARY MEMORANDUM IN SUPPORT OF MOTION FOR JAMES HEARING AND NOTIFICATION OF ORAL TESTIMONY, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov


*/s/ Sabrina Nielsen-Legal Secretary*
Skordas, Caston & Hyde, LLC