
Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS, CASTON & HYDE, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone:  (801) 531-7444
Facsimile:  (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO, et. al.,<br><br>Defendant. | MOTION IN LIMINE FOR ORDER EXCLUDING EVIDENCE<br><br><br>Case No. 2:16-CR-00631 DAK<br><br>Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel, hereby moves the Court to enter an order excluding evidence that the government intends to introduce at trial.

1. **Motion in Limine to exclude items from the Dark Web, PGP, Sigaint email, Dark Net Marketplace, AlphaBay, cryptocurrency and other evidence obtained from the internet**.

The Government intends to produce evidence from images obtained from the Dark Web and other information obtained from the internet. Defendant requests that this court exclude all

1

electronic evidence that has not been properly authenticated under the Federal Rules of Evidence. Such evidence has the potential to mislead the jury and impose unfair prejudice on the defendant. It fails to meet the requirements of Federal Rules of Evidence (FRE) 401, 402 and 403.

Authentication of the evidence is necessary to establish that the evidence is what it purports to be and that there is a relationship between the evidence and the author or creator of the evidence. See FRE 901. It is critical that electronic data used against criminal defendants be properly authenticated because internet based evidence can be easily created, altered or manipulated.

In determining whether evidence is admissible, the court must conclude that it was reasonably probable that the evidence had not been altered since the occurrence of the crime. The information obtained from the Dark Web and other internet based evidence is subject to alteration or manipulation making authentication under FRE 901(b)(1) impossible.

Further, the Dark Web evidence and other internet evidence constitute hearsay under FRE 801 and cannot be admitted to prove the truth of the matters asserted therein. A similar issue arose in another 10th Circuit case where the Court found the lacking foundation was dispositive as to the admission of such evidence. *Powers v. Emcon Assocs.*, 2017 U.S. Dist. LEXIS 96968, 2 (D. Colo.). "'As a condition precedent to admissibility, Fed. R. Evid. 901 requires authentication or identification with evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Id*. (citing *Strepka v. Jonsgaard*, No. 10-cv-00320-PAB-KMT, 2011 U.S. Dist. LEXIS 77516, 2011 WL, at *6 (D. Colo. July 18, 2011)). "While Fed. R. Evid. 902(5) provides that '[a] book, pamphlet, or other publication purporting to be issued by a public authority' is self-authenticating, private websites, or websites that do not

fall within the language of Rule 902(5), are not considered self-authenticating. Id. at 14-15 (See *Hansen v. PT Bank Negara Indonesia (Persero)*, 706 F.3d 1244, 1250 (10th Cir. 2013) (relying on Fed. R. Evid. 902(5) and finding that a foreign bank's website was not self-authenticating because it was not "a book, pamphlet, or other publication purporting to be issued by a public authority")). "To authenticate printouts from a website, the party proffering the evidence must produce some statement or affidavit from someone with knowledge [of the website] . . . for example [a] web master or someone else with personal knowledge would be sufficient." *Id*. at 16.

The Government has provided no such authentication as required under the Federal Rules Evidence. The deadline to produce such authentication passed on November 19, 2018. The failure to properly disclose such authentication is proper cause to deny the admission of any such evidence at trial.

  **2. Motion in Limine to exclude expert Guy Gino and all reports and exhibits offered in relation to the Dark Web**

In the Government's Notice Relating to Expert Testimony for Guy Gino, the government intends to introduce testimony "regarding the Dark Web, Dark Net Marketplaces generally and AlphaBay specifically, encrypted communications (including PGP encryption and Sigaint email accounts), and cryptocurrencies (including Bitcoin, how Blockchains work, and methods and means used to convert cryptocurrencies into fiat currencies, and the use of tumbler)." Further, the government attached a 111 page PowerPoint presentation and four videos related to the Dark Web/cryptocurrency.

First, the Government has provided a list of 76 witnesses as potential witnesses for this case. It appears the information Mr. Gino would be providing is general information about the dark web which could be provided by other government witnesses. The testimony of Mr. Gino

would be irrelevant, duplicative, and will confuse the jury while providing no probative value.

Second, the proposed testimony about the Dark Web and related issues is irrelevant and has no probative value and would be extremely prejudicial to Mr. Shamo because it will confuse the jury on the issues of the case. In fact, such testimony would prove none of the elements of any of the charges against Mr. Shamo. Irrelevant evidence is not admissible. FRE 402.

Third, even if Mr. Gino's testimony is found to be relevant, the court may exclude it if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence. FRE 403. In this case, a detailed presentation on the Dark Web, cryptocurrency, Dark Net Marketplaces, AlphaBay, PGP encryption, Sigaint emails, Bitcoin and Blockchains will serve to confuse the jury and prejudice Mr. Shamo. The court should exclude expert Guy Gino and his reports.

**3. Motion in Limine to exclude all witnesses and evidence related to the death of R.K. including experts Dr. Stacey L. Hail, Coroner Thomas Rogers, Toxicologist Bill Posey, fact witnesses and all reports and exhibits**

Mr. Shamo requests the exclusion of evidence about alleged drug overdoses, including any fatalities. Such evidence is overly prejudicial and the evidence connecting Mr. Shamo to the deaths is based on evidence gathered from the Dark Web and the internet. Dark Web evidence cannot be authenticated and does not fall under an exception to the hearsay rules as argued above.

Mr. Shamo is charged in a 13 count second superseding indictment that alleges from July 2015 until November 2016, he conspired with others to knowingly and intentionally distribute fentanyl and alprazolam and money laundering. Further, Mr. Shamo is charged with engaging in a continuing criminal enterprise (CCE) and distributing fentanyl resulting in death. Mr. Shamo

was charged with 5 others in a superseding indictment and one other who was separately charged under a Felony Information. All six co-defendants and Mr. Shamo have common charges related to Conspiracy to Distribute Fentanyl. None of Mr. Shamo's co-defendants were charged with distribution of a controlled substance resulting in death nor were any charged with engaging in a CCE. The Government has acknowledged that it believes the conduct of Mr. Shamo is on par with the conduct of co-defendant Drew Crandall and Defendant in an associated matter, Jonathan Luke Paz. Nonetheless, the Government chose to charge only Mr. Shamo with the death resulting count.

     Mr. Shamo is facing some of the most serious charges that can be made under federal law. However, Mr. Shamo is entitled to a fair trial. The admission of the discussed above evidence necessarily precludes that fairness. The Government has indicated it intends to admit several portions of evidence regarding the death of R.K., photographs, police reports, and autopsy and pathology reports. Mr. Shamo argues that evidence regarding overdosing, death, medical care given, medical examinations, grieving family and friends is inflammatory and prejudicial. It invites a jury to convict based on broad concepts of community safety, sympathy, fear, and passion. The inherent risk of prejudice increases with the current social climate surrounding what has been colloquially referred to as the "opioid epidemic." The prejudice from introducing this evidence to the jury far outweighs any probative value it may add. FRE 403. Therefore, the court should order that all evidence relating to death be excluded.

     Alternatively, if the Court conclude the evidence is admissible, the Government has failed to meet the standards required for the admission of such evidence under Rule 104 of the Federal Rules of Evidence and a preliminary analysis of the evidence should be conducted outside the presence of the jury. Federal Rule of Evidence 104 requires the Court to "decide any

preliminary question about whether . . . evidence is admissible . . ." before such evidence is brought before a jury. Where "justice so requires" a hearing outside of the presence of the jury may be had to determine whether such evidence is sufficient to meet the preliminary question of whether a particular fact actually exists. FRE 104(c)(3). In the instant matter, the Government must prove under Rule 104, as a preliminary issue of fact that the drugs alleged to have been ingested by R.K. were in fact drugs obtained from Mr. Shamo and such drugs were in fact the direct cause of the death of R.K. before the death resulting count should be brought before the jury in its entirety. The evidence provided by the Government clearly indicates R.K. had a significant drug use history, but the Government has provided no analysis whereby a jury could conclude that the drugs ingested by R.K. were in fact drugs obtained from Mr. Shamo.

For the prejudicial reasons outlined above, the need to conduct this preliminary analysis outside the presence of the jury is paramount

WHEREFORE, Defendant, Aaron Michael Shamo, respectfully requests the Court enter order excluding the proffered evidence as outlined above.

DATED this 7th day of December, 2018.

SKORDAS, CASTON & HYDE, LLC

*/s/ Gregory G. Skordas*
Gregory G. Skordas
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of December, 2018, I filed a true and correct copy of the foregoing **MOTION IN LIMINE FOR ORDER EXCLUDING EVIDENCE**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov


                                                    */s/ Sabrina Nielsen-Legal Secretary*
                                                    Skordas, Caston & Hyde, LLC