Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS, CASTON & HYDE, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone:  (801) 531-7444
Facsimile:  (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO, et. al.,<br><br>Defendant. | **MOTION TO ALLOW DEFENDANT TO WEAR ATTIRE OTHER THAN THOSE PROVIDED AS AN INMATE DURING TRIAL AND PRE-ADMISSION HEARING AND MEMORANDUM IN SUPPORT**<br><br><br>Case No. 2:16-CR-00631 DAK<br><br>Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel, hereby moves the Court to enter an order allowing the Defendant to be clothed in attire other than those provided him as an inmate during the pre-admission hearing scheduled for January 9-11, 2018 and trial scheduled to begin January 22, 2018. In support Defendant alleges as follows:

It is well-established that the U.S. Constitution prohibits the use of shackles during the guilt or innocence phase of a Defendant's case. *Ochoa v. Workman,* 669 F.3D 1130, 1145 (10TH Cir. 2012). That same prohibition stands for the requirement that a Defendant be required to stand trial while wearing readily identifiable prison attire. *Estelle v. Williams,* 425 U.S. 501, 512 (1976). The requirement that a Defendant wear prison attire during the guilt or innocence phase of his case serves no readily identifiable purpose or policy. *Id.* at 505.

In the instant matter, Mr. Shamo is charged with some of the most severe crimes an individual may be charged with in a federal matter. In the intervening two years since Mr. Shamo's arrest this case has made local and national news on multiple occasions. Mr. Shamo has serious concerns about the presumption of innocence given the exposure of this matter. Requiring a defendant to wear prison attire even in simple matters is a clear constitutional violation. In a matter as serious as Mr. Shamo's to not allow him the opportunity to appear before the jury with the presumption of innocence in tact to the greatest extent possible is paramount to the interests of justice.

WHEREFORE, Defendant, Aaron Michael Shamo, respectfully requests the Court allow him appear at the pre-admission hearing and jury trial in a suit provided to him by his family prior to the proceedings.

DATED this 7th day of December, 2018.

SKORDAS, CASTON & HYDE, LLC

*/s/ Gregory G. Skordas*
Gregory G. Skordas
Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of December, 2018, I filed a true and correct copy of the foregoing **MOTION TO ALLOW DEFENDANT TO WEAR ATTIRE OTHER THAN THOSE PROVIDED AS AN INMATE DURING TRIAL AND PRE-ADMISSION HEARING AND MEMORANDUM IN SUPPORT**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov


*/s/ Sabrina Nielsen-Legal Secretary*
Skordas, Caston & Hyde, LLC