## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO, et. al.,<br><br>    Defendant. | **ORDER TO CONTINUE JURY TRIAL**<br><br><br>Case No. 2:16-CR-00631 DAK<br><br>Judge  Dale A. Kimball |

The Defendant, Aaron Michael Shamo, by and through his counsel of record, Gregory G. Skordas and Kaytlin V. Beckett, hereby moves this Court for a continuance of the Jury Trial currently set to begin January 22, 2018. This motion is made pursuant to the Speedy Trial Act, 18 U.S.C. §§3161 (H)(7)(b)(ii) and (iv) which allow this Court to grant the motion to continue where it finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.  Defendant bases this motion on the following:

1.      Mr. Shamo first appeared in court on November 23, 2016 for a detention hearing and was assigned counsel, Adam Bridge.

2.      Mr. Shamo appeared in court for arraignment on December 7, 2016. At that time the jury trial was scheduled within the required time period and set for February 13, 2017.

3.      On January 5, 2017, then defense counsel, Adam Bridge, filed a motion to continue the jury trial, which was joined by the government.

4.      On January 6, 2017, an Order granting the continuance was entered and the

jury trial was then reset for May 22, 2017.

5.      The time period from February 13, 2017 through May 22, 2017 was excluded from speedy trial act calculations under the Order entered January 5, 2017.

6.      The jury trial was then scheduled to commence on May 22, 2017.

7.      Mr. Shamo's current counsel entered an appearance on May 11, 2017.

8.      On May 15, 2017 Defense Counsel filed a motion to continue the jury after being retained by defendant Shamo.

9.      The time period from May 23, 2017 through August 28, 2017 was excluded from speedy trial act calculations under the Order entered May 17, 2017.

10.     On June 29, 2017 the Government provided additional discovery.

11.     On June 30, 2017, Counsel for the Defendants motioned the Court for additional time to review discovery and continuing the jury trial, which was joined by the Government.

12.     The time period from June 29, 2017 through August 31, 2017 was excluded from speedy trial act calculations under the Order entered June 30, 2017.

13.     The matter was set for a Status Conference on August 31, 2017.

14.     On August 31, 2017, the Government informed the Court there was still significant outstanding discovery and, joined by defense counsel, motion the Court to continue the trial.

15.     On The time period from August 31, 2017 through December 1, 2017 was excluded from speedy trial act calculations under the Order entered September 1, 2017.

16.     On September 13, 2017 the Government provided additional discovery.

17.     On December 1, 2017, Counsel for defendants motioned the Court for an extension of time to review discovery still outstanding.

18.     The time period from December 1, 2017 through February 28, 2018 was excluded

from speedy trial act calculations under the Order entered December 1, 2017.

19.   The Court specifically ordered that all discovery be produced by February 1, 2018.

20.   The matter was set for a Status Conference on February 28, 2018.

21.   On December 14, 2017 the Government provided additional discovery.

22.   On February 1, 2018 the Government provided additional discovery.

23.   On February 28, 2018, Counsel for defendants stipulated to an extension of time to review discovery still outstanding.

24.   The time period from February 28, 2018 through August 20, 2018 was excluded from speedy trial act calculations under the Order entered March 1, 2018.

25.   The matter was set for trial on August 20, 2018.

26.   The Court ordered that all motions be filed three weeks after discovery is provided.

27.   The Court ordered that all plea agreements are due by July 30, 2018.

28.   On May 10, 2018 the Government provided additional discovery.

29.   On May 23, 2018 the Government provided additional discovery.

30.   On May 29, 2018 the Government provided additional discovery.

31.   On July 20, 2018 the Government provided additional discovery.

32.    On August 1, 2018, Defense Counsel filed a Motion to Continue the Jury Trial, which was joined by the Government.

33.    The time period from August 3, 2018 through January 22, 2019 was excluded from speedy trial act calculations under the Order entered August 3, 2018.

34.    The matter was reset for trial to begin January 22, 2019 with a three-day pre-admission hearing scheduled to begin January 9-11, 2019.

35.    On October 12, 2018, the Court entered a Trial Order outlining when discovery

3

must be completed, exchange of witness and exhibit lists, motion cutoff dates, and other pretrial procedures.

36.     On October 18, 2018, the Government filed a Second Superseding Indictment.

37.     On October 29, 2018, Mr. Shamo made his initial appearance on the Second Superseding Indictment.

38.     On October 30, 2018, the Government provided additional discovery.

39.     Defense Counsel was previously aware of 11 terabytes of discovery from electronic devices in the Government's possession, but was not aware of the specific discovery as relates to Jonathan Luke Paz.

40.     Defense Counsel has retained a computer forensic examiner who indicated a review the 11 terabytes of data would require a month.

41.     On or about November 20, 2018, Defense Counsel provided the Government two external hard drives in order to obtain the 11 terabytes of discovery.

42.     On December 19-20, 2018, the Government provided the above mentioned discovery and additional discovery, totaling an estimated 16-20 terabytes of electronic data seized from the Defendant, co-defendants, and a defendant in a collateral matter, Jonathan Luke Paz.

43.     The review of 16-20 terabytes of data by the Defense's Forensic Examiner will take longer than a month to complete.

44.     The requested continuance and additional time sought is excludable under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161 (H)(7)(b)(ii), based on the grounds that this case involves charges of possession of narcotics with attempt to distribute, conspiracy, death resulting from the sale of controlled substances, and money laundering against Mr. Shamo. The charges are unique in that they require detailed investigation and review of a significant

amount of discovery, consultation with numerous experts, and further investigation of the new allegations and discovery.

45.     The requested continuance and additional time sought is also excludable under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161 (H)(7)(b)(iv), based on the grounds that additional time is necessary for effective preparation, taking into account the exercise of due diligence.

46.     Counsel requests the matter be reset for June 17, 2019 with the three-day preadmission hearing to be held on May 29-31, 2019, in accordance with the Court's Calendar, Defense Counsel's Schedule, and Counsel for the Government's Schedule.

47.     Counsel for the Government, Michael Gadd and Vernon Stejskal, have been contacted about this continuance and do not object.

48.     Mr. Shamo is currently in custody and agrees with counsel's reasons for the requested continuance as set forth above.

49.     The impact of this request will continue the trial date scheduled and allow counsel the necessary time to complete the tasks set forth above.

Based on the foregoing, and good cause appearing, it is hereby:

<u>ORDERED</u>

The Jury Trial currently scheduled to begin January 22, 2019, is hereby continued to the 17th day of June, 2019 at 8:30 a.m.  and the pre-admission hearing currently schedule to begin January 9, 2019 is rescheduled to May 29, 2019 at 8:30 a.m. pursuant to 18 U.S.C. §3161(H)(1)(A), the Court finds the ends of justice served by such continuance outweigh the best interests of the public and the Defendant in a Speedy Trial. Accordingly, the time between the date of this order and the new trial dates, as set forth above, is to be excluded from Speedy

Trial computation for good cause.

DATED this 27th day of December, 2018.

BY THE COURT

Dale A Kimball
United States District Court Judge