JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: michael.gadd@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON MICHAEL SHAMO,<br><br>Defendant. | Case No. 2:16-cr-00631-DAK<br><br>MOTION IN LIMINE FOR AN ORDER PROHIBITING THE PARTIES FROM RAISING THE DEFENDANT'S POTENTIAL SENTENCE<br><br>Judge Dale A. Kimball |

The United States, by and through Michael Gadd, Special Assistant United States Attorney, moves this Court to prohibit all parties from encouraging jury nullification generally, from encouraging it specifically by (1) mentioning to the jury, on direct or cross-examination or in argument, the defendant's potential minimum and maximum sentence; and (2) drawing comparisons between the charges faced by the defendant with those charges faced by his co-conspirators.  This motion is made pursuant to Rules 401, 402, and 403 of the Rules of Evidence and the case law cited below.

## STATEMENT OF FACTS

1.     The defendant is charged in Count One with Engaging in a Continuing Criminal Enterprise, a crime that carries a minimum mandatory sentence of life imprisonment.

2.     The defendant is charged in Count Six with Aiding and Abetting the Distribution of

Fentanyl Resulting in Death, a crime that carries a minimum mandatory sentence of twenty years' imprisonment and a maximum sentence of life imprisonment.

3.      None of the defendant's coconspirators were charged with the crimes alleged in Counts One or Six.

4.      Several of Mr. Shamo's coconspirators have pleaded guilty to crimes for which Mr. Shamo has also been charged. The Statements in Advance of Plea for those coconspirators have been marked as potential exhibits by the United States and the defendant. Those Statements in Advance of Plea recite the maximum (and where applicable, minimum) sentences faced by the coconspirators.

ARGUMENT

**1.  Jury Nullification is not a right and the Court and counsel should work together to avoid it.**

Jury nullification is antithetical to our system of justice and the rule of law. The Tenth Circuit has held there is no right to jury nullification. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999).

Jury nullification is defined as a jury's "knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness." Jury Nullification, *Black's Law Dictionary* (10th ed. 2014)(accessed electronically). The Tenth Circuit has favorably quoted a sister circuit that explained "[w]hile we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath." *United States v.*

2

*Gonzalez*, 596 F.3d 1228, 1237 (10th Cir. 2010)(*quoting United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983)).

Issues that lead to jury nullification are prohibited under case law and by the Rules of Evidence. Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 402 makes irrelevant evidence inadmissible.

The defendant's potential punishment if convicted is not relevant or admissible under the rules. It does meet the test for relevance in Rule 401. Rule 402 requires its exclusion. Comparing and contrasting the charges faced by coconspirators is likewise irrelevant and inadmissible under Rules 401 and 402.

Even if, for the sake of argument, it could be assumed that there is some remote relevance to the defendant's potential punishment or how his charges compare with the charges faced by his coconspirators, that type of evidence (and argument) would be excluded under rule 403 as creating unfair prejudice and for its likelihood of confusing the jury as to its duty.

**1.1 The jury cannot consider the defendant's potential punishment because it could lead to jury nullification.**

The jury cannot consider the defendant's potential minimum mandatory sentence or maximum sentence; allowing the jury to consider punishment would open the door for jury nullification. The United States Supreme Court has held that "when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994)(footnote omitted)(*quoting Rogers v. United States*, 422 U.S. 35, 40 (1975)). In *Shannon*, the Supreme Court explained that

its holding echoed the basic division of labor in our legal system—the jury finds facts and determines guilt while the court imposes sentences on defendants found guilty. *Id*.

The Tenth Circuit has fashioned a bright line rule that "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991)(internal citations omitted).  In a separate opinion, the Tenth Circuit stated: "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal." *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980).

The Tenth Circuit pattern jury instructions reflect case law on this point. Pattern instruction 1.20 reads: "[i]f you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict." 10th Cir. Pattern Instruction 1.20 (2018).

The Court should prohibit all parties from informing the jury, through direct and cross-examination or through argument, of the potential punishment the defendant faces if convicted. The United States recognizes that the Statements in Advance of Plea (SAPs) for the cooperating defendant-witnesses in this case contain language that recites the maximum (and applicable minimum) penalties for some of Mr. Shamo's lesser counts—counts to which his coconspirators pleaded guilty. The United States also recognizes that those SAPs can be used to impeach the cooperating-defendant witnesses. However, the United States requests that the Court prohibit counsel from commenting upon potential sentences for even those counts covered in the SAPs other than to impeach the witnesses.

Since the penalties for Counts One and Six do not appear in any Statement in Advance of Plea, the United States requests an order that the potential penalties for those two counts never be mentioned in the jury's presence. To mention the possible penalties to Counts One or Six even once in the presence of the jury will lead to jury nullification.

**1.2  The jury cannot compare the charges faced by the defendant with those faced by co-conspirators because it could lead to jury nullification.**

Just as the jury should not engage in jury nullification based upon potential punishment, the jury cannot compare the charges faced by the defendant with the charges his co-conspirators' faced. "One touchstone of a fair trial is an impartial trier of fact—'a jury capable and willing to decide the case solely on the evidence before it.'" *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984)(*quoting Smith v. Phillips*, 455 U.S. 209, 217 (1982)).

A juror meets the constitutional standard for impartiality where the juror "can lay aside his opinion and render a verdict based on the evidence presented in court." *Patton v. Yount*, 467 U.S. 1025, 1037 n.12 (1984). The Tenth Circuit has explained that a "defendant's right to an impartial jury does not include a right to a jury composed of persons who will disregard the district court's instructions." *United States v. Edwards*, 266 F. Supp. 3d 1290, 1305 (D.N.M. 2017) (*quoting United States v. James*, 203 F.3d 836, 2000 WL 136816, at *3 (10th Cir. Feb. 7, 2000)(unpublished)).

The Tenth Circuit pattern jury instructions reflect case law on this point. Pattern instruction 1.19 reads:

> You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

5

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

10th Cir. Pattern Instruction 1.19 (2018).

The Court should prohibit all parties from drawing the jury's attention, through direct and cross-examination or through argument, to which, if any, of the defendant's co-conspirators were charged in any of the counts the defendant faces. More specifically, the Court should prohibit the defense from drawing comparisons between the charges the defendant faces with the charges his two closest lieutenants—Drew Crandall and Luke Paz—faced. Drawing those comparisons, or inviting the jury to draw those comparisons by raising those issues in front of the jury, will lead to jury nullification.

Respectfully submitted this 26th day of April, 2019.

JOHN W. HUBER
United States Attorney

*/s/ Michael Gadd*
MICHAEL GADD
Special Assistant United States Attorney

6