JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: michael.gadd@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  AARON MICHAEL SHAMO,  Defendant. | Case No. 2:16-cr-00631-DAK  MOTION TO EXCLUDE DEFENSE EXHIBITS  Judge Dale A. Kimball |

The United States, by and through Michael Gadd, Special Assistant United States Attorney, moves this Court to prohibit the defendant from offering exhibits at the pre-admission hearing or at trial because of the inadequate exhibit-list disclosure made by the defendant to the United States.

STATEMENT OF FACTS

1. On April 1, 2019, the Court issued an Amended Trial Order that set pre-trial deadlines. Doc. 186.

2. The defendant has never provided reciprocal discovery in this case.

3. The parties were ordered to exchange proposed exhibit lists by April 17, 2019. *Id.*, at 5.

4. The Court ordered that objections to proposed exhibits be specific, made in writing, and submitted as part of a motion in limine by April 26, 2019. *Id.* at 1-2.

5. On April 16, 2019, the defense emailed the following proposed exhibit list:

**SHAMO PROPOSED EXHIBIT LIST**
1. Forensic Data and Documentation retrieved from the following:
    a. Computer of Aaron Shamo
    b. Computer of Drew Crandall
    c. Computer of Jonathan Luke Paz
    d. Computer of Mario Noble
    e. Cellular Phone of Aaron Shamo
    f. Cellular Phone of Drew Crandall
    g. Cellular Phone of Jonathan Luke Paz
2. Bitcoin records of the following:
    a. Aaron Shamo
    b. Drew Crandall
    c. Jonathan Luke Paz
3. Bank records of the following:
    a. Aaron Shamo
    b. Drew Crandall
    c. Jonathan Luke Paz
4. Images from Pharmamaster, AlphaBay as pertains to sales and customer feedback
5. Investigative Interviews of the following:
    a. Drew Crandall
    b. Jonathan Luke Paz
    c. Mario Noble
    d. Alexandrya Tonge
    e. [Paz's then-girlfriend]
    f. [Crandall's then-girlfriend]
6. Statement in Advance of Plea, of the following:
    a. Drew Crandall
    b. Mario Noble
    c. Sean Gygi
    d. Alexandrya Tonge
    e. Katherine Bustin
    f. Jonathan Luke Paz
7. Images of Search of Homes
8. Affidavits of Probable Cause for each search warrant
9. All documents and discovery related to the Oregon investigation
10. All documents relating to [G.L.]
    a. Death of [R.K.]
11. All documents relating to the death of [R.K.]
12. All documents related to messages on Alpha Bay from "Trustworthymoney"
    a. All messages from [A.L.]
13. All documents related to messages from large customers of the drug trafficking operation
    a. Documents and messages from and to [C.K.]
14. Any documents or information relating to [C.K.]
15. Any expert reports from computer forensics.

ARGUMENT

The defendant has not submitted an exhibit list—the defendant's list more closely resembles the breadth of a discovery request. It lists broad categories rather than specific exhibits. Because the defendant's exhibit list is inadequate, the Court should prohibit the defendant from offering exhibits at the pre-admission hearing or at trial.

In addition to the Court's Amended Trial Order, Federal Rule of Criminal Procedure 16 requires the defendant to provide books, papers, documents, data, or photographs that the defendant intends to use in his case-in-chief. Fed. R. Crim. P. 16 (b)(1)(A)(ii) and (B)(ii).

The Tenth Circuit has set out factors that a district court must consider in determining the appropriate sanction for a Rule 16 violation: "(1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) the 'feasibility of curing the prejudice with a continuance.'" *United States v. Banks*, 761 F.3d 1163, 1198-99 (10th Cir. 2014) (*citing United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)).

The Tenth Circuit, in *Banks*, added that these three factors were not meant to bind the trial court's discretion; instead, *Banks* explained it might be appropriate to suppress evidence that did not conform with discovery orders in order to "maintain the schedule and integrity of the court" even when the moving party would not be prejudiced. *Id*.

Rule 16(d)(2)(C) specifically authorizes the Court to "prohibit [a] party from introducing the undisclosed evidence" if that party "fails to comply with this rule."

Category by category, the United States objects to the defendant's list as follows:

1. Forensic Data and Documentation retrieved from the following:
    a. Computer of Aaron Shamo
    b. Computer of Drew Crandall
    c. Computer of Jonathan Luke Paz
    d. Computer of Mario Noble
    e. Cellular Phone of Aaron Shamo
    f. Cellular Phone of Drew Crandall
    g. Cellular Phone of Jonathan Luke Paz

The United States objects to these proposed exhibits. The list is too broad—it encompasses terabytes of data. This description does not give the United States notice of the actual exhibits the defendant plans to offer—notice which would allow the United States to object to form or content. If the records are in the United States' custody, the defendant could have included bates numbers. If the records are in the defendant's custody, he has not provided them to the United States as required in Rule 16 and the Court's Amended Trial Order.

2. Bitcoin records of the following:
    a. Aaron Shamo
    b. Drew Crandall
    c. Jonathan Luke Paz

The United States objects to these proposed exhibits. The list is too broad. These records include thousands of transactions. It does not specify the records in a manner that allows the United States to find the exhibits. This description does not give the United States notice of the actual exhibits the defendant plans to offer—notice which would allow the United States to object to form or content. If the records are in the United States' custody, the defendant could have included bates numbers. If the records are in the defendant's custody, he has not provided them to the United States as required in Rule 16 and the Court's Amended Trial Order.

3. Bank records of the following:
    a. Aaron Shamo
    b. Drew Crandall
    c. Jonathan Luke Paz

The United States objects to these proposed exhibits. The list is too broad. These records could include thousands of transactions. The defendant has not specified which records or even which banks held the records. This description does not give the United States notice of the actual exhibits the defendant plans to offer—notice which would allow the United States to object to form or content. If the records are in the United States' custody, the defendant could have included bates numbers. If the records are in the defendant's custody, he has not provided them to the United States as required in Rule 16 and the Court's Amended Trial Order.

4. Images from Pharmamaster, AlphaBay as pertains to sales and customer feedback

This description is likewise too broad—in part. The United States has marked and proposed that screenshots from Pharma-Master's storefront on AlphaBay that contain customer feedback be admitted as United States' proposed exhibits 15.00 and 15.01. The United States, of course, does not object to the same exhibits it proposed.

But images from AlphaBay generally, which pertain to sales and customer feedback (i.e. not from Pharma-Master) is a category that is so large the United States cannot measure it. The United States would like to assume that the defendant did not intend to cast such a wide net. But if the records are in the United States' custody, the defendant could have included bates numbers. If the records are in the defendant's custody, he has not provided them to the United States as required in Rule 16 and the Court's Amended Trial Order.

5. Investigative Interviews of the following:
    a. Drew Crandall
    b. Jonathan Luke Paz
    c. Mario Noble
    d. Alexandrya Tonge
    e. [Paz's then-girlfriend]
    f. [Crandall's then-girlfriend]

The United States objects to these proposed exhibits because they are hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or in a hearing, offered in evidence to prove the truth of the matter asserted. Federal Rule of Evidence 801(c). While enumerating hearsay exceptions, the rules specifically excluded investigative reports in a criminal case from the public-records exception found in Rule 803(8).

The declarant for each of the investigative reports listed by the defendant as proposed exhibits is a law enforcement officer or analyst. The reports were written outside of court. They would be offered for the truth of what the declarant asserted in the reports. There is no exception that allows their admission.

This description, like those before it, is also too broad. There are several reports each for most of those people listed. The records were undoubtedly provided to the defendant by the United States. The defendant could have narrowed his list by including bates numbers. Proper notice would have allowed the United States to object based upon form or content.

6. Statement in Advance of Plea, of the following:
    a. Drew Crandall
    b. Mario Noble

      c. Sean Gygi
      d. Alexandrya Tonge
      e. Katherine Bustin
      f. Jonathan Luke Paz

The United States does not object to these proposed exhibits. It has marked them as United States' proposed exhibits 23.00 through 23.07.

7. Images of Search of Homes

The United States objects to these proposed exhibits. The category of evidence listed as defendant's proposed exhibit seven is too broad. Even assuming it only refers to searches conducted as part of the investigation that led to the defendant's charges, it does not specify the records in a manner that allows the United States to find the exhibits. This description does not give the United States notice of the actual exhibits the defendant plans to offer—notice which would allow the United States to object to form or content. If the records are in the United States' custody, the defendant could have included bates numbers. If the records are in the defendant's custody, he has not provided them to the United States as required in Rule 16 and the Court's Amended Trial Order.

To be sure, the United States has marked and given notice of several proposed exhibits that contain images taken during the searchs of the defendant's residence and the Tonge/Bustin residence on November 22, 2016. To the extent that the defendant is seeking to also admit those images or videos, the United States does not object.

8. Affidavits of Probable Cause for each search warrant

The United States objects to these proposed exhibits because they are hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or in a hearing, offered in evidence to prove the truth of the matter asserted. Federal Rule of Evidence 801(c). While enumerating hearsay exceptions, the rules specifically excluded "matters observed by law-enforcement personnel" in a criminal case from the public-records exception found in Rule 803(8).

The declarant for each of the investigative reports listed by the defendant as proposed exhibit is a law enforcement officer. The affidavits were written and signed outside of trial. They would be offered for the truth of what the declarant asserted in the reports. There is no exception that allows their admission.

This description, like those before it, is also too broad. There are multiple search warrant affidavits. The affidavits were undoubtedly provided to the defendant by the United States. The defendant could have narrowed his list by including bates numbers—or even by including a description of the item or place to be searched. Proper notice would have allowed the United States to object based upon form or content.

9. All documents and discovery related to the Oregon investigation

The United States objects to these proposed exhibits. The category is too broad. It does not specify the records in a manner that allows the United States to find the exhibits. This description does not give the United States notice of the actual exhibits the defendant plans to offer—notice which would allow the United States to object to form or content. If the records are in the United States' custody, the defendant could have included bates numbers. If the records

are in the defendant's custody, he has not provided them to the United States as required in Rule 16 and the Court's Amended Trial Order.

Likewise, the category of evidence the defendant seeks to admit as his proposed exhibit nine contains a great deal of hearsay, including reports written by officers and analysts.

10. All documents relating to [G.L.]
    a. Death of [R.K.]
11. All documents relating to the death of [R.K.]

The United States objects to these proposed exhibits. The categories, despite being overlapping, are too broad. The defendant does not specify the records in a manner that allows the United States to find the exhibits it seeks to admit. This description does not give the United States notice of the actual exhibits the defendant plans to offer—notice which would allow the United States to object to form or content. If the records are in the United States' custody, the defendant could have included bates numbers. If the records are in the defendant's custody, he has not provided them to the United States as required in Rule 16 and the Court's Amended Trial Order.

Likewise, the category of evidence the defendant seeks to admit as his proposed exhibits ten and eleven contains a great deal of hearsay, including reports written by officers and analysts as well as reports written by medical professionals.

The United States has given notice that it will seek admission for several exhibits that fall under the defendant's broad category, including, for example, United States proposed exhibits 18.00-18.02, and it does not object to the exhibits it intends to offer for admission.

12. All documents related to messages on Alpha Bay from "Trustworthymoney"

    a. All messages from [A.L.]

The United States objects to these proposed exhibits. The categories, despite being potentially overlapping, are too broad. The defendant does not specify the records in a manner that allows the United States to find the exhibits it seeks to admit. This description does not give the United States notice of the actual exhibits the defendant plans to offer—notice which would allow the United States to object to form or content. If the records are in the United States' custody, the defendant could have included bates numbers. If the records are in the defendant's custody, he has not provided them to the United States as required in Rule 16 and the Court's Amended Trial Order.

Likewise, the category of evidence the defendant seeks to admit as his proposed exhibit twelve contains a great deal of hearsay, including reports written by officers and analysts.

The United States has given notice that it will seek admission for several exhibits that fall under the defendant's broad category, including United States proposed exhibit 19.02, and it does not object to the exhibits it intends to offer for admission.


13. All documents related to messages from large customers of the drug trafficking operation
    a. Documents and messages from and to [C.K.]
14. Any documents or information relating to [C.K.]

The United States objects to these proposed exhibits. The categories, despite overlapping, are too broad. The defendant does not specify the records in a manner that allows the United States to find the exhibits it seeks to admit. This description does not give the United States notice of the actual exhibits the defendant plans to offer—notice which would allow the United States to object to form or content. If the records are in the United States' custody, the defendant

could have included bates numbers. If the records are in the defendant's custody, he has not provided them to the United States as required in Rule 16 and the Court's Amended Trial Order.

Likewise, the category of evidence the defendant seeks to admit as his proposed exhibits thirteen and fourteen contains a great deal of hearsay, including reports written by officers and analysts.

The United States has given notice that it will seek admission for several exhibits that fall under the defendant's broad categories and it does not object to the exhibits it intends to offer for admission.

15. Any expert reports from computer forensics.

The United States objects to these proposed exhibits because they are hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or in a hearing, offered in evidence to prove the truth of the matter asserted. Federal Rule of Evidence 801(c). While enumerating hearsay exceptions, the rules specifically excluded "matters observed by law-enforcement personnel" in a criminal case from the public-records exception found in Rule 803(8).

The declarants for forensic reports listed by the defendant as proposed exhibit are law enforcement officers. There is no exception that allows their admission.

The United States recognizes that the defendant has retained a computer forensic examiner to assist him in his defense. To the extent that examiner writes a report in the future that the defendant seeks to admit, the United States would request a brief period of time to consider the report before determining if an objection is appropriate—such a request is consistent, the United States believes, with the additional time the Court granted the defense to

work with their forensic expert to make objections to evidence obtained from the internet or the forensic analysis of electronic devices (Doc. 194).

The categorical description offered as defendant's exhibit 15, like those before it, is also too broad. There are multiple forensic reports. Those reports, with the exception of reports being generated by the defendant's expert, were undoubtedly provided to the defendant by the United States. The defendant could have narrowed his list by including bates numbers. Proper notice would have allowed the United States to object based upon form or content.[1]

CONCLUSION

The United States apologies to the Court for the repetitive nature of its objections. It wanted to provide specific objections as ordered, although it appears the Court's order was intended for circumstances where the defendant provided actual notice of the specific exhibits he sought to admit—and not just the general categories under which those exhibits might fall. The Court has power to suppress evidence that did not conform with the Court's orders in order to maintain the schedule and integrity of the Court. The United States requests that the Court prohibit the defendant from offering exhibits at the pre-admission hearing or at trial because of

---

[1] When the United States provided its proposed exhibit list to the defendant, it also gave the defendant a copy of its electronic exhibits—pictures, charts, spreadsheets, etc. For many of the proposed computer forensic exhibits the United States intends to offer for admission, the United States included a forensic report to aid the defendant's forensic expert as he verifies the United States' proposed forensic exhibits are what they purport to be.

the inadequate exhibit-list disclosure made by the defendant to the United States and for the other reasons listed above.

Respectfully submitted this 26th day of April, 2019.

>JOHN W. HUBER
>United States Attorney
>
>*/s/ Michael Gadd*
>MICHAEL GADD
>Special Assistant United States Attorney