JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: michael.gadd@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. AARON MICHAEL SHAMO, Defendant. | Case No. 2:16-cr-00631-DAK MOTION TO STRIKE DEFENDANT'S EXPERT KELLY SHAFTO Judge Dale A. Kimball |

The United States, by and through Michael Gadd, Special Assistant United States Attorney, moves this Court to prohibit proposed defense expert Kelly Shafto from testifying because of the inadequate Rule 16 disclosure made by the defense to the United States. The defendant's expert notice leaves the United States with very little information about Ms. Shafto's opinions, the "bases and reasons for those opinions," and with no way of adequately assessing this testimony to determine whether to file a *Daubert* challenge or adequately prepare for cross-examination. Rule 16 forbids Ms. Shafto's testimony.

STATEMENT OF FACTS

1. On November 26, 2018, the defendant sent a document entitled *Notice of Expert Kelly*

*Shafto* to the United States.[1]  In it, the defendant wrote three sentences to describe the nature of Ms. Shafto's proposed testimony:

> Kelly Shafto has reviewed the data and information provided by the Government and is investigating the general background of the case. Kelly Shafto is expected to provide testimony as to police procedure and general investigation techniques and practices. Ms. Shafto will testify as to the background of this investigation, as well as about the witnesses, defendants, and general background of the case.

2. The defense did not attach a copy of Ms. Shafto's CV, but indicated Ms. Shafto's final written report would be provided to the United States when it became available.

3. The Court required expert notice to be provided by April 17, 2019.

4. The defendant has neither amended its expert notice nor provided the United States a report or CV from Ms. Shafto.

ARGUMENT

Because the defendant's Rule 16 notice was insufficient, the Court should prohibit Kelly Shafto from testifying. A defendant's expert summary is required to include the "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). The 1993 Advisory Committee Note to Rule 16 explains that Rule 16(b)(1)(C) "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Rule 16, Advisory Committee Notes, 1993 Amendment.

The Note further explains the importance of an adequate summary in the Rule 16(b)(1)(C) disclosure, noting that the summary should explain "not only written and oral

---

[1] The defense's notice is attached as Exhibit A.

reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." *Id.*

The Tenth Circuit has set out factors that a district court should consider in determining the appropriate sanction for a Rule 16 violation: "(1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) the 'feasibility of curing the prejudice with a continuance.'" *United States v. Banks*, 761 F.3d 1163, 1198-99 (10th Cir. 2014) (*citing United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)).

The Tenth Circuit, in *Banks*, added that these three factors were not meant to bind the trial court's discretion; instead, *Banks* explained it might be appropriate to suppress evidence that did not conform with discovery orders in order to "maintain the schedule and integrity of the court" even when the moving party would not be prejudiced. *Id*.

Rule 16(d)(2)(C) specifically authorizes the Court to "prohibit [a] party from introducing the undisclosed evidence" if that party "fails to comply with this rule." Pursuant to this authority, there is "a deep and consistent body of case law" establishing that courts may exclude experts in criminal cases where there has been inadequate disclosure. *United States v. Ulbricht*, No. 14-cr-68, 2015 WL 413318, at *3-6 (S.D.N.Y. Feb. 1, 2015) (excluding defense experts because of, among other reasons, inadequate Rule 16 disclosures); *see also, e.g.*, *United States v. Concessi*, 38 Fed. Appx. 866, 868 (4th Cir. 2002) (affirming exclusion of defense experts where the Rule 16 disclosure "included only the general topics concerning which each proposed expert would testify" and "failed to describe the witnesses [*sic*] opinions or provide the bases and reasons for the witnesses' opinions"); *United States v. Mahaffy*, No. 05-cr-613(S-3), 2007 WL 1213738, at

3

*2 (E.D.N.Y. Apr. 24, 2007) (excluding defendants' experts because of late filed and inadequate expert reports); *United States v. Wilson*, 493 F. Supp. 2d 484, 487, 490-91 (E.D.N.Y. 2006) (holding that because defendant "has made no attempt at all to describe 'the bases and reasons for those opinions' as required by Fed. R. Crim. P. 16(b)(1)(C) …. testimony by [defendant's expert] cannot be admitted").

The three-sentence description from the defendant about Ms. Shafto's proposed testimony falls far below the standard set by Rule 16. It fails to identify Ms. Shafto's opinions and the bases and reasons for those opinions. It further failed to show that Ms. Shafto is qualified to offer any opinion.

The United States would prefer to think that the defendant has not withheld the required information out of bad faith—the first factor the Tenth Circuit gives for the Court to consider. But the United States has no information to suggest it was a simple oversight on behalf of the defense.

The second prong—the extent of prejudice to the United States—cuts in favor of prohibiting Ms. Shafto's testimony. Being able to test Ms. Shafto's opinions by effective, prepared cross examination and by eliciting dueling expert testimony requires time—time for the United States to research, consult experts, and plan. It cannot plan without knowing Ms. Shafto's opinions, bases for her opinions, and qualifications.

The final prong—whether a continuance would cure the prejudice—also cuts in favor of prohibiting Ms. Shafto's testimony. The defendant has already had one continuance—from January to June—since providing notice that Ms. Shafto would testify. That continuance did not spur the defendant to give proper notice. It is unclear another continuance would make any

change. And without proper notice, the United States cannot adequately prepare for Ms. Shafto's testimony, no matter how many continuances the Court might grant.

Because the defendant has not provided proper notice under Rule 16, the United States respectfully moves the Court to prohibit Kelly Shafto from testifying at trial.

Respectfully submitted this 26th day of April, 2019.

                                        JOHN W. HUBER
                                      United States Attorney


                                      */s/ Michael Gadd*
                                      MICHAEL GADD
                                      Special Assistant United States Attorney