JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: michael.gadd@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. AARON MICHAEL SHAMO, Defendant. | Case No. 2:16-cr-00631-DAK  MOTION TO STRIKE DEFENDANT'S EXPERT ERIC WHEELER AND REQUEST FOR A *DAUBERT* HEARING  Judge Dale A. Kimball |

The United States, by and through Michael Gadd, Special Assistant United States Attorney, moves this Court to prohibit proposed defense expert Eric Wheeler from testifying because of the inadequate Rule 16 disclosure made by the defendant to the United States. The defendant's expert notice leaves the United States with very little information about Mr. Wheeler's opinions, the "bases and reasons for those opinions," and with no way of adequately assessing this testimony to prepare for cross-examination. Rule 16 forbids Mr. Wheeler's testimony. The United States recognizes the Mr. Wheeler has joined the defense team recently and is willing to allow Mr. Wheeler additional time write a final report, if the Court is so inclined. Once the United States has Mr. Wheeler's report, it will reassess whether to abandon its motion to strike.

Assuming Mr. Wheeler provides a timely report that ameliorates the United States'

concerns about the inadequacy of his expert notice, the United States also requests that the Court set a *Daubert* hearing on the final day the of pre-admission hearing, May 31, 2019, for the defendant to show that Mr. Wheeler is qualified to offer opinions as they relate to (1) computer forensics, (2) the Dark Net, and (3) other specialized areas of knowledge that Mr. Wheeler may claim in his forthcoming report.

## STATEMENT OF FACTS

1. On April 26, 2019, the defendant filed its *Notice of Expert Eric Wheeler* (Doc. 195). In it, the defendant wrote that Mr. Wheeler had reviewed the data contained on electronic devices seized as part of the underlying investigation. The defendant then wrote two sentences to describe the nature of Mr. Wheeler's proposed testimony:

> Mr. Wheeler has also been retained to provide testimony as to the nature of online records, the content of those records, and the foundation of those records. Mr. Wheeler may provide testimony as to any alleged activity of the Defendant which occurred on the "Dark Web."

2. The defendant attached a copy of Mr. Wheeler's CV, but indicated Mr. Wheeler's final written report would be provided to the United States when it became available.

3. The Court required expert notice to be provided by April 17, 2019, however, the undersigned counsel for the United States learned Mr. Wheeler had been recently retained by the defendant. The undersigned counsel told counsel for the defendant that if they were able to send the United States Mr. Wheeler's expert notice by April 26, 2019, the United States would not raise an objection about providing late notice and instead review Mr. Wheeler's notice on its merits.

4. At the time of this filing, the defendant has not yet provided the United States a report from Mr. Wheeler.

ARGUMENT

**1.1      Mr. Wheeler's expert notice was inadequate.**

Because the defendant's Rule 16 notice was insufficient, the Court should prohibit Eric Wheeler from testifying. A defendant's expert summary is required to include the "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). The 1993 Advisory Committee Note to Rule 16 explains that Rule 16(b)(1)(C) "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Rule 16, Advisory Committee Notes, 1993 Amendment.

The Note further explains the importance of an adequate summary in the Rule 16(b)(1)(C) disclosure, noting that the summary should explain "not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." *Id.*

The Tenth Circuit has set out factors that a district court should consider in determining the appropriate sanction for a Rule 16 violation: "(1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) the 'feasibility of curing the prejudice with a continuance.'" *United States v. Banks*, 761 F.3d 1163, 1198-99 (10th Cir. 2014) (*citing United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)).

The Tenth Circuit, in *Banks*, added that these three factors were not meant to bind the trial court's discretion; instead, *Banks* explained it might be appropriate to suppress evidence that

did not conform with discovery orders in order to "maintain the schedule and integrity of the court" even when the moving party would not be prejudiced. *Id*.

Rule 16(d)(2)(C) specifically authorizes the Court to "prohibit [a] party from introducing the undisclosed evidence" if that party "fails to comply with this rule." Pursuant to this authority, there is "a deep and consistent body of case law" establishing that courts may exclude experts in criminal cases where there has been inadequate disclosure. *United States v. Ulbricht*, No. 14-cr-68, 2015 WL 413318, at *3-6 (S.D.N.Y. Feb. 1, 2015) (excluding defense experts because of, among other reasons, inadequate Rule 16 disclosures); *see also, e.g.*, *United States v. Concessi*, 38 Fed. Appx. 866, 868 (4th Cir. 2002) (affirming exclusion of defense experts where the Rule 16 disclosure "included only the general topics concerning which each proposed expert would testify" and "failed to describe the witnesses [*sic*] opinions or provide the bases and reasons for the witnesses' opinions"); *United States v. Mahaffy*, No. 05-cr-613(S-3), 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007) (excluding defendants' experts because of late filed and inadequate expert reports); *United States v. Wilson*, 493 F. Supp. 2d 484, 487, 490-91 (E.D.N.Y. 2006) (holding that because defendant "has made no attempt at all to describe 'the bases and reasons for those opinions' as required by Fed. R. Crim. P. 16(b)(1)(C) …. testimony by [defendant's expert] cannot be admitted").

The two-sentence description from the defendant about Mr. Wheeler's proposed testimony falls far below the standard set by Rule 16. It fails to identify Mr. Wheeler's opinions and the bases and reasons for those opinions. The notice further failed to show that Mr. Wheeler is qualified to offer an opinion on the computer forensics performed by law enforcement in this investigation or on the Dark Net and related subjects.

As mentioned above, the United States is willing to give the defendant a little more time to correct its expert notice for Mr. Wheeler, if the Court is so inclined. It simply requests a brief period of time to consider the forthcoming corrected notice and report and make appropriate motions or objections.

**1.2     Mr. Wheeler does not appear to have sufficient bases and reasons to draw opinions in this case.**

It does not appear that Mr. Wheeler is qualified to offer opinions on topics referenced in his expert notice; assuming the defendant provides a final report for Mr. Wheeler, the United States requests a *Daubert* hearing. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that district courts are gatekeepers who initially assess the admissibility of "scientific" expert testimony under Fed.R.Evid. 702 for both relevance and reliability. 509 U.S. 579 (1993).

The Tenth Circuit has further explained that while district courts have discretion in how they conduct the gatekeeper function, district courts have no discretion to avoid performing gatekeeper functions. *See Bitter v. A.O. Smith Corp*., 400 F.3d 1227, 1232 (10th Cir. 2005). In *Bitter v. A.O. Smith Corp*, the Tenth Circuit discussed the role of the district courts when considering a *Daubert* challenge to whether an expert is qualified to testify. *Id*. at 1232-33. The expert's proffered testimony must have "a reliable basis in the knowledge and experience in his discipline." *Id*. The proponent of the expert testimony must establish that the expert used reliable methods to reach his/her conclusion and that the expert's opinion is based on a reliable factual basis. *Id*. at 1233.

The Tenth Circuit offered four guiding factors district courts may apply when making a reliability determination:

> (1) Whether a theory has been or can be tested or falsified; (2) whether the theory or technique has been subject to peer review and publication; (3) whether there are known or potential rates of error with regard to specific techniques; and (4) whether the theory or approach has "general acceptance."

*Id*. at 1233 (citing *Daubert*, 509 U.S. at 593-94).

The United States, based upon the notice provided by the defendant, seeks a *Daubert* hearing to determine, specifically, whether Mr. Wheeler's proposed testimony is reliable and based upon theories generally accepted within the relevant scientific community. Because Mr. Wheeler's CV does not indicate he has any familiarity with (1) the computer forensic tools used by investigators in this case; or (2) the Dark Net; the United States respectfully requests that a *Daubert* hearing be scheduled on the final day of the pre-admission hearing, May 31, 2019, for the defendant to show Mr. Wheeler meets the threshold requirements of an expert under Rule 702.

Respectfully submitted this 26th day of April, 2019.

JOHN W. HUBER
United States Attorney


 */s/ Michael Gadd*
MICHAEL GADD
Special Assistant United States Attorney