Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS & CASTON, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MOTION IN LIMINE TO EXCLUDE E-CURRENCY DOLLAR AMOUNT** |
| Plaintiff, | |
| v. | |
| AARON MICHAEL SHAMO, et. al., | Case No. 2:16-CR-00631 DAK |
| Defendant. | Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel, hereby moves the Court to enter an order excluding evidence that the government intends to introduce at trial. The proffered evidence is not in accordance with Federal Rules of Evidence 104 and 403. Specifically, Mr. Shamo request the Government be restricted from referencing the exact dollar amount of Bitcoin, Bitcash, or other electronic currency alleged to be in the possession and control of Mr. Shamo.

FRE 104, requires the Court to make a preliminary finding regarding preliminary questions of fact. That determination is made outside of the jury's presence. This limitation specifically applies to issues where the relevance of certain evidence is conditioned upon the existence of a fact. When such occurs, the Court must make a preliminary determination that sufficient evidence exists to find that a fact exists. FRE 104(b). The Government must, in order to overcome the restrictions of 104(b), establish a causational link that "adequately connects" Mr. Shamo to the evidence being proffered to a degree sufficient to find he was involved in the alleged conduct. *United States v. Cardall*, 885 F.2d 656, 672 (10th Cir. 1989).

In this instant matter, Defendant, Aaron Michael Shamo, requests the Court deny admission of the following:

1. **Reference to the exact dollar amount of Bitcoin, Bitcash, or other e-currency.**

The government should be excluded from making references to the dollar amount of e-currency alleged to be in the possession or control of Mr. Shamo at the time of his arrest. The currency amount that the government intends to introduce is not relevant and is prejudicial in a manner inconsistent with the Federal Rules of Evidence, and the government cannot meet the requirements of Rule 104 as a prerequisite to the admission of any reference to the dollar amount of the bitcoin.

The government cannot meet the preliminary requirements of Rule 104 establishing Mr. Shamo's dollar amount in e-currency. There is not sufficient evidence to find that the dollar amount of that Bitcoin will be correct. Bitcoin is a digital currency and the currency is not consistent. The exchange rate for Bitcoin, Bitcash, and other similar e-currency is neither consistent, nor sufficiently recordable. Bitcoin is exchanged by people and may be exchanged for different currencies. The government has not proffered any evidence to support a finding that

there was an exact dollar amount to the Bitcoin found in Mr. Shamo's e-wallet. Such evidence is not sufficient to overcome Rule 104. The Government, likewise, cannot distinguish between amounts of e-currency in that e-wallet obtained through legitimate activities versus amounts allegedly obtained through the activities for which Mr. Shamo has been indicted. The Government should be precluded from labeling that e-currency with a specific U.S. Dollar amount at any point throughout the trial.

Should the Court find the evidence is sufficient under Rule 104, the evidence does not comport with the requirements of FRE 403. The auctioned amount and the exchange rate amount of the E-Currency seized in this matter is a subject of great debate. In fact, the Government specifically sought an agreement from Mr. Shamo and co-defendants to obtain and auction the e-currency wallets when exchange rates for that currency were high. Thus, any number provided is, at very best, a slight estimation.

Second, the mention of specific dollar amount would have a significantly prejudicial effect given that the Government was able to auction off that asset at a price-point significantly higher than any profit ever obtained by Mr. Shamo or his co-defendants. Nor has the Government sought to differentiate between amounts Mr. Shamo had prior to the dates of the allegations, amounts compounding after Mr. Shamo was incarcerated, and amounts garnered by co-defendants and co-conspirators. Allowing the Government to reference Mr. Shamo being in possession of several million dollars would undoubtedly prejudice the jury against him. The prejudice from introducing this evidence to the jury far outweighs any probative value it may add. FRE 403.

Therefore, Mr. Shamo, respectfully requests the court order that any mention of the e-currency's dollar amount be excluded.

DATED this 26th day of April, 2019.

                                          SKORDAS & CASTON, LLC

                                          */s/ Gregory G. Skordas*
                                          Gregory G. Skordas

                                          */s/ Kaytlin V. Beckett*
                                          Kaytlin V. Beckett

                                          */s/ Daryl P. Sam*
                                          Daryl P. Sam

## CERTIFICATE OF SERVICE

I hereby certify that on the April 26, 2019, I electronically filed a true and correct copy of the foregoing **MOTION IN LIMINE TO EXCLUDE E-CURRENCY DOLLAR AMOUNT**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov

/s/ Daryl P. Sam
Daryl P. Sam