Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS & CASTON, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant Aaron Shamo

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MOTION IN LIMINE FOR ORDER EXCLUDING EVIDENCE** |
| Plaintiff, | |
| v. | |
| AARON MICHAEL SHAMO, et. al., | Case No. 2:16-CR-00631 DAK |
| Defendant. | Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel of record, hereby moves the Court to enter an order excluding evidence that the government intends to introduce at trial. The proffered evidence is not in accordance with Federal Rules of Evidence 104, 401, and 403.

FRE 104, requires the Court to make a preliminary finding regarding preliminary questions of fact. That determination is made outside of the jury's presence. This limitation

specifically applies to issues where the relevance of certain evidence is conditioned upon the existence of a fact. When such occurs, the Court must make a preliminary determination that sufficient evidence exists to find that a fact exists. FRE 104(B). The Government must, in order to overcome the restrictions of 104(b), establish a causational link that "adequately connects" Mr. Shamo to the evidence being proffered to a degree sufficient to find he was involved in the alleged conduct. *United States v. Cardall,* 885 F.2d 656, 672 (10th Cir. 1989).

FRE 401, limits the admissibility of irrelevant evidence. FRE 401 specifically states, "[e]vidence is relevant if:**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and**(b)** the fact is of consequence in determining the action." FRE 402, excludes evidence that is not relevant as outlined in FRE 401. FRE 403 excludes evidence deemed relevant under FRE 401, where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In the instant matter, Defendant, Aaron Michael Shamo, requests the Court deny admission of the following:

1. **References to overdose deaths**.

The Government should be excluded from making references to overdose deaths other than the allegation made in the "death resulting" count for which the Defendant is on trial. The government intends to introduce information about overdose deaths throughout the country that are allegedly related to this case. Other than the overdose death of R.K., Aaron Shamo is not charged in connection with the deaths of any other individual. Nonetheless, the government has produced numerous records indicating an alleged link between the drugs distributed by this alleged drug trafficking scheme and individuals who died as a result of overdose. These

overdoses are not relevant to the instant matter, any reference to these overdose deaths is prejudicial in a manner inconsistent with the Federal rules of Evidence, and the government cannot meet the requirements of Rule 104 as a prerequisite to the admission of any references to these deaths.

The Government cannot meet the preliminary requirements of Rule 104 in establishing Mr. Shamo's connection to these overdose deaths. There is not sufficient evidence to find a causational link between Mr. Shamo's conduct and any resulting death. In *Burrage v. United States*, the court "consider[ed] whether the mandatory-minimum provision applies when use of a covered drug supplied by the defendant contributes to, but is not a but-for causation of, the victim's death or injury." 571 U.S. 204, 206 (2014). The alleged victim, Banka, died on April 15, 2010 after an extended drug binge. Banka had begun his drug binge April 14. *Id*. Banka started with smoking marijuana and then injected oxycodone. *Id*. Banka's wife supplied him the money to obtain the drugs, knowing he was planning to go on a binge, prior to being incarcerated. Banka then met with Mr. Burrage who sold Banka one gram of heroin. *Id*. "Banka immediately cooked and injected some of the heroin and, after returning home, injected more heroin between midnight and 1 a.m. on April 15." *Id*. Banka's wife went to sleep around 5 a. m., shortly after witnessing Banka prepare another batch of heroin to inject. *Id*. When Banka's wife woke up a few hours later, she found Banka dead. *Id*. Banka's house and car were searched and the police found 0.59 grams of heroin, alprazolam and clonazepam tablets, oxycodone pills, a bottle of hydrocodone, and other drugs. *Id*. Mr. Burrage was charged with two counts of distributing heroin. *Id*. One of those counts alleged that his distribution resulted in a death. *Id*. and 207. The Supreme Court of the United States held that " . . . at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or

serious bodily injury, a defendant cannot be liable . . . . " *Id*. at 218. In this case, Mr. Shamo is even further removed from the alleged overdose deaths than Mr. Burrage. The Government has not proffered any evidence to support a finding that Mr. Shamo knew anything about the individuals alleged to overdose. Nor, in the evidence reviewed by the Defense, has the Government established the drugs in fact ingested and alleged to have caused these numerous overdose was of the same chemical mixture and purchased directly from Mr. Shamo. In fact, the Government has indicated on numerous occasions that their formula for making such determinations was a comparison of the address of the party overdosing with shipping records obtained from the "dark web" and dates of overdoses compared to dates of alleged shipments of drugs. In some instances, the deceased party was not in fact the party receiving or purchasing the drugs. Such evidence is not sufficient to overcome Rule 104.

Should the Court find the evidence is sufficient under Rule 104, the evidence does not comport with the requirements of relevance under 401 and 403, because the existence of the overdose deaths does not make any fact of consequence more or less probable. The alleged overdose deaths are not of consequence in determining any of the remaining charges against Mr. Shamo. The Government cannot establish the relevance of these overdoses, with the exception of the "death resulting" count currently pending. Though Mr. Shamo ardently disagrees with the accuracy of that charge, references to the overdose death of R.K. are the only references of consequence in the currently pending matter.

Should the Court determine the references comport with 104 and are relevant, they are still properly excluded due to their prejudicial impact and minimal probative value. The Government has provided the names of numerous individuals tenuously connected to this matter who have overdosed. The Government subsequently only sought to indict Mr. Shamo with a

single "death resulting count," regarding R.K. If the Government now intends to reference the numerous other alleged overdoses the impact of such would result in significant prejudice against Mr. Shamo where almost no probative value is obtained from those references.

   **2. Motion in Limine to exclude pictures relating to the death of R.K.**

The Government should be precluded from introducing any autopsy photos of R.K. and photos of the scene of R.K.'s overdose which depict any portion of R.K.'s body. The government intends to introduce pictures of an alleged victim's overdose. These pictures are extremely prejudicial to Mr. Shamo and offer no probative value.

Though the photos may be of minimal relevance as they depict the overdose death of R.K., the alleged victim in the "death resulting" count, that minimal relevancy is vastly outweighed by the contents of those photos. The prejudicial impact of those photos would likely lead a jury to make improper inferences about Mr. Shamo without giving proper weight to the actual evidence connecting Mr. Shamo to the death of R.K. There is a very real possibility of undue jury hostility toward Mr. Shamo where the claims being made involve the death of an individual. This is especially true under the circumstances of this case where there is no evidence that Mr. Shamo or the co-defendants had the intent to harm anyone. Such evidence is properly excluded under FRE 403, as outlined above.

Mr. Shamo is charged in a 13-Count second superseding indictment that alleges, from July 2015 until November 2016, he conspired with others to knowingly and intentionally distribute fentanyl and alprazolam and money laundering. Further, Mr. Shamo is charged with engaging in a continuing criminal enterprise (CCE) and distributing fentanyl resulting in death. Ms. Shamo was charged, along with five others in a superseding indictment and one other who

was separately charged under a Felony Information. All six co-defendants and Mr. Shamo have common charges related to Conspiracy to Distribute Fentanyl. None of Mr. Shamo's co-defendants are charged with distribution of a controlled substance resulting in death.

Mr. Shamo is facing some of the most serious charges under federal law. However, Mr. Shamo is entitled to a fair trial. Mr. Shamo argues that evidence regarding overdose deaths and pictures of a dead body from when it was discovered to the autopsy is extremely prejudicial. It invites a jury to convict based on broad concepts of community safety, sympathy, fear and passion. The prejudice from introducing this evidence to the jury far outweighs any probative value it may add. FRE 403. Therefore, the court should order that any reference to an overdose death, other than that of R.K, and any photos depicting R.K.'s body during after death or during autopsy, as described above, be excluded.

DATED this 26th day of April, 2019.

SKORDAS & CASTON, LLC

/s/ Gregory G. Skordas
Gregory G. Skordas

/s/ Kaytlin V. Beckett
Kaytlin V. Beckett

/s/ Daryl P. Sam
Daryl P. Sam

## CERTIFICATE OF SERVICE

I hereby certify that on the April 26, 2019, I electronically filed a true and correct copy of the foregoing **MOTION IN LIMINE FOR ORDER EXCLUDING EVIDENCE**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov

/s/ Daryl P. Sam
Daryl P. Sam