Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
SKORDAS & CASTON, LLC
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com
Attorneys for Defendant Aaron Michael Shamo

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. AARON MICHAEL SHAMO, et. al., Defendant. | RESPONSE TO MOTION TO EXCLUDE DEFENSE EXHIBITS Case No. 2:16-CR-00631 DAK Judge Dale A. Kimball |
|---|---|

Aaron Michael Shamo, through his counsel, hereby moves the Court to enter an order denying Plaintiff's Motion to exclude defense exhibits. In support Mr. Shamo alleges as follows:

**STATEMENT OF RELEVANT FACTS**

1. On April 1, 2019, the Court issued an Amended Trial Order that set pre trial deadlines.

2. Mr. Shamo has not provided reciprocal discovery in this case because he does not have reciprocal discovery to provide to the Government.

3. Mr. Shamo provided the government with an exhibit list by email on April 16, 2019 which was accurately restated by the government in its Motion to Exclude Defense Exhibits.
4. All items on Mr. Shamo's exhibit list are items Mr. Shamo has received from the government.

## **ARGUMENT**

The Court should deny the Government's motion. The Government seeks to eliminate Mr. Shamo's ability to present a defense by prohibiting Mr. Shamo from presenting any exhibits at the pre-admission hearing or at trial because Mr. Shamo's proposed exhibit list is not specific enough[1]. However, Rule 16 of the Federal Rules of Criminal Procedure does not provide any requirements as to how specific a proposed exhibit list must be rather, as with other discovery matters, it is left to the Court's discretion. In the alternative, even if the Court finds that Mr. Shamo's proposed exhibit list is not specific enough, exclusion of the exhibits at trial would be an extreme improper remedy.

The Government argues that Mr. Shamo's proposed exhibit list is not specific enough. However, the Federal Rules of Criminal Procedure Rule 16 do not give any requirements for how specific a proposed exhibit list needs to be. Rather, the Court has discretion in dealing with discovery matters. *See United State v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988). Rule 16 requires the defendant to provide books, papers, documents, data, or photographs that the defendant intends to use in his case-in-chief. Fed. R. Crim. P. 16 (b)(1)(A)(ii) & (b)(ii). There is

---

[1] In its motion, the Government objects to the exhibits category by category for not being specific enough. It also objects to a number of the exhibits for being hearsay. However, the purpose of the pre-admission hearing is to address the admissibility of the evidence at trial. As such, Mr. Shamo will wait to address the admissibility of these exhibits, as to them being hearsay, at that hearing.

no requirement in the rule to identify each item the defense will use at trial specifically. The defense should not be required to disclose all the minutiae of its evidence, nor should they be required to delineate their case with total specificity. *See United State v. Elam*, 678 F.2d 1234, 1253 (5th Cir. 1982). It is difficult for the defense in a criminal trial to know exactly what specific pieces of evidence it will need to produce at trial because the defense does not know what exactly the government will produce at trial, particularly in complex cases.

In this case, it would be well within the court's discretion to accept Mr. Shamo's proposed exhibit list as is. Given the complexity of this case and the expected length of the trial, it is nearly impossible to know with exactness what exhibits Mr. Shamo will need to use in his defense at trial, and thus this court should not require Mr. Shamo to try to speculate to achieve the requested level of specificity.

In the alternative, even if the Court finds that Mr. Shamo's proposed exhibit list is not specific enough, prohibiting Mr. Shamo from presenting any exhibits at the pre-admission hearing or trial would be an improper remedy. The Court has "broad discretion in imposing sanctions" in discovery matters. *Wicker*, 848 F.2d at 1060. However, "[d]espite this broad grant of power, the district court's exercise of discretion should be guided by several factors, and if a sanction is imposed, it should be the 'least severe sanction that will accomplish … prompt and full compliance with the court's discovery orders.'" Id. While this does not mean a court can never suppress evidence, "absent bad faith or a trial in progress, a continuance is typically the appropriate remedy." *United States v. Yepa*, 608 Fed. Appx. 672, 679 (10th Cir. 2015) To guide its decision for the proper sanction, the court should consider three principle factors factors: "(1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the

extent of prejudice to the other party; and (3) the feasibility of curing the prejudice with a continuance." *Id.* (*citing Wicker,* 848 F.2d at 1061).

The government mentioned these factors in its motion but did not attempt to analyze them. When considering these factors, it is evident the excluding the evidence would be an extreme sanction. First, there is no bad faith by Mr. Shamo. The government has not attempted to identify any bad faith, and there is no evidence of any bad faith. Second, the extent of prejudice to the government is minimal. "Typically, prejudice requires that the delay impact the [other parties] ability to prepare or present his case. *Yepa*, 608 Fed. Appx. at 679 (*citing United States v. Golyansky*, 291 F.3d 1245, 1250 (10th Cir. 2002). Here there is minimal prejudice to the Government's ability to prepare its case-in-chief because the Government carries the burden of proof at trial. The government states that the proposed exhibit list is not specific enough to allow it to object to form or content of the exhibits. However, if there are any exhibits that Mr. Shamo needs to use in his defense after seeing the Government's case-in-chief, there is still an opportunity for the Government to object to the form and content before they are introduced at trial.

Lastly, this issue would easily be cured through the court granting leave to Mr. Shamo to amend his proposed exhibit list to achieve the desired specificity. A continuance in this case, if any, would be minimal not affecting the scheduled trial date. If the Court did require Mr. Shamo to be more specific with the exhibits he possibly will use at trial, Mr. Shamo would request five days in order to amend his proposed exhibit list.

Considering these factors, the Court should deny the Government's motion to exclude defense exhibits. Granting such a motion would be an extreme sanction preventing Mr. Shamo

from exercising his constitutional right to present a defense. This would not be the least severe sanction that would accomplish prompt and full compliance with the court's discovery order.

Wherefore, Mr. Shamo respectfully requests the Court to deny the Government's motion and use the proposed exhibit list as is, or in the alternative to grant Mr. Shamo leave to amend the proposed exhibit list.

DATED this 10th day of May, 2019.

                                                          SKORDAS, CASTON & HYDE, LLC

                                                        */s/ Gregory G. Skordas*
                                                        Gregory G. Skordas
                                                        Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, I electronically filed a true and correct copy of the foregoing **RESPONSE TO MOTION IN LIMINE TO EXCLUDE DEFENSE EXHIBITS**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

    S. Michael Gadd
    mgadd@agutah.gov

    Vernon G. Stejskal
    Vernon.stejskal@usdoj.gov

    Adam S. Elggren
    Adam.elggren@usdoj.gov


                                                  */s/ Daryl P. Sam*