Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
SKORDAS & CASTON, LLC
560 South 300 East, Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO,<br>DREW WILSON CRANDALL,<br>ALEXANDRYA TONGE,<br>KATHERINE BUSIN,<br>MARIO NOBLE, and<br>SEAN GYGI,<br><br>    Defendants. | **RESPONSE TO MOTION TO STRIKE DEFENDANT'S EXPERT KELLY SHAFTO**<br><br>Case No. 2:16-CR-00631-DAK<br><br>Judge Kimball |

    Defendant, by and through counsel, opposes the Government's motion to prohibit proposed expert Kelly Shafto from testifying. Defense made adequate Rule 16 disclosure to the United States. The United States was provided with a summary of Ms. Shafto and the work she

was conducting in this matter. Ms. Shafto has no written opinion; therefore, a written opinion cannot be provided.

## STATEMENT OF FACTS

1. On November 26, 2018 Defendant provided the government with a Notice of expert Kelly Shafto.

2. The notice identified that Ms. Shafto is a private investigator from Panther Investigation.

3. Ms. Shafto is a retired Unified Police Department officer, who has testified for the Government on many drug related cases.

4. The notice described the nature of her testimony. Specifically, the notice stated that Ms. Shafto would be reviewing information provided by the Government and is investigating the general background of the case.

5. Also, the notice identified the expected testimony Ms. Shafto would provide.

6. Ms. Shafto has not provided Defense with a written report, therefore there is no report to provide the Government.

7. Defense will acknowledge that a CV of Ms. Shafto was not provided with the notice as an oversight but was served of Counsel as of this filing.

## ARGUMENT

The Court should allow Kelly Shafto to testify because Defendant's Rule 16 notice was sufficient. Rule 16 (b)(1)(C) states that "[t]he the defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use. . . ". Defendant's notice fits the sufficiency requirement for Rule 16 because Defendant provided

the Government with the nature of Ms. Shafto's testimony and what subject area she would be testifying to.

In *United States v. Galloway* the court held that the Government's six untimely expert notices were sufficient under Rule 16 because a written summary of any testimony that the expert witness would give was provided. *United States v. Galloway*, 2018 U.S. Dist. LEXIS 85766, 5.  In *Galloway* the court states, "[r]ule 16 is designed to give opposing counsel notice that expert testimony will be presented, permitting 'more complete pretrial preparation' by the opposing side. . . ." *Id*. at 6. All six of the notices were either sufficient or acknowledged by the court that some notices were to be supplemented. *Id*. at 2. Under Rule 16 the Government and Defense have the same requirement as to what qualifies as sufficient notice of an expert's testimony. For a Rape Trauma Expert, the Government provided a notice indicating the subject areas the expert would be testifying to and that was held as sufficient. *Id*. at 11. The Government provided notice of a few doctors and the notice states the individuals " ' . . . are expected to testify as to the cause and manner of the death of the deceased individuals, and to the relevant findings during the autopsies.' "  *Id*. at 12. The Court classified this as sufficient notice. Id. When the Government provided a notice of a Sexual Assault Nurse, the notice stated that they ". . . expec[t] this witness to give her opinion 'based on her relevant findings.' " *Id*. at 12-13. The Court indicated that this notice ". . . does not provide Defendants with any direction or indication of exactly what [the nurse's] opinion might be. However, it may be difficult for the Government to be more specific about [the nurse's] opinion without having received the report." *Id*. at 13. The court ordered that the report be provided to the Defense once it is received. *Id*.

The Notice of Expert Kelly Shafto was sufficient because it provided subject areas that she would be testifying to and the nature of her testimony. Notice of Ms. Shafto was provided on

November 26, 2018 and the Defense acknowledges that a CV was not sent at that time, which was an oversight that has been cured. The nature of her testimony and the subjects were clearly provided. Not only was the Government provided with sufficient information of what Ms. Shafto was going to testify to, the Government is very familiar Ms. Shafto and her credentials as she has testified for them in many drug related cases. Though the Government's knowledge is not the same as providing a CV, it serves significantly to cure any concern about prejudice to the Government.

 Defense will not deny that they failed to provide a CV by the deadline on the Court's Scheduling Order, but the tardiness does not warrant the drastic remedy of exclusion of Ms. Shafto. The CV of Ms. Shafto has since been provided. As stated in the Government's motion, there are three factors that a district court should consider in determining what an appropriate sanction for a Rule 16 violation. The factors are as follows: "(1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) the 'feasibility of curing the prejudice with a continuance.'" *United States v. Banks*, 761 F.3d 1163, 1198-99 (10th Cir. 2014) (*citing United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)). In Galloway, the Court acknowledged there was a delay of providing Defense with the six notices but agreed that exclusion of those witnesses was not warranted. *United States v. Galloway*, 2018 U.S. Dist. LEXIS 85766, 15.

 Defense not providing Ms. Shafto's CV on time does not fall in the *Wicker* factor. First, the reason for the delay of the CV was not in bad faith, but instead an oversight. The Government was provided with a Notice of Ms. Shafto's expected testimony in November of 2018, giving the Government ample time to reach out to her themselves or prepare to meet the proposed testimony. Second, Defense acknowledges that they overlooked providing the CV, but

the Government cannot prove that they will be prejudiced by her testimony when they know the nature and subjects her testimony. The Government has used Ms. Shafto as their witness for many federal trials, especially drug related cases as recently as last year. Third, as the Government states there was a continuance after 21 terabytes[1] of discovery was provided three weeks before the original trial date, but if the court determines that the Government was prejudiced, a continuance would cure the prejudice to give the Government ample time to review Ms. Shafto's CV.

Because Defendant has provided proper notice under Rule 16, Defendant opposes the United States' Motion to Strike Kelly Shafto from testifying at trial.

DATED this 10th Day of May, 2019.

                                      SKORDAS & CASTON, LLC

                                      */s/ Gregory G. Skordas*
                                      Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, I filed a true and correct copy of the foregoing **RESPONSE TO MOTION TO STRIKE DEFENDANT'S EXPERT KELLY SHAFTO** with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov

Kent Burggraaf
kburggraaf@agutah.gov

*/s/ Sabrina Nielsen-Legal Secretary*
SKORDAS & CASTON, LLC