Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
SKORDAS & CASTON, LLC
560 South 300 East, Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO,<br>DREW WILSON CRANDALL,<br>ALEXANDRYA TONGE,<br>KATHERINE BUSIN,<br>MARIO NOBLE, and<br>SEAN GYGI,<br><br>　　　　Defendants. | **RESPONSE TO MOTION TO STRIKE DEFENDANT'S EXPERT DR. TERRI HADDIX**<br><br>Case No. 2:16-CR-00631-DAK<br><br>Judge Kimball |

　　　　Defendant, by and through counsel, opposes the Government's motion to prohibit proposed expert Dr. Terri Haddix from testifying. Defense made adequate Rule 16 disclosure to

the United States. The United States was provided with a summary of Dr. Haddix's expected testimony and her CV. Dr. Haddix has not provided Defense with a final written report; therefore, a written report cannot be provided.

### STATEMENT OF FACTS

1. On November 26, 2018 Defendant provided the government with a Notice of expert Dr. Haddix.
2. The notice identified the nature of Dr. Haddix expected testimony and her credentials.
3. Specifically, the notice stated that Dr. Haddix reviewed the data and information provided with respect to Count 6 of the Second Superseding Indictment ("Death Resulting Count").
4. Also, the notice identified the subject of expected testimony Dr. Haddix was going to provide.
5. Dr. Haddix has not provided Defense with a written report, therefore there is no report to provide the Government.

### ARGUMENT

The Court should allow Dr. Haddix to testify because Defendant's Rule 16 notice was sufficient. Rule 16 (b)(1)(C) states that "[t]he the defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use. . . ." Defendant's notice fits the sufficiency requirement for Rule 16 because Defendant provided the Government with the nature of Dr. Haddix's testimony and what subject area she would be testifying to.

In *United States v. Galloway* the court held that the Government's six untimely expert notices were sufficient under Rule 16 because a written summary of any testimony that the expert witness would give was provided. *United States v. Galloway*, 2018 U.S. Dist. LEXIS 85766, 5. In *Galloway* the court states, "Rule 16 is designed to give opposing counsel notice that expert testimony will be presented, permitting 'more complete pretrial preparation' by the opposing side. . . ." *Id*. at 6. All six of the notices were either sufficient or acknowledged by the court that some notices were to be supplemented. *Id*. at 2. Under Rule 16 the Government and Defense have the same requirement as to what qualifies as sufficient notice of an expert's testimony. For a Rape Trauma Expert, the Government provided a notice indicating the subject areas the expert would be testifying to and that was held as sufficient. *Id*. at 11. The Government provided notice of a few doctors and the notice states the individuals "' . . . are expected to testify as to the cause and manner of the death of the deceased individuals, and to the relevant findings during the autopsies.'" *Id*. at 12. The Court classified this as sufficient notice. *Id*. When the Government provided a notice of a Sexual Assault Nurse, the notice stated that they ". . . expec[t] this witness to give her opinion 'based on her relevant findings.'" *Id*. at 12-13. The Court indicated that this notice ". . . does not provide Defendants with any direction or indication of exactly what [the nurse's] opinion might be. However, it may be difficult for the Government to be more specific about [the nurse's] opinion without having received the report." *Id*. at 13. The Court ordered that the report be provided to the Defense once it is received. *Id*.

The Notice of Dr. Haddix was sufficient because it provided subject areas that she would be testifying to and the nature of her testimony. Notice of Dr. Haddix was provided on November 26, 2018 and the nature of her testimony and the subjects were clearly provided.

Defense has not been provided with a report and therefore does not warrant the drastic remedy of exclusion of Dr. Haddix. As stated in the Government's motion, there are three factors that a district court should consider in determining what an appropriate sanction for a Rule 16 violation. The factors are as follows: "(1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) the 'feasibility of curing the prejudice with a continuance.'" *United States v. Banks*, 761 F.3d 1163, 1198-99 (10th Cir. 2014) (*citing United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)). In Galloway, the Court acknowledged there was a delay of providing Defense with the six notices but agreed that exclusion of those witnesses was not warranted. *United States v. Galloway*, 2018 U.S. Dist. LEXIS 85766, 15.

Defense not providing Dr. Haddix's report does not fall in the *Wicker* factors. First, Defense not having a report to give the Government does not constitute bad faith on Defense's part. Second, the Government cannot prove that they will be prejudiced by her testimony when they know the nature and subjects of Dr. Haddix's testimony. The Government has been provided with the exact count that we anticipate using Dr. Haddix for and exactly what element in that count. The Government has had notice of Dr. Haddix and had not objected to striking her testimony before the original trial date. Third, as the Government states, there was a continuance after 21 terabytes of discovery was provided three weeks before the original trial date to Defense, but if the court determines that the Government was prejudiced, a continuance would cure the prejudice to give the Government ample time to review a report that has not been provided.

Because Defendant has provided proper notice under Rule 16, Defendant opposes the United States' Motion to Strike Dr. Haddix from testifying at trial.

DATED this 10th Day of May, 2019.

                                        SKORDAS & CASTON, LLC


                                        */s/ Gregory G. Skordas*
                                        Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, I filed a true and correct copy of the foregoing **RESPONSE TO MOTION TO STRIKE DEFENDANT'S EXPERT DR. TERRI HADDIX** with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov

Kent Burggraaf
kburggraaf@agutah.gov

*/s/ Sabrina Nielsen-Legal Secretary*
SKORDAS & CASTON, LLC