Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
SKORDAS & CASTON, LLC
560 South 300 East, Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com
Attorneys for Defendant Aaron Michael Shamo

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO,<br>DREW WILSON CRANDALL,<br>ALEXANDRYA TONGE,<br>KATHERINE BUSIN,<br>MARIO NOBLE, and<br>SEAN GYGI,<br><br>  Defendants. | **RESPONSE TO MOTION TO STRIKE DEFENDANT'S EXPERT ERIC WHEELER**<br><br>Case No. 2:16-CR-00631-DAK<br><br>Judge Kimball |

Defendant, by and through counsel, opposes the Government's motion to prohibit proposed expert Eric Wheeler from testifying. Defense made adequate Rule 16 disclosure to the United States. The United States was provided with the nature of Mr. Wheeler's expected

testimony, specific subjects, and his CV. Mr. Wheeler has not provided Defense with a final written report; therefore, a written report cannot be provided.

## STATEMENT OF FACTS

1. On April 26, 2019 Defense provided the government with a Notice of expert Mr. Wheeler.

2. The notice identified the nature of Mr. Wheeler's expected testimony and his credentials.

3. Specifically, the notice stated that the nature of Mr. Wheeler's testimony was going to consist of all the data and information provided by the Government concerning electronic data, electronically stored information, computer, records, and Defendant's alleged use of the "dark web" for drug sales related to several of the counts in the Second Superseding Indictment. The notice provided what electronic devices Mr. Wheeler has reviewed.

4. Importantly, the Government's contention regarding the nature of the discovery Mr. Wheeler is reviewing is incorrect.

5. Defense Counsel was aware of the existence of 11 TBs of Discovery prior to November 2018. The Government subsequently informed Defense Counsel of the existence of nearly 20+ TBs of data in early December 2018.

6. In late 2018 the Government was provided with one of the Co-Conspirator's, Luke Paz's, computer and other electronic data.

7. Defense Counsel's intention in having computer data reviewed was to specifically have the computers and electronics of Drew Crandall and Luke Paz reviewed.

8. The existence of Mr. Paz's computer and electronic information was not revealed to Defense Counsel in the timeframe alleged by the Government.

9. In addition, the Government took nearly three weeks to actually provide the computer forensic data to Defense Counsel once it was requested.

10. Even after receipt of the information, Defense Counsel had to get approval from the CJA Budgeting Attorney before retaining an expert on electronic data. That budget approval could not be obtained until the amount of data to be reviewed was calculated.

11. Defense asked for a continuance due to the unexpected amount of discovery before the trial.

12. Defense was granted the continuance.

13. Defense Counsel had previously retained the Eide Bailly Firm to review the forensic data in this matter.

14. Eide Bailly provided a written estimate to process the new data in February. The CJA budgeting attorney also did not approve the Defense's request, but did not notify Defense Counsel of that concern until March.

15. CJA Budgeting Attorney provided the names of two other experts but Defense Counsel did not receive any response from those proposed experts.

16. The CJA Budgeting Attorney requested Defense Counsel coordinate with a Discovery Attorney to find another expert. The name provided from the Discovery Attorney also did not return contact.

17. In mid-March 2019 after multiple emails and attempts to find an expert that would be approved, Defense Counsel suggested the use of Eric Wheeler as a possible option knowing Trial Tech's familiarity with and reliability in the federal court system.

18. Mr. Wheeler was not approved by the CJA Budgeting Attorney until March 27, 2019. It was several days before the budget came through for Mr. Wheeler to begin working through the massive discovery.

19. Mr. Wheeler has not provided a report to Defense due to the obstacles Defense has experienced in retaining an expert and the unexpected amount of electronic data the Government provided.

## ARGUMENT

### 1. Mr. Wheeler's Expert Notice Complied with Rule 16

The Court should allow Mr. Wheeler to testify because Defendant's Rule 16 notice was sufficient. Rule 16 (b)(1)(C) states that "[t]he the defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use . . . ." Defendant's notice fits the sufficiency requirement for Rule 16 because Defendant provided the Government with the nature of Mr. Wheeler's testimony and what subject area he would be testifying to.

In *United States v. Galloway* the court held that the Government's six untimely expert notices were sufficient under Rule 16 because a written summary of any testimony that the expert witness would give was provided. *United States v. Galloway*, 2018 U.S. Dist. LEXIS 85766, 5. In *Galloway* the court states, "Rule 16 is designed to give opposing counsel notice that expert testimony will be presented, permitting 'more complete pretrial preparation' by the opposing side. . . ." *Id*. at 6. All six of the notices were either sufficient or acknowledged by the court that some notices were to be supplemented. *Id*. at 2. Under Rule 16 the Government and Defense have the same requirement as to what qualifies as sufficient notice of an expert's

testimony. For a Rape Trauma Expert, the Government provided a notice indicating the subject areas the expert would be testifying to and that was held as sufficient. *Id*. at 11. The Government provided notice of a few doctors and the notice states the individuals "' . . . are expected to testify as to the cause and manner of the death of the deceased individuals, and to the relevant findings during the autopsies.'" *Id*. at 12. The Court classified this as sufficient notice. *Id*. When the Government provided a notice of a Sexual Assault Nurse, the notice stated that they ". . . expec[t] this witness to give her opinion 'based on her relevant findings.'" *Id*. at 12-13. The Court indicated that this notice ". . . does not provide Defendants with any direction or indication of exactly what [the nurse's] opinion might be. However, it may be difficult for the Government to be more specific about [the nurse's] opinion without having received the report." *Id*. at 13. The Court ordered that the report be provided to the Defense once it is received. *Id*.

The Notice of Mr. Wheeler was sufficient because it provided subject areas that he would be testifying to and the nature of his testimony. Notice of Mr. Wheeler was provided on April 26, 2019 and the nature of his testimony and the subjects were clearly provided.

Defense has not been provided with a report and therefore does not warrant the drastic remedy of exclusion of Mr. Wheeler. As stated in the Government's motion, there are three factors that a district court should consider in determining what an appropriate sanction for a Rule 16 violation. The factors are as follows: "(1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) the 'feasibility of curing the prejudice with a continuance.'" *United States v. Banks*, 761 F.3d 1163, 1198-99 (10th Cir. 2014) (*citing United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)). In *Galloway*, the Court acknowledged there was a delay of providing

Defense with the six notices but agreed that exclusion of those witnesses was not warranted. *United States v. Galloway*, 2018 U.S. Dist. LEXIS 85766, 15.

Defense not providing Mr. Wheeler's report does not fall in the *Wicker* factor. First, Defense not having a report to give the Government does not constitute bad faith on Defense's part. As mentioned above, there have been many unforeseen events prolonging the production of Mr. Wheeler's report. Second, the Government cannot prove that they will be prejudiced by his testimony when they know the nature and subjects of Mr. Wheeler's testimony. Third, as the Government states, there was a continuance after twenty-one terabytes of discovery was provided three weeks before the original trial date to Defense. As outlined about, nearly half of that data was not previously disclosed to Defense Counsel despite the Government's assertion. If the court determines that the Government was prejudiced, a continuance would cure the prejudice by giving the Government more time to receive a report regarding Mr. wheeler's review of the data.

## 2. Eric Wheeler is Qualified Under *Daubert* Because his Work meets the Required Standard.

Mr. Wheeler is qualified to offer opinions on topics referenced in his expert notice. As stated by the Government, *Daubert* has created a checklist of specific factors for the Court to use in assessing the reliability of scientific expert testimony. The four factors that are suggested for the court to consider are the following: " . . . (1) whether a theory has been or can be tested or falsified; (2) whether the theory or technique has been subject to peer review and publication; (3) whether there are known or potential rates of error with regard to specific techniques; and (4) whether the theory or approach has general acceptance." *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2004). It has been made clear " . . . that this list is neither definitive nor

exhaustive and that a trial judge has wide discretion both in deciding how to assess an expert's reliability and in making a determination of that reliability." *Id*. at 1233.

Mr. Wheeler's sufficient experience with electronic data makes his opinion's reliable. Mr. Wheeler has presented evidence in over a hundred trials. Going through the Daubert factors, any theory of electronically stored data that he has been presented by Mr. Wheeler can be tested or verified through reliable methods. His theories in trials have been generally accepted. Mr. Wheeler's theories and expertise have been reliable.

Because Defendant has provided proper notice under Rule 16 and his work qualifies as being reliable, Defendant opposes the United States' Motion to Strike Mr. Wheeler from testifying at trial.

DATED this 10th Day of May, 2019.

SKORDAS & CASTON, LLC


*/s/ Gregory G. Skordas*
Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, I filed a true and correct copy of the foregoing **RESPONSE TO MOTION TO STRIKE DEFENDANT'S EXPERT ERIC WHEELER** with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov

Kent Burggraaf
kburggraaf@agutah.gov


                                              */s/ Sabrina Nielsen-Legal Secretary*
                                              SKORDAS & CASTON, LLC