JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: michael.gadd@usdoj.gov

---

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00631-DAK |
| Plaintiff, | REPLY TO THE DEFANDANT'S RESPONSE TO MOTION TO STRIKE DEFENDANT'S EXPERT KELLY SHAFTO |
| vs. | |
| AARON MICHAEL SHAMO, | |
| Defendant. | Judge Dale A. Kimball |

The United States, by and through Michael Gadd, Special Assistant United States

Attorney, provides the following reply to the defendant's response to the United States' Motion

to Strike Defendant's Expert Kelly Shafto.  The defendant's expert notice, even as amended,

continues to leave the United States with very little information about Ms. Shafto's opinions, the

"bases and reasons for those opinions," and with no way of adequately assessing the proffered

testimony to determine whether to file a *Daubert* challenge or adequately prepare for cross

examination.

The Court should not allow Kelly Shafto to testify because defendant's Rule 16 notice

was insufficient.   A defendant's expert summary is required to include the "witness's opinions,

the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P,

16(b)(1)(C).

While the defendant has recently provided the curriculum vitae of Kelly Shafto, he has failed to provide the opinions of Ms. Shafto and the basis of her opinions.  The defendant argues in his response that Ms. Shafto's opinions were adequately summarized in his initial notice.[1] The defendant's notice of expert, which was not substantially different when compared to his amended notice, included three sentences simply stating Ms. Shafto had reviewed the provided information and would be testifying to the general background of the case and the techniques and practices employed within the investigation.  These assertions do not convey the opinions Ms. Shafto plans to express when she testifies, nor the bases on which those opinions rely.

In his response, the defendant failed to address the binding case law cited in the United States' initial motion and instead relied on a non-binding, unpublished order from *United States v. Galloway, et al*, from the district of New Mexico.[2]  Binding precedent is clear.  Notice must include "the witness's opinions, the bases and reasons for those opinions, and the witness's qualification."[3]

The defendant asserts that his brief notice is permissible based upon the rational of a non-binding and unpublished order in *United States v. Galloway*, No. 1:17-CR-01235-WJ, 2018 WL 2303106, (D.N.M. May 21, 2018) (unpublished).[4]  The defendant erroneously contends that expert notices in *Galloway* are analogous to the current case.

---

[1] Response to Motion to Strike Defendant's Expert Kelly Shafto, Doc. 208; Notice of Expert, Doc. 199-1; *see also* Amended Notice of Expert, Doc. 206.  The defendant argued that the United States was "very familiar" with Ms. Shafto and that she testified in a federal drug case (presumably in the District of Utah) within the last year. Doc. 208 at 5-6. The three assigned prosecutors for the United States have never heard of Ms. Shafto. To the best of their memories, Ms. Shafto did not testify in a federal drug trial in Utah in the last year.

[2] Motion to Strike Defendant's Expert Kelly Shafto, Doc. 199.
[3] Fed R. Crim. P. 16(b)(1)(C)
[4] Cited in the Defendant's Response as *United States v. Galloway,* 2018 U.S. Dist. LEXIS 85766.

The defendant's argument relies on the notices given for Ann Burgess, a rape trauma expert, and Sherrie Cordova, a sexual assault nurse, both experts for the Government whose notices were opposed by Galloway and her co-defendants.  Those notices do not support the defendant's argument because (1)Ms. Cordova's notice led the court to require more information to be provided to Galloway and her co-defendants once it was available to the United States; and (2) the notice of Ms. Burgess was only specific enough to suffice as adequate notice because it detailed explicit examples of issues regarding human trafficking which she was going to address in her testimony. Also, (3) the defendant failed to address that the notice of Mr. Jay Stuart, a ballistics expert for the Government in *Galloway*, which was found to be insufficient despite having been supplemented by two highly technical ballistic reports.  *Id.*  The unpublished order in *Galloway* does not support the defendant's insufficient notice for Kelly Shafto.

### 1.  The Government's Notice Regarding Ms. Cordova was Deemed Sufficient Only After Being Supplemented with a Necessary Report

The court in *Galloway* remarked that the notice of the Ms. Sherrie Cordova, which stated that she was, "to give her opinion 'based on her relevant findings'," was "sketchy" because it did not provide Galloway or her co-defendants with "any direction or indication of exactly what Ms. Cordova's opinion might be." *Id. at 5.*  The Government was waiting to receive the official Sexual Assault Nurse Examination report from Ms. Cordova—the report on which her testimony would be founded.  *Id.* at 5.  The court required that the notice be supplemented with "more specific information as to the nature of Ms. Cordova's opinions on receipt of the report". *Id.* This example is in no way equivalent to the notice provided by the defendant regarding Ms. Shafto.  The defendant has not claimed Ms. Shafto is waiting upon the receipt of pertinent information necessary for the preparation of her opinions.

The defendant has made contradictory statements about Ms. Shafto's report. The defendant has been promising it would disclose Ms. Shafto's report since November 2018.[5]  No report has been provided to the United States. In his amended notice the defendant stated "[a]s soon as [a final written report] is available, it will be made available to the Government." Doc. 206 at 1. But on the same day, the defendant wrote in his motion response that "Ms. Shafto has no written opinion; therefore, a written opinion cannot be provided." Doc. 208, at 2.

## 2.   The List of *Explicit* Examples That Would be Addressed by Ms. Burgess in Her Testimony was Found to not Be Overly General and Constituted Valid Notice

The defendant asserts that merely giving notice of the general areas of which the expert would be testifying is sufficient notice under Rule 16.[6]  The defendant based this argument on the example of the Ms. Burgess in *Galloway*.  In *Galloway*, Ms. Burgess' notice was deemed to have satisfied Rule 16 because it was "specific enough to provide sufficient notice" to allow for adequate trial preparation. *Id.* at 4 (emphasis added). The notice stated that Ms. Burgess would, "testify regarding her expertise in the areas of children who are exploited through sex rings, female juvenile prostitution, coping behavior of the rape victim, post-traumatic stress and rape trauma, and delayed reporting." *Id.* These examples provided within the notice are extremely concise. They explicitly state what Ms. Burgess' testimony would include, and are in no way as general as the defendant asserts. And the *Galloway* court's order does not indicate whether Ms. Burgess had authored reports that had been given previously to Galloway and her co-defendants in discovery.

---

[5] See Doc. 199-1.
[6] Response to Motion to Strike Defendant's Expert Kelly Shafto, Doc. 208.

This example proffered by the defendant is distinguishable from his current notice for Ms. Shafto.  In *Galloway.* Burgess' notice included specific features of human trafficking that would be addressed within her testimony. Conversely, the notice provided by the defendant merely asserts that Ms. Shafto will testify generally to the "police procedure, general investigation techniques and practices" regarding the investigation of the defendant. If the defendant had provided the United States a detailed report from Ms. Shafto and been more specific in its notice, the Court might have been placed in a better position to find Ms. Shafto's notice sufficient.

> **3.** **The Defendant Failed to Address the Notice of Mr. Stuart, Which was Deemed Inadequate Due to Lack of Detail Despite Having Two Technical Reports Attached**

In *Galloway*, the government provided the following notice of ballistic expert Mr. Jay Stuart. "Mr. Stuart will testify as to the results of ballistic analysis on ammunition and firearms recovered during two homicide investigations." *Id*. at 3.  The reports mentioned were provided as exhibits. *Id.* However, despite the notice having been supplemented with highly detailed reports, the court in *Galloway* ruled that there was no way "to infer from the Notice exactly what Mr. Stuart's opinion will be." *Id*. The court reasoned that although the reports were provided with the notice, Galloway and her co-defendants had no way to infer "exactly what Mr. Stuart's opinion will be." *Id.* The government was ordered to provide Mr. Stuart's exact opinion. *Id*.

The example of Mr. Stuart directly conflicts with the rational utilized by the defendant regarding the notice of Ms. Shafto.  The government's brief notice for Mr. Stuart is just like the

notice provided by the defendant for Ms. Shafto—neither included the expert's opinions.[7]  As

was found with Mr. Stuart, such general statements are insufficient to satisfy Rule 16.

Furthermore, Mr. Stuart's notice was deemed insufficient despite the inclusion of two highly

technical ballistic reports that clarified his future testimony.[8]  The defendant has provided no

such reports or any additional documentation from Ms. Shafto that might help the United States

infer what her opinions will be.

The defendant elected to forego addressing the binding law cited by the United States in

its motion to exclude Ms. Shafto's testimony. Instead, the defendant cited to a non-binding,

unpublished pre-trial order. Because the notice for Kelly Shafto was insufficient, the United

States continues to respectfully urge the Court to prohibit Ms. Shafto from testifying at trial.

Respectfully submitted this 17th day of May, 2019.

JOHN W. HUBER
United States Attorney

 */s/ Michael Gadd*
MICHAEL GADD
Special Assistant United States Attorney

---

[7] Notice of Expert, Doc. 199-1; *see also* Amended Notice of Expert, Doc. 206.

[8] The *Galloway* court recognized that for complex scientific testimony or testimony on other technical areas, disclosure obligations increased. *Id*. at 4 (*citing United States v. Goxcon-Chagal*, 886 F. Supp. 2d 1222, 1254 (D. N.M. 2012); *United States v. Jackson*, 51 F. 3d 646, 651 (7th Cir. 1995)). It is unclear from the notice provided for Ms. Shafto whether her testimony will also cover technical areas that raise the defendant's disclosure obligations.