JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: michael.gadd@usdoj.gov

---

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00631-DAK |
| Plaintiff, | REPLY TO THE DEFANDANT'S RESPONSE TO MOTION TO STRIKE DEFENDANT'S EXPERT ERIC WHEELER |
| vs. | |
| AARON MICHAEL SHAMO, | |
| Defendant. | Judge Dale A. Kimball |

---

The United States, by and through Michael Gadd, Special Assistant United States

Attorney, provides the following reply to the defendant's response to the United States' Motion

to Strike Defendant's Expert Eric Wheeler.  The defendant's expert notice leaves the United

States with very little information about Mr. Wheeler's opinions, the "bases and reasons for

those opinions," and no way of adequately assessing the proffered testimony to prepare for cross-

examination.  Should the Court determine that notice, or a future supplemental notice, for Mr.

Wheeler complies with Rule 16, the United States maintains its request that the Court set a

*Daubert* hearing the final day of the pre-admission hearing, May 31, 2019, for the defendant to

show that Mr. Wheeler is in fact qualified to offer his opinions as they relate to (1) computer

forensics, (2) the Dark Net, and (3) other specialized areas of knowledge .

The current Rule 16 notice for Mr. Wheeler is insufficient. The Court should not allow Eric Wheeler to testify.   A defendant's expert summary is required to include the "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P, 16(b)(1)(C).

While the defendant has provided the curriculum vitae of Eric Wheeler, he has failed to provide the opinions of Mr. Wheeler, the basis of his opinions, and qualifications he has that allow him to speak on those potential opinions.  The defendant argues in his response that Mr. Wheeler's opinions were adequately summarized in his initial notice.[1]  The defendant's notice of expert included two sentences about his proposed testimony; the notice stated Mr. Wheeler had reviewed all of the data and information provided by the United States and would be testifying as to the "nature of online records, content of those records, and the foundation of those records" and to matters that occurred on the Dark Net.  These declarations do not convey any opinions Mr. Wheeler plans to express when he testifies. The defendant's notice further failed to show how Mr. Wheeler is qualified to offer an opinion on the Dark Net, the computer forensics performed by law enforcement in the investigation, and related subjects.

In his response, the defendant failed to address the binding case law cited in the United States' initial motion and instead relied on a non-binding, unpublished order from the district of New Mexico.[2]  Binding precedent is clear.  Notice must include "the witness's opinions, the bases and reasons for those opinions, and the witness's qualification."[3]

---

[1] Response to Motion to Strike Defendant's Expert Eric Wheeler, Doc. 210; Notice of Expert Eric Wheeler, Doc. 195.
[2] Motion to Strike Defendant's Expert Eric Wheeler, Doc. 201.
[3] Fed R. Crim. P. 16(b)(1)(C).

The defendant asserts that his brief notice is permissible based upon the rational of a non-binding and unpublished order in *United States v. Galloway*, No. 1:17-CR-01235-WJ, 2018 WL 2303106, (D.N.M. May 21, 2018) (unpublished).[4]  The *Galloway* case has not yet been tried to a jury; the court in *Galloway* could revisit its ruling.  The defendant erroneously contends that expert notices in *Galloway* are analogous to the current case.

The defendant's argument relies on the notices given for Ann Burgess, a rape trauma expert, and Sherrie Cordova, a sexual assault nurse, both experts for the Government whose notices were opposed by Galloway and her co-defendants.  Those notices do not support the defendant's argument because (1) Ms. Cordova's notice led the court to require more information to be provided to Galloway and her co-defendants once it was available to the United States; and (2) the notice of Ms. Burgess was only specific enough to suffice as adequate notice because it detailed explicit examples of issues regarding human trafficking which she was going to address in her testimony. Also, (3) the defendant failed to address that the notice of Mr. Jay Stuart, a ballistics expert for the Government in *Galloway*, which was found to be insufficient despite having been supplemented by two highly technical ballistic reports.  *Id.*  The unpublished order in *Galloway* does not support the defendant's insufficient notice for Eric Wheeler.

### 1. The Government's Notice Regarding Ms. Cordova was Insufficient and Required Supplementation

The court in *Galloway* remarked that the notice of Ms. Sherrie Cordova, which stated that she was, "to give her opinion 'based on her relevant findings'," was "sketchy" because it did not

---

[4] Cited in the Defendant's Response as *United States v. Galloway,* 2018 U.S. Dist. LEXIS 85766.

provide Galloway or her co-defendants with "any direction or indication of exactly what Ms. Cordova's opinion might be." *Id. at 5.* The Government was waiting to receive the official Sexual Assault Nurse Examination report from Ms. Cordova—the report on which her testimony would be founded. *Id.* at 5. The court required that the notice be supplemented with "more specific information as to the nature of Ms. Cordova's opinions on receipt of the report". *Id.* This example is in no way equivalent to the notice provided by the defendant regarding Mr. Wheeler. The defendant inferred that Mr. Wheeler is drafting a report that will state his opinions. Doc. 195 at 2.

### 2. The List of *Explicit* Examples That Would be Addressed by Ms. Burgess in Her Testimony was Found to not Be Overly General and Constituted Valid Notice

The defendant asserts that merely giving notice of the general areas of which the expert would be testifying is sufficient notice under Rule 16.[5] The defendant based this argument on the example of the Ms. Burgess in *Galloway*. In *Galloway*, Ms. Burgess' notice was deemed to have satisfied Rule 16 because it was "specific enough to provide sufficient notice" to allow for adequate trial preparation. *Id.* at 4. The notice stated that Ms. Burgess would, "testify regarding her expertise in the areas of children who are exploited through sex rings, female juvenile prostitution, coping behavior of the rape victim, post-traumatic stress and rape trauma, and delayed reporting." *Id.* These examples provided within the notice are concise. They explicitly state what Ms. Burgess' testimony would include and are in no way as general as the defendant asserts. And the *Galloway* court's order does not indicate whether Ms. Burgess had authored reports that had been given previously to Galloway and her co-defendants in discovery.

---

[5] Response to Motion to Strike Defendant's Expert Eric Wheeler, Doc. 210.

This example proffered by the defendant is distinguishable from his current notice for Mr. Wheeler.  In *Galloway.* Burgess' notice included specific features of human trafficking that would be addressed within her testimony. Conversely, the notice provided by the defendant merely asserts that Mr. Wheeler will testify generally to the nature, content, and foundation of online records as well as "alleged activity of the Defendant which occurred on the "Dark Web." Doc. 195 at 1-2. If the defendant provides the United States a detailed report from Mr. Wheeler and adds specificity to its notice, the Court might be placed in a better position to find Mr. Wheeler's notice sufficient.

3. **The Defendant Failed to Address the Notice of Mr. Stuart, Which was Deemed Inadequate Due to Lack of Detail Despite Having Two Technical Reports Attached**

In *Galloway*, the government wrote the following in its notice of ballistic expert Mr. Jay Stuart. "Mr. Stuart will testify as to the results of ballistic analysis on ammunition and firearms recovered during two homicide investigations." *Id*. at 3.  The reports mentioned were provided as exhibits. *Id.* However, despite the notice having been supplemented with highly detailed reports, the court in *Galloway* ruled that there was no way "to infer from the Notice exactly what Mr. Stuart's opinion will be." *Id*. The court reasoned that although the reports were provided with the notice, Galloway and her co-defendants had no way to infer "exactly what Mr. Stuart's opinion will be." *Id.* The government was ordered to provide Mr. Stuart's exact opinion. *Id*.

The example of Mr. Stuart directly conflicts with the rational utilized by the defendant regarding the notice of Mr. Wheeler.  The government's brief notice for Mr. Stuart is just like the notice provided by the defendant for Mr. Wheeler—neither included the expert's opinions.  As was found with Mr. Stuart, such general statements are insufficient to satisfy Rule 16.

Furthermore, Mr. Stuart's notice was deemed insufficient despite the inclusion of two highly technical ballistic reports that clarified his future testimony.  The defendant has provided no such reports or any additional documentation from Mr. Wheeler that might help the United States infer what his opinions will be.

The *Galloway* court recognized that for complex scientific testimony or testimony on other technical areas, disclosure obligations increased. *Id*. at 4 (*citing United States v. Goxcon-Chagal*, 886 F. Supp. 2d 1222, 1254 (D. N.M. 2012); *United States v. Jackson*, 51 F. 3d 646, 651 (7th Cir. 1995)). Mr. Wheeler's proposed testimony about computer forensic analysis and the Dark Net is complex scientific testimony that requires more disclosure from the defendant.

The defendant elected to forego addressing the binding law cited by the United States in its motion to exclude Mr. Wheeler's testimony. Instead, the defendant cited to a non-binding, unpublished pre-trial order. Because the notice for Eric Wheeler was insufficient, the United States continues to respectfully urge the Court to prohibit Mr. Wheeler from testifying at trial.

Respectfully submitted this 17th day of May, 2019.

JOHN W. HUBER
United States Attorney

 */s/ Michael Gadd*
MICHAEL GADD
JOHN W. HUBER
United States Attorney