Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS & CASTON, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant Aaron Shamo

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. AARON MICHAEL SHAMO, et. al., Defendant. | **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE E-CURRENCY DOLLAR AMOUNT** Case No. 2:16-CR-00631 DAK Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel of record, hereby moves the Court to enter an order excluding evidence that the government intends to introduce at trial. The proffered evidence is not in accordance with Federal Rules of Evidence 104 and 403.

The Government asks the court to allow references to the dollar value of cryptocurrencies for five reasons: (1) the present and historical dollar value of Bitcoin is widely known and

readily accessible from commercial exchanges: (2) the cryptocurrency seized from the defendant's wallets came solely from illicit activity: (3) revealing the auction price to the jury will not create unfair prejudice against the defendant because exchange rates can be easily explained; (4) unlike in a commercial bank saving or checking account, cryptocurrency wallet software applications do not offer compounding interest to their customers; and (5) even if some of the cryptocurrency in the defendant's wallets was "garnered" by his co-conspirators, the defendant has co-conspirator liability for all of the cryptocurrency found in his wallets.

    The Government should be limited when referring to cryptocurrencies because of the severity of the prejudicial effect it will have on Mr. Shamo. Specifically, if the Government is insistent in referring to the cryptocurrency in a U.S. Dollar amount, those amounts should only be specified in two ways. First, if the Government is referring to the U.S. Dollar amount of a specific transaction, it should only be allowed to refer to that transaction by the "exchange rate" at the specific point in time when that transaction occurred. If the historical information is not available or not readily provable, the Government should only be allowed to refer to the amount of cryptocurrency alleged to have been exchanged. Second, if the Government is going to refer to amount of cryptocurrency in the e-wallets at the point in time when Mr. Shamo was arrested and those e-wallets were seized in a U.S. Dollar amount, then the Government should be limited to referring to the "exchange rate" at the specific point in time when those e-wallets were seized and no longer in the possession of Mr. Shamo or any co-conspirator. The Government should specifically be limited from mentioning the amount of money received from the auctioning of the cryptocurrency during a historical highpoint for that exchange rate. The Government should further be limited from describing the present-day exchange rate of that cryptocurrency. Anything outside of this scope is either irrelevant or prejudicial to Mr. Shamo.

The government excludes the most important part of Rule 403 and that is that even relevant evidence with probative value may be excluded. *United States v. Watson*, 766 F.3d 1219, 1241 (10th Cir. 2014). As stated in *Watson*, ". . . 'court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Id*. (citing to Fed. R. Evid. 403). The information of cryptocurrency that the government wants to present outside the limiting instruction is unfairly prejudicial ". . . 'because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly or apart from its judgement as to his guilt or innocence of the crime charged.'" *United States v. Nevels*, 490 F.3d 800, 805 (10th Cir. 2007) (citing *United States v. Leonard*, 439 F.3d 648, 652 (10th Cir. 2006). Evidence of wealth or profits derived from an illegitimate source with regard to a claim of conspiracy only become relevant upon a showing that the proceeds were actually garnered during the period of the alleged conspiracy. *United States v. Miller,* 549 F. Supp 2d 1312, 1327 (Dist. Kan 2008) (citing *United States v. Penny,* 60 F.3d 1257, 1263 (7th Cir. Ct. App. 1995).

1. **The Government should be limited when referring to cryptocurrencies because of the prejudicial effect.**

The Government should be limited in any references to the dollar amount of e-currency alleged to be in the possession or control of Mr. Shamo at the time of his arrest or any amount attributed to the conspiracy. The currency amount that the Government intends to introduce is not relevant, prejudicial in a manner inconsistent with the Federal Rules of Evidence, and inaccurate. Even if the government can determine that none of the cryptocurrency seized from

those e-wallets came from a legitimate source, the evidence, as outlined by the Government, does not comport with the requirements of FRE 403 or established case law on the issue.

Specifically, stating the amount of cryptocurrency in terms of the current day exchange rate or even in regard to the amount garnered by the Government at auction would be significantly prejudicial because it will provoke a response from the jury affecting the jury's attitude toward the Mr. Shamo. The inference that this alleged conspiracy generated profits in the amount ultimately collected by the Government at auction would lead to a significantly prejudicial inference against Mr. Shamo and paint a picture of proceeds and profits that is wholly inaccurate.

Even if the court finds that Mr. Shamo is liable for all of the cryptocurrency found in these wallets as a result of the doctrine of under the *Pinkerton* Doctrine, sharing that amount in the manner discussed above would be significantly prejudicial. Furthermore, as outlined in case law, the amount alleged to have been garnered by the Government at auction was a proceed or profit realized during the time period outside of the alleged conspiracy and thus should be inadmissible. The prejudice from introducing this evidence to the jury far outweighs any probative value it may add. FRE 403. Limiting the scope of cryptocurrency is the only way to prevent significant unfair prejudice.

WHEREFORE, Mr. Shamo, respectfully requests the court order that any mention of the e-currency's dollar amount be limited, in the manner outlined above

DATED this 17th day of May 2019.

                SKORDAS & CASTON, LLC

                */s/ Gregory G. Skordas*

Gregory G. Skordas

*/s/ Kaytlin V. Beckett*
Kaytlin V. Beckett

*/s/ Daryl P. Sam*
Daryl P. Sam

**CERTIFICATE OF SERVICE**

I hereby certify that on the May 17, 2019, I electronically filed a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE E-CURRENCY DOLLAR AMOUNT**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov