Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS & CASTON, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant Aaron Shamo

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE FOR ORDER EXCLUDING EVIDENCE- REFERENCE TO OVERDOSE DEATHS |
|---|---|
| Plaintiff, | |
| v. | |
| AARON MICHAEL SHAMO, et. al., | |
| Defendant. | Case No. 2:16-CR-00631 DAK |
| | Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel of record, hereby moves the Court to enter an order excluding evidence that the government intends to introduce at trial. The proffered evidence is not in accordance with Federal Rules of Evidence 104, 401, and 403.

The Government has indicated it intends to proffer before the jury that E.B., C.V., G.K., and G.L. all died as a result of a drug overdoses. The Government further proffers testimony as

to the nature of those overdose deaths. The Government intends to offer evidence to establish that the drug trafficking organization at the heart of this matter supplied drugs to these individuals. The Government further acknowledges that Mr. Shamo is not on trial for those deaths and the Government has not proffered evidence which could conclusively tie Mr. Shamo to those overdose deaths. The Government further acknowledges that it does plan to argue Mr. Shamo is responsible for at least one overdose death, R.K. The Government proffers that the information is probative because it allows the investigator to explain why those individuals were not interviewed or called to testify.

     Rule 403 allows for the exclusion of evidence where its probative value is substantially outweighed by the danger of unfair prejudice. Rule 403 exclusionary impact is proper where the proffered evidence has a tendency to suggest a decision on improper basis. *United States v. Watson,* 766 F.3d 1219, 1242 (10th Cir. 2004). The prejudicial impact must be evaluated in conjunction with the probative value. There is limited probative value in explaining to a jury why certain witnesses are not available to testify at trial. There is no probative value in explaining to the jury that a witness was unavailable for trial as a result of dying from a drug overdose. There is even less probative value in proclaiming to the jury that four witnesses are unavailable for trial as a result of multiple independent drug overdoses. This prejudicial impact, in the context of a case involving a "death resulting" count, substantially outweighs the non-existence probative value of mentioning the overdoses of certain non-parties, non-victims.

     The Government's offer to allow a limiting instruction regarding the overdose is disingenuous. It can be very easily inferred from the statement of facts proffered by the Government in their memorandum, that they plan to outline the facts behind each one of these overdose deaths in a fashion not much different than the manner in which they intend to outline

the death of R.K. In short, though the Government is open to the idea of a limiting instruction the intention is to nonetheless allow the jury to make conclusions about not only the cause of these overdose deaths but to paint Mr. Shamo as the person responsible for feeding their addictions which ultimately resulted in these overdose deaths.

    This type of prejudicial inference is the exact type of prejudicial impact Rule 403 is intended to combat. The Government has not posited a single probative fact allowing for the admission of evidence regarding the death of these four individuals resulting from drug overdoses. The Government, instead, argues that they must be able to expound upon a witness' unavailability. The Government can, and should, be required to simply acknowledge that the individual was not available to testify or for interviews. Expounding further than that is unnecessary, irrelevant, and unfairly prejudicial without any probative value with which to establish admissibility under Rule 403.

    WHEREFORE, Aaron Shamo, respectfully request the Court enter an order prohibiting the Government from mentioning the alleged overdose deaths of any individual not specifically outlined in the "death resulting" count.

    DATED this 17th day of May, 2019.

    SKORDAS & CASTON, LLC

    */s/ Gregory G. Skordas*
    Gregory G. Skordas

    */s/ Kaytlin V. Beckett*
    Kaytlin V. Beckett

    */s/ Daryl P. Sam*
    Daryl P. Sam

**CERTIFICATE OF SERVICE**

I hereby certify that on the May 17, 2019, I electronically filed a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE FOR ORDER EXCLUDING EVIDENCE-REFERENCE TO OVERDOSE DEATHS**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov

/s/ *Sabrina Nielsen-Legal Secretary*
SKORDAS & CASTON, LLC