Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS & CASTON, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant Aaron Shamo

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AARON MICHAEL SHAMO, et. al., <br><br> Defendant. | **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE FOR ORDER EXCLUDING EVIDENCE-PHOTOGRAPHS OF R.K.** <br><br> Case No. 2:16-CR-00631 DAK <br><br> Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel of record, hereby moves the Court to enter an order excluding evidence that the government intends to introduce at trial. The proffered evidence is not in accordance with Federal Rules of Evidence 104, 401, and 403.

The Government has specifically proffered three photos they believe are necessary to their case against Mr. Shamo in relation to the "death resulting" count: (1) photograph depicting

the face and upper-torso of a deceased R.K.; (2) a close-up of the first photograph, which graphically depicts blood, mucus, and discoloration of R.K.'s face; (3) a photograph depicting what appears to be the lower body of R.K. after he was discovered deceased by his roommate. The contents of these photos are not relevant, and their prejudicial impact substantially outweighs any probative value the Government can fabricate.

The Government argues that the documents are necessary to establish elements that differentiate between an opioid death and a death related to cocaine or multiple drug toxicity. These pictures, as supplied by the Government, are neither necessary nor sufficient to establish such. Nothing prohibits the Government's expert from expounding upon the information she reviewed in making her ultimate conclusion as to the "but for" cause of R.K.'s death. If the Government's expert believes the presence of blood and mucus around R.K.'s face at the time of his death is the result of an opioid death, she can make such a conclusion absent showing such inflammatory photographs to the jury.

Rule 403 allows for the exclusion of evidence where its probative value is substantially outweighed by the danger of unfair prejudice. Rule 403 exclusionary impact is proper where the proffered evidence has a tendency to suggest a decision on improper basis. *United States v. Watson,* 766 F.3d 1219, 1242 (10th Cir. 2004). The Government relies heavily on the holding in *United States v. Soundingsides,* for the supposition that gruesome autopsy photos are admissible if they aid in the testimony of a pathologist. 820 F.2D 1232 (10TH Cir. 1987). *Soundingsides* also specifically outlined the probative value of those gruesome photos was to demonstrate a required element of the charged offense, malice aforethought. *Id.* at 1243. The trial judge further noted that the probative nature of the photos was in that they demonstrated "something that couldn't be otherwise seen."

The disposition in *Soundingsides,* in fact, cut against admissibility. The prejudicial impact must be evaluated in conjunction with the probative value. The Government in this instance has suggested minimal probative value to the three photos proffered; namely, the presence of mucus and blood in those photos suggesting the death was a result of opioid overdose and not cocaine or multiple drug toxicity. There is significant room for other more probative and less prejudicial evidence- the testimony of those on scene and those who examined the body of R.K. In short, the photographs demonstrate something that can otherwise be demonstrated without the risk of unfair prejudice to Mr. Shamo.

The Government is in no manner prohibited from discussing the findings of a medical examiner who conducted the autopsy of R.K. The Government is in no manner prohibited from asking individuals present during R.K.'s overdose what their actions were. The Government can elicit necessary testimony of the nature not available in *Soundingsides.*

WHEREFORE, Aaron Shamo respectfully request the Court enter an order prohibiting the admission of unnecessarily prejudicial photographs depicting the death of R.K.

DATED this 17th day of May, 2019.

SKORDAS & CASTON, LLC

/s/ Gregory G. Skordas
Gregory G. Skordas

/s/ Kaytlin V. Beckett
Kaytlin V. Beckett

/s/ Daryl P. Sam
Daryl P. Sam

## CERTIFICATE OF SERVICE

I hereby certify that on the May 17, 2019, I electronically filed a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE FOR ORDER EXCLUDING EVIDENCE-PHOTOGRAPHS OF R.K.**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Adam S. Elggren
Adam.elggren@usdoj.gov

*/s/ Sabrina Nielsen-Legal Secretary*

SKORDAS & CASTON, LLC