Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS & CASTON, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant Aaron Shamo

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AARON MICHAEL SHAMO, et. al., <br><br> Defendant. | **REPLY IN SUPPORT OF MOTION TO CONTINUE FOR WILLFUL FAILURE TO PROVIDE BRADY/GIGLIO MATERIAL** <br><br> Case No. 2:16-CR-00631 DAK <br><br> Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel of record, hereby moves the Court to enter an order to continue the trial currently scheduled to begin June 17, 2019, based on the Defense not having the reasonable time necessary for effective preparation and the Government's negligent failure to provide *Brady/Giglio* material in advance of trial, pursuant to the Due Process Clause of the U.S. Constitution, and Def. R. Crim P. 16. In support, the Defendant alleges as follows:

**STATEMENT OF RELEVANT FACTS**

1. Defendant, by reference, hereby incorporates that outlined statement of facts in the originating motion.

2. As of the date of this filing, Defense's expert Eric Wheeler, was provided an external hard drive containing 6.2TBS of data just regarding Mr. Crandall and Mr. Paz. (Attachment A, Compilation from Eric Wheeler).

3. According to Mr. Wheeler, 2.83 TBs of that data is the forensic image of alleged Co-conspirator, Jonathan Luke Paz's computer. This is the computer at issue. (*Id.*)

4. In the original hard drives provided to Defense Counsel, the forensic image of Mr. Paz's computer was labeled as a subfolder titled "Luke Paz iMac." That label was not added by Defense Counsel, it was the name of the file at the time it was provided.

5. In the Discovery most recently provided to Mr. Wheeler there is a stand-alone file labeled "image," which appears to represent the forensic image of Mr. Paz's computer.

6. Nonetheless, the Government now contends that the hard drives provided to Mr. Wheeler were copied from the exact same hard drives previously provided to Defense Counsel.

7. This particular computer, and the Government's possession of it, was not known to the Defense until the end of 2018, when Defense Counsel requested the available electronic forensic data from the US Attorney's Office.

8. Defense Counsel's intention in seeking that electronic data was to have a forensic review of that iMac.

9. Defense Counsel delivered the hard drives, via LMI Messenger Services, to the US Attorney's Office, with white sticker labels identifying the case number associated with this case.

10. Defense Counsel filed their Notice of Expert regarding Mr. Wheeler believing Mr. Wheeler had indeed reviewed the available image of Mr. Paz's computer; because, in fact, Mr. Wheeler had reviewed what was provided to him.

11. On May 22, 2019, an email from Plaintiff's Counsel, Kent Burggraaf, indicates that the combined file size of the Government's "Paz" and "Drew Crandall" files is 1.98 TB in total. That is clearly inaccurate. (Attachment B, Email Correspondence).

12. This email correspondence from Mr. Burrgraaf also indicated that a verification process and/or specific software would be the only way to ensure the proper transfer of those files. No such instruction had ever been given to Defense Counsel upon receipt of those hard drives.

13. As previously outlined, no other computer files were missing in their entirety from defense's files, just the Luke Paz iMac, which Defense Counsel was intentionally seeking to review.

14. In short, the *Brady/Giglio* material cited by the Defense in their original motion was specifically the failure to provide the Forensic Image of the Paz iMac.

15. The only disclosure from the Paz iMac, of any meaningful content, occurred with the production of the Government's Exhibits. That disclosure spurred Defense Counsel and Mr. Wheeler to re-examine what had been provided and make immediate contact with the US Attorney's Office to rectify the non-disclosure.

## ARGUMENT

Defense Counsel committed no error in copying files or relaying such copies to Mr. Wheeler for review. As thoroughly outlined above, Defense Counsel timely sought the Forensic Image of the Paz iMac. The Government provided no specific instruction on how they had copied the files

or how such files needed to be copied. Defense Counsel copied such files with almost no errors, including the complete copying of nearly every other computer, thumb drive, and external hard drive without incident. Nonetheless, the Government now contends that a verification process or software was required for such transfer. Similarly, the Government has insisted that the combined file size of the Paz and Crandall files amounted to 1.98 TB. Mr. Wheeler has provided a vastly different analysis; outlining that the iMac alone consists of 2.83 TBs of data. The Government's motion even concedes that the forensic image was spread over three hard drives. The files copied by Defense Counsel regarding the Paz iMac, were not spread over three hard drives. Defense Counsel specifically remembers the file label of Luke Paz iMac and such file was not spread over three separate hard drives when received by Defense Counsel's office.

In addition, the Government argues that the files provided to Defense Counsel in December are still intact on the hard drives previously provided. Yet, the Government's newly provided discovery includes files labeled in a manner wholly different than that provided to Defense Counsel previously. The Government also contends that it did not provide those exact hard drives to Mr. Wheeler out of fear that they would be copied incorrectly by defense counsel, despite the fact that they would simply have been provided to a computer forensic expert for review without Defense Counsel having to copy them.

Furthermore, Mr. Wheeler specifically request Native Files from the Government to expedite the processing time. The Government provided the Native Files, but even those native files did not contain the information from the Paz iMac.

Defendant is entitled to a continuance as the Government's failure to provide the proper forensic image of Mr. Paz's iMac is a *Brady* violation. The continuance is necessary to process the newly received information and allow Defense Counsel a proper amount of time to review

whatever information is now retrievable from that device. Such processing and review cannot be completed in one week despite the repeated contention by the Government. The processing of 2.83 TBs of information into a format for review by Defense Counsel is only the first step to fully reviewing the information. Defense Counsel will still need adequate time to review that information to determine its legal relevancy.

Suppression of material evidence is violative of a Defendant's constitutional rights and due process. *Brady v. Maryland,* 373 U.S. 83 (1963); and *Giglio v. United States*, 405 U.S. 150 (1972). When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule. *Giglio v. United States*, 405 U.S. 150, 154 (1972). *Id.* It does not matter whether the non-disclosure of the evidence is a result of negligence or intentional conduct. *Id.* Suppression by the prosecution of evidence favorable to an accused upon request violates due process when that evidence is material to guilt or punishment. *United States v. Young,* 45 F.3d 1405, 1407 (10th Cir. 1995).

It is clear from the Government's proposed exhibits that Mr. Paz's role is significantly different than he has repeatedly contended. It is also clear from those exhibits that there is significant possibility that similar ledgers and request for money are likely present on Mr. Paz's computer. The Government is acutely aware of the role of Mr. Paz and the very favorable nature of his plea agreement despite the culpability of his conduct. The Government is also aware that the Continuing Criminal Enterprise Count, which carries the mandatory life sentence sought by the Government, requires the Government establish Mr. Shamo was a principal or leader in the organization.

The failure to provide Mr. Paz's iMac for thorough review in advance of trial is a violation of the requirements outlined in *Brady/Giglio.* Mr. Shamo is entitled to the evidence on the iMac in

question as Mr. Paz is an alleged co-conspirator whose statements will be used against Mr. Shamo. Mr. Shamo is entitled to the information on Mr. Paz's iMac as it serves to establish that Mr. Shamo was not in fact the principal or leader in the capacity alleged by the Government. Mr. Shamo is entitled to the information on Mr. Paz's iMac as impeachment, bias, and credibility evidence. There is no proper cause for the Government not to provide the requested information until the week of the pre-admission hearing and only three weeks before trial.

There is not proper precedent to allow the exclusion of delays due to *Brady/ Giglio* violations from the Defendant's Speedy Trial Act calculations with the exception of the time period required to complete briefing on this motion. 18 U.S.C.S §3161. The Government in fact carries a large part of the burden to make certain sure the case against a defendant is brought to trial in a timely manner in accordance with the Speedy Trial Act requirements. *United States v. Koerber,* 813 F.3d 1262, 1280 (10th Cir. 2016). In *Koerber,* the Court of Appeals even acknowledged that a proper examine of a Speedy Trial Act calculation requires an inquiry into the culpability of conduct in failing to meet a timely trial schedule. *Id.* at 1283. Where the Government's culpable conduct was in large part to blame for any such delay, the Government should not be entitled to the benefit of a Speedy Trial Act calculation which excludes intentional delay for tactical purposes. *Id.*

In this matter, the Defendant diligently sought the information in repeated requests through Counsel and Expert Eric Wheeler. Through no fault of Defense Counsel or Expert Eric Wheeler, the information was not made available until Tuesday May 28, 2019- three weeks before trial. Despite every contention of the Government, the information has never been in the hands of the defendant in any meaningful manner. Defendant has been prejudiced by the Government's delay

in providing the information. Mr. Shamo is entitled to a continuance to seek a proper review of the information recently provided.

A continuance in this case is justified under the Speedy Trial Act because failure to grant the extension "would deny counsel for the defendant…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence" (*see* 18 U.S.C §3161(h)(7)(B)(iv)). Thus, the continuance would serve "the ends of justice" and "outweigh the best interest of the public and the defendant in a speedy trial."18 U.S.C §3161(h)(7)(B)(iv)

WHEREFORE, Aaron Shamo, respectfully request the Court continue the matter to allow Mr. Shamo an appropriate amount of time to process and review the improperly withheld *Brady/Giglio* material in its entirety. Due to the Government's negligent conduct in failing to provide the requested information, the continued time should not be excluded from Mr. Shamo's Speedy Trial Act calculations

DATED this 30th day of May, 2019.

SKORDAS & CASTON, LLC

*/s/ Gregory G. Skordas*
Gregory G. Skordas

*/s/ Kaytlin V. Beckett*
Kaytlin V. Beckett

*/s/ Daryl P. Sam*
Daryl P. Sam

**CERTIFICATE OF SERVICE**

I hereby certify that on the May 30, 2019, I electronically filed a true and correct copy of the foregoing **REPLY IN SUPPORT OFMOTION TO CONTINUE FOR WILLFUL FAILURE TO PROVIDE BRADY/GIGLIO MATERIAL**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Kent Burggraaf
kburggraaf@agutah.gov

*/s/ Sabrina Nielsen-Legal Secretary*
SKORDAS & CASTON, LLC