IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO<br><br>Defendant. | **ORDER TO CONTINUE JURY TRIAL**<br><br>Case No. 2:16-cr-00631-DAK<br><br>Judge Dale A. Kimball |

Based on the Motion to Continue Jury Trial (Doc. 224) filed by defendant, AARON MICHAEL SHAMO, in the above-entitled case, and for good cause appearing, the court finds:

1. Defendant first appeared on December 7, 2016 for the initial appearance on the Indictment returned in this matter. The jury trial was scheduled for February 13, 2017, which was within the 70-day time period of the Speedy Trial Act.

2. This is the seventh request to continue trial in this matter. Each of the prior motions to continue by the defendant have been granted. The trial was scheduled to commence June 17, 2019.

3. A total of 29 days have run on the Speedy Trial Act clock.

4. Defendant has moved to continue trial due to the nature of the prosecution, making it unreasonable to expect adequate preparation for the trial in time for the current trial setting and would deny counsel for the defendant the reasonable time necessary for effective preparation.

5. The length of delay requested is 60-90 days.

6. Specifically, defendant has alleged that the continuance is necessary and the court

has made a finding that the ends of justice will be served by granting the continuance, due to the nature of the prosecution, making it unreasonable to expect adequate preparation for the trial in time for the current trial setting and would deny counsel for the defendant the reasonable time necessary for effective preparation, and such action will outweigh the best interest of the public and the defendant in a speedy trial.

7. The facts that support this allegation include the following:

   a. This case is complex, involves multiple co-conspirators and over 14 terabytes of discovery.

   b. On fifteen or more occasions, the United States has provided discovery to the defendant, including providing many terabytes of data in December 2018.

   c. The parties have exercised due diligence in preparing for trial, having exchanged proposed witness and exhibit lists, and a 3-day pre-admission hearing having been completed, in preparation for trial.

   d. The defendant's designated computer expert has reviewed the digital content of all of the electronic devices he was provided by defense counsel; however, the defendant's designated computer expert needs additional time to process approximately 2.83 terabytes of data that originated from a co-conspirator's computer, and then provide it to the defense team for review.

   e. The defendant's designated computer expert received a full copy of the 2.83 terabytes on or about May 28, 2019, and such content cannot be processed and then reviewed by the defense team before the currently scheduled trial date.

   f. The defendant has affirmed that the review of this 2.83 terabytes of data is

       necessary in order to effectively prepare for trial.

8. Defendant is in custody and agree(s) with the need for a continuance of the trial and agree(s) that the defense will not be hindered or prejudiced by the delay.

9. The delay resulting from the requested continuance is excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(a), 3161(h)(7)(b)(ii), and 3161(h)(7)(b)(iv).

10. Counsel for the United States has opposed this motion to continue. *See* Doc. 225.

11. The court finds no *Brady* or *Giglio* violations as alleged. *See* Doc. 229.

Based on the foregoing findings, the court concludes that the ends of justice will be served by granting the continuance, due to the nature of the prosecution, making it unreasonable to expect adequate preparation for the trial in time for the current trial setting and would deny counsel for the defendant the reasonable time necessary for effective preparation. Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

THEREFORE, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(a), 3161(h)(7)(b)(ii), and 3161(h)(7)(b)(iv), the 5-week Jury Trial previously scheduled to begin on June 17, 2019 is hereby continued to the 12th day of August, 2019, at 8:30 a.m. Accordingly, the time between the filing of the Motion, May 24, 2019, and the new trial date set forth above, August 12, 2019 is excluded from Defendant's speedy trial computation for good cause.

DATED this _____ day of June, 2019.

                                              BY THE COURT:

                                              _____
                                              DALE A. KIMBALL
                                              United States District Court Judge