JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
michael.gadd@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. AARON MICHAEL SHAMO, Defendant. | Case No. 2:16-CR-631 DAK  MOTION TO TRANSFER A RELATED CASE  Judge Dale A. Kimball |

The United States of America, by and through Michael Gadd, Special Assistant United States Attorney, hereby moves the Court to transfer case 2:19-CR-263 JNP to the Court pursuant to local rule as the Court has been assigned a lower numbered, related case.

STATEMENT OF FACTS

1. On October 18, 2018, the Grand Jury returned a second superseding indictment against Aaron Shamo in case 2:16-cr-631 DAK.

2. On July 10, 2019, the United States charged Ana Gabriela Noriega by Felony Information. Ms. Noriega was a co-conspirator with Mr. Shamo and his other co-defendants; Ms. Noriega's charge, conspiracy to commit money laundering, matches one of the charges faced by Mr. Shamo.

3. On today's date, July 11, 2019, Ms. Noriega made her initial appearance and pleaded guilty to the Felony Information.

## ARGUMENT

The Government has been unable to find a criminal procedure rule that directly governs the transfer of a related case and humbly suggests that a local rule, DUCivR 83-2(g), be applied by the Court in deciding this motion. That rule reads as follows:

**(g) Transfer of Related Case[FN].**

Whenever two or more related cases are pending before different judges of this court, any party to the later-filed case may file a motion and proposed order to transfer the case to the judge with the lower-numbered case. To determine whether the case should be transferred, the court may consider the following factors:

> (1) Whether the cases arise from the same or a closely related transaction or event;
> (2) Whether the cases involve substantially the same parties or property;
> (3) Whether the cases involve the same patent, trademark, or copyright;
> (4) Whether the cases call for a determination of the same or substantially related questions of law and fact;
> (5) Whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges; and
> (6) Whether there is risk of inconsistent verdicts or outcomes;
> (7) Whether the motion has been brought for an improper purpose.

The motion to transfer shall be filed in the lower-numbered related case, and a notice of the motion shall be filed in case in which transfer is sought. While the motion shall be decided by the judge assigned to the lower-numbered case, judges assigned to the cases will confer about the

appropriateness of the requested transfer. The transfer of cases may also be addressed sua sponte by the court.

(Footnote: If a case is transferred to another judge with a similar case, the transferred case will remain a separate case with its own docket and scheduling order. If consolidation-rather than transfer-is sought, please see DUCivR 42-1.)

By seeking to place both cases in front of the Court, the United States and Ms. Noriega hope to avoid (1) unnecessary duplication of labor by the Court and Judge Parrish, and (2) potentially inconsistent sentences. Ms. Noriega agreed to this motion as a term of her plea agreement. In accordance with the rule, the United States has filed a notice of this motion in case 2:19-cr-263 JNP.

DATED this 11th day of July, 2019.

JOHN W. HUBER
United States Attorney

 */s/Michael Gadd* 
MICHAEL GADD
Special Assistant United States Attorney