IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO,<br><br>Defendant. | STIPULATED PROPOSED VOIR DIRE QUESTIONS<br><br>Case No. 2:16-CR-631 DAK<br><br>District Judge Dale A. Kimball |

  The United States, by and through Michael Gadd, Special Assistant United States Attorney, hereby submits the following stipulated Proposed Voir Dire Questions. It is anticipated that the Court will ask the prospective jurors about fairly-standard question topics, such as name, age, marital status, education, employment, and family composition. The proposed questions below are meant to supplement the questions the Court will ask.

  Respectfully Submitted this 1st day of August, 2019.

              /s/ Michael Gadd_____
              MICHAEL GADD
              Special Assistant United States Attorney

**PROPOSED VOIR DIRE QUESTIONS:**

**These questions are Yes and No questions and will be asked aloud in the Courtroom by the Judge. If your answer to any of these questions will be YES, please be prepared to discuss your experiences, circumstances, or conflicts.**
*(If answering one or more of these questions in the presence of other potential jurors would touch on private issues you may indicate a desire to answer the question privately.)*

1. Do you read a newspaper? If yes, which?

2. Do you read any magazines or periodicals? If yes, which?

3. Do you have any hearing problems?

4. Are you taking any medication that might make it difficult for you to serve as a juror?

5. Do you have any problems or areas of concern at home or at work that might interfere with your duties as a juror during trial?

6. The defendant in this matter is Aaron Michael Shamo. There was a significant amount of news and media coverage regarding this case. Have you read any articles, seen or heard news/media reports, or overheard any information regarding this case?

7. Do you, any of your family members, or a close personal friend have specialized training, education, or experience in law?

8. Have you, any of your family members, or a close personal friend been employed by a law enforcement agency?

9. Have you, any of your family members, or a close personal friend ever been involved, in any court, in a criminal matter that concerned yourself, any member of your family, or a close friend including as a defendant, a witness, or a victim.

10. Are you or any of your family members employed by the United States Government?

11. Have you or any of your family members had a negative experience with any law enforcement entity, including the Drug Enforcement Administration, Homeland Security Investigations, Food and Drug Administration, United States Postal Inspection Service, or the Internal Revenue Service–Criminal Investigations?

12. Have you had any experience involving yourself, any member of your family, or any close friend relating to the use or possession of illegal drugs or narcotics that would prevent you from viewing the evidence impartially or affect the way you view law enforcement personnel or affect the way you view the court system (including the judge, the prosecution, or the defense attorney)?

13. Evidence will be presented at trial about a drug overdose death. Have you had any

experience with drug overdoses involving yourself, any member of your family, or any close friend? If yes, could you be fair and impartial when considering the evidence in this case and applying it to the law as you will be instructed.

14. Are you a member of a group, or do you have an affiliation with a group, that advocates a position on drug issues or policies?

15. Do you have strong feelings about U.S. drug laws that would prevent you from viewing the evidence impartially?

16. Do you believe the government should be required to prove its case by a standard greater than "beyond a reasonable doubt," such as "beyond any possible doubt" or "to an absolute certainty"?

17. The Judge will instruct you on the law that is applicable to the case. Are you willing to accept what the law is, regardless of what you personally believe the law is or ought to be?

18. If you watch television shows or movies involving crime scene investigation, such as "CSI" or "NCIS", do you believe these shows or movies accurately represent real-life criminal investigation techniques and capabilities?

19. Do you hold any opinions, religious beliefs, or philosophies which would make you unable to come to a verdict in this case, such as a belief that no person should ever be judged or convicted?

20. You will be instructed that a person charged with a crime is presumed innocent. Will you be unable to follow this instruction?

21. The defendant is charged with drug crimes and money laundering offenses. Do you know of any reason why you may be partial towards or against the United States, towards or against any witness, or towards or against the defendant, because of the nature of the charges or otherwise?

22. If selected to serve as a juror, is there any reason you believe you will not follow the instructions given to you and apply the law to the facts in this case?

23. Do you have strong feelings, whether from a moral, philosophical, religious, or other perspective, that would make it difficult for you to stand in judgment of another person?

[Have Prosecution introduce themselves and list all witnesses]

24. Are you familiar with any of these individuals?

[Have Defense introduce themselves and list all witnesses]

25. Are you familiar with any of these individuals?

26. Do you understand that the defendant is entitled to a fair trial? Do you understand that the

       United States is also entitled to a fair trial?

27. If you were the defendant, is there any reason you would not want someone in your state of mind on the jury?

28. If you were the prosecutor, is there any reason you would not want someone in your state of mind on the jury?

29. Is there any reason, not previously addressed, that you believe would affect your ability to be a juror in this case?