Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS & CASTON, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant

---

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AARON MICHAEL SHAMO, et. al., <br><br> Defendant. | **MOTION FOR DISCLOSURE OF ALL *GIGLIO* MATERIALS** <br><br> Case No. 2:16-CR-00631 DAK <br><br> Judge Dale A. Kimball |

    Defendant, Aaron Michael Shamo, through his counsel, hereby moves the Court to enter an order requiring the Government to disclose and produce all information, material, documents, memoranda, or other available data concerning the credibility of any witnesses it intends to call at trial either in its case in chief or as a rebuttal witness. In support, the Defendant alleges as follows:

**STATEMENT OF RELEVANT FACTS**

1. On October 12, 2018, when the trial in this matter was scheduled to begin January 22, 2019, the Court entered a Trial Order requiring disclosure of all necessary information and data pursuant to *Brady/Giglio* obligations by December 8, 2018.

2. The Court had previously entered a Trial Order requiring disclosure of all necessary information and data pursuant to *Brady/Giglio* obligations by April 24, 2019.

3. On December 7, 2018, pursuant to the October 12th Order, the Government served Defense Counsel, via email with the following (Attached as Exhibit A):

    a. Two screenshots of the PharmaMaster account on AlphaBay;

    b. Transcript of the interview of Katherine Bustin;

    c. Transcript of the interview of Mario Noble;

    d. Transcript of the interview of Brennda Kurstin;

    e. Transcript of the interviews of Drew Crandall;

    f. Transcript of the interviews of Luke Paz;

    g. Transcript of the interview of Alexandra Tonge;

    h. Transcript of the interview of Sean Gygi;

    i. Transcript of the interview of Tori Grace;

    j. Transcript of the recorded phone call alleged to be between Sean Gygi and Aaron Shamo;

    k. The email correspondence indicated the Court would also be providing certified copies of the SAPs of co-defendant who had previously pled guilty and Sealed Addendums;

    l. The email also indicated there may have been a statement made to Ryan Jensen

regarding not being charged if he cooperated with the investigation;

4. The Government provided the immunity agreements of Ryan Jensen and Jessica Gleave as exhibits.

5. On July 31, 2019, a meeting between Defense Counsel and Plaintiff's Counsel occurred. During that meeting, Plaintiff's Counsel indicated the only outstanding *Brady/Giglio* material may be the criminal histories, as described above.

6. At the July 31, 2019 meeting, the Government also indicated the *Giglio* questionnaires provided to law enforcement came back with nothing to disclose.

7. In follow-up correspondence, attached as Exhibit B, the Government provided criminal history reports from Court Xchange for Jessica Gleave, Ryan Jensen, and Tina Young.

8. Despite numerous witnesses from law enforcement and associated individuals with potential criminal exposure in this matter, the Government has not provided any further *Giglio* material.

9. Defendant is aware that numerous associated parties and individuals from Defendant's own witness list have subsequently been indicted or charged in separate matters as well.

## ARGUMENT

It appears there may be other *Giglio* materials not previously disclosed and unknown to Defense Counsel. The information the Defendant seeks should include, but is not limited to, any and all materials, data, and/or information know to the prosecution or which should be known to the prosecution or law enforcement upon diligent inquiry, pursuant to *Giglio v. United States*, 405 U.S. 150, (1972). The information requested should include, but is not limited to, the following:

(1) Written plea and cooperation agreements between any witness and the government;

(2) Any letters, emails, text messages or other statements from investigating agents or prosecutors specifically offering any form of leniency or inducement directly to a potential witness or the legal representative of that witness or indirectly to the witness through his or her spouse, family member or close friend of the witness and any statements from agents or prosecutors that the agent or prosecutor knew or reasonably should have known would create a subjective expectation of leniency in the witness;

(3) The prior criminal history of the witness, including offenses committed as a juvenile and any supervised release, pretrial release, probation or parole violations;

(4) Any information in the possession of the prosecution or its agents or representatives indicating any of the government's witnesses obstructed or attempted to obstruct justice in this or any other proceeding;

(5) Evidence that is inconsistent with the witnesses' anticipated trial testimony;

(6) Evidence that tends to call into question the capacity of any witness to observe or recall;

(7) Evidence of any hostility a witness may have expressed or demonstrated toward a defendant:

(8) Evidence or information of prior bad acts of the witnesses that is relevant to the witnesses' credibility;

(9) Any letters, emails, text messages or other statements from investigating agents or prosecutors specifically or inferentially threatening a potential witness or the legal representative of that witness or the spouse, family member or close friend of the witness if the witness failed to testify or cooperate with the government including any statements from agents or prosecutors that the agent or prosecutor knew or reasonably should have known would create a subjective

fear in the witness of he not cooperating in the investigation or prosecution of the defendants;

(10) Evidence or information indicating that the witness used or abused controlled substances or abused alcohol;

(11) Evidence or information that a witness suffers from a mental illness that would affect his or her ability to perceive events or truthfully relate them;

(12) Any promises financial or other consideration made to any witness, including relief from any forfeiture or civil action within the jurisdiction of the investigating agents or prosecutors and any actual financial payments or the provision of any food, shelter, transportation or like benefits to any witness that could arguably reveal an interest or bias in the witness in favor of the government or against the defendant or act as an inducement to testify or to color the testimony of the witness.

Therefore, Mr. Shamo, respectfully requests the court order that any and all *Giglio* materials, as outlined above, be provided to Defense Counsel in advance of trial.

DATED this 7th day of August 2019.

SKORDAS & CASTON, LLC

/s/ Gregory G. Skordas
Gregory G. Skordas

/s/ Kaytlin V. Beckett
Kaytlin V. Beckett

/s/ Daryl P. Sam
Daryl P. Sam

## CERTIFICATE OF SERVICE

I hereby certify that on the August 7, 2019, I electronically filed a true and correct copy of the foregoing **MOTION FOR DISCLOSURE OF ALL *GIGLIO* MATERIALS**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Michael Gadd
mgadd@agutah.gov

Kent Burggraaf
kburggraaf@agutah.gov


*/s/ Sabrina Snow-Legal Secretary*
SKORDAS & CASTON, LLC



Kaytlin Beckett <kbeckett@schhlaw.com>

## USA V. Shamo; Brady/Giglio

**Michael Gadd** <mgadd@agutah.gov>  Mon, Aug 5, 2019 at 4:31 PM
To: Kaytlin Beckett <kbeckett@schhlaw.com>, "Stejskal, Vernon (USAUT)" <vernon.stejskal@usdoj.gov>, Kent Burggraaf <kburggraaf@agutah.gov>
Cc: Greg Skordas <gskordas@schhlaw.com>, Daryl Sam <daryl.sam@gmail.com>

These are on xchange, but I thought I'd send them anyway.

Gleave:

2018 Misdemeanors for no insurance, failure to appear, and failure to register a vehicle

2015 Misdemeanors for theft, driving with measurable, POCS, failure to appear, failure to register a vehicle

Agents attempted to download a copy of Gleave's phone but were unsuccessful.

Jensen:

2010 arrest for trespassing, but it was dismissed.

Gleave's immunity agreement and Jensen's immunity agreement are marked as exhibits. When they sign them, I'll send you a signed copy. I've told both of their attorneys that I don't have plans to charge them in the future.

Tina Young:

2014 Reckless driving

**From:** Kaytlin Beckett <kbeckett@schhlaw.com>
**Sent:** Monday, August 5, 2019 2:41 PM
**To:** Stejskal, Vernon (USAUT) <vernon.stejskal@usdoj.gov>; Michael Gadd <mgadd@agutah.gov>; Kent Burggraaf <kburggraaf@agutah.gov>
**Cc:** Greg Skordas <gskordas@schhlaw.com>; Daryl Sam <daryl.sam@gmail.com>
**Subject:** USA V. Shamo; Brady/Giglio

Hello All,

[Quoted text hidden]



Kaytlin Beckett <kbeckett@schhlaw.com>

## Brady/Giglio (and some Jenks)

**Gadd, Michael (USAUT)** <Michael.Gadd@usdoj.gov>  Fri, Dec 7, 2018 at 1:55 PM
To: Greg Skordas <gskordas@schhlaw.com>, "kbeckett@schhlaw.com" <kbeckett@schhlaw.com>, "daryl.sam@gmail.com" <daryl.sam@gmail.com>
Cc: "Stejskal, Vernon (USAUT)" <Vernon.Stejskal@usdoj.gov>, "kburggraaf@agutah.gov" <kburggraaf@agutah.gov>, "Laughter, Yvette (USAUT)" <Yvette.Laughter@usdoj.gov>

Greg, Daryl, and Kaytlin,

I've attached transcripts. I see them more as Jenks material than Brady material, but I suppose it's all in the eye of the beholder.

Judge Kimball's courtroom deputy is mailing the certified SAPs and plea addendums. You have access to the SAPs on PACER. The Sealed Addendums all read:

The United States of America, by and through the undersigned Special Assistant United States Attorney, and the defendant, by and through the undersigned counsel, pursuant to DUCrimR 11-1 hereby submit this Plea Supplement stating that as of the date below, there is a cooperation agreement between the United States and the Defendant, as follows:

The Defendant agrees to testify truthfully and completely for the United States in any subsequent court hearing or trial relating to this case if called upon. The Defendant also agrees to wait to be sentenced until all of the remaining defendants in this case have been sentenced.

If the Defendant testifies truthfully and completely, the United States will present the Defendant's cooperation for the Court's consideration at sentencing pursuant to USSG 5K1.1. The United States also agrees to not charge the Defendant with "death-resulting" violations of 21 U.S.C. § 841(a)(1) that may arise out of the continuing investigation into overdose deaths tied to the PHARMA-MASTER drug sales.

I will get you a copy of Luke Paz's plea agreement once/if he pleads. He's currently scheduled to plead guilty on December 10th.

We have found no Giglio issues as we've talked with our witnesses. Likewise, the USAO sends requests to the home agencies for any Giglio information but I have not seen any indications of problems.

Our Brady/Giglio obligation is ongoing. If anything comes up, I'll let you know.

Very best,

Mike

**26 attachments**



A850. Ex 3. Exhibit for GJ-1. P-M screenshot.JPG
67K



A851. Ex 4. Exhibit for GJ-2. P-M screenshot.JPG
65K

A.848. Bustin Transcript.pdf
292K

A847. Noble Transcript.pdf
295K

A849. Tonge transcript.pdf
317K

Interview of Brennda Kurstin Nov 2018.pdf
93K

Interview of Drew Crandall 5.5.2017 1.pdf
12K

Interview of Drew Crandall 5.5.2017 2.pdf
28K

Interview of Drew Crandall 5.5.2017 3.pdf
426K

Interview of Drew Crandall 6.7.2017.pdf
782K

Interview of Drew Crandall 6.13.2017 1.pdf
319K

Interview of Drew Crandall 6.13.2017 2.pdf
368K

Interview of Luke Paz 7.2.2018 1.pdf
144K

Interview of Luke Paz 7.2.2018 2.pdf
194K

Interview of Luke Paz 7.2.2018 3.pdf
15K

Interview of Luke Paz 7.3.2018.pdf
356K

Interview of Luke Paz 8.7.2018.pdf

- 60K
- Interview of Luke Paz 8.22.2018 1.pdf 486K
- Interview of Luke Paz 8.22.2018 2.pdf 79K
- Interview of Luke Paz 8.22.2018 3.pdf 15K
- Interview of Luke Paz 11.5.2018 1.pdf 188K
- Interview of Luke Paz 11.5.2018 2.pdf 145K
- Interview of Tonge and Bustin Oct 2018.pdf 53K
- Interview of Tori Grace on 5.16.2018.pdf 173K
- N48 – Sean Gygi – Aaaron Shamo.pdf 33K
- Sean GYGI Interview.pdf 412K