Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS, CASTON & HYDE, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone:  (801) 531-7444
Facsimile:  (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO, et. al.,<br><br>Defendant. | **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**<br><br>Case No. 2:16-CR-00631 DAK<br><br>Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel, hereby requests the Court instruct the jury with the following proposed jury instructions.

Defendant's Objections and proposed changes to the Government's Proposed Jury

Selection is Attached hereto as Exhibit "A".

Respectfully Submitted,

DATED this 8th day of August, 2019.

DARYL P. SAM, PLLC

*/s/ Daryl P. Sam*
Attorney for Defendant

DEFENDANT'S PROPOSED INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to instruct you on the law that applies to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

Counsel may refer to these instructions in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in these instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

DEFENDANT'S PROPOSED INSTRUCTION NO. 2

You have been chosen as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the "Not Guilty" plea of the defendant. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict.

The indictment in this case is entitled Second Superseding Indictment. But for convenience, I will simply refer to it in these instructions as the indictment.

DEFENDANT'S PROPOSED INSTRUCTION NO. 3

The Indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require the defendant to prove his innocence or produce any evidence at all, nor does it compel him in a criminal case to take the witness stand to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must acquit the defendant.

Even though the defendant has called witnesses in this case, the presumption of innocence remains with him, and the government still has the burden of proof beyond a reasonable doubt.

DEFENDANT'S PROPOSED INSTRUCTION NO. 4

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proven beyond all possible doubt.  It is only required that the government's proof exclude any reasonable doubt concerning the defendant's guilt. A reasonable doubt is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the defendant has been proved guilty beyond reasonable doubt, find him guilty.  If you are not so convinced, find him not guilt

DEFENDANT'S PROPOSED INSTRUCTION NO. 5

You are here to decide whether the United States has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the Indictment.  Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

DEFENDANT'S PROPOSED INSTRUCTION NO. 6

You are here to decide whether the United States has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crimes charged.

DEFENDANT'S PROPOSED INSTRUCTION NO. 5

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Statements and arguments of counsel are not evidence in this case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as conclusively proved.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

You are to consider only the evidence in this case. However, in your consideration of the evidence, you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw from the facts which you find have been proved such reasonable inferences as seem justified in light of your experience. An inference is a deduction or conclusion which reason and common sense would lead you to draw from facts which are established by the evidence in the case. You should weigh all of the evidence in the case, affording each piece of evidence the weight or significance that you find it reasonably deserves.

DEFENDANT'S PROPOSED INSTRUCTION NO. 6

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

DEFENDANT'S PROPOSED INSTRUCTION NO. 7

I remind you that it is your job to decide whether the United States has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the United States or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of

the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

DEFENDANT'S PROPOSED INSTRUCTION NO. 8

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self- interest, by an agreement he has with the United States, by his own interest in the outcome of the case, or by prejudice against the defendant.

You should not convict a defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

A person may testify under a grant of immunity (an agreement with the United States). His testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt even though it is not corroborated or supported by other evidence. You should consider testimony given under a grant of immunity with greater care and caution than the testimony of an ordinary witness. You should consider whether testimony under a grant of immunity has been affected by the witness's own interest, the DEFENDANT'S agreement, the witness's interest in the outcome of the case, or by prejudice against the defendant.

On the other hand, you should also consider that an immunized witness can be prosecuted for perjury for making a false statement. After considering these things, you may give testimony given under a grant of immunity such weight as you feel it deserves.

You should not convict a defendant based on the unsupported testimony of an immunized witness, unless you believe the unsupported testimony beyond a reasonable doubt.

In this case, the nature of the immunity agreement(s) is as follows: the United States has promised Ryan Jensen and Jessica Gleave that it will not use their testimony against them in a criminal case, other than for a prosecution for perjury if they testify untruthfully.

Mr. Jensen and Ms. Gleave agreed to testify truthfully and completely, answering all questions posed to them.

DEFENDANT'S PROPOSED INSTRUCTION NO. 9

The United States called as some of its witnesses alleged accomplices, who were named as co-defendants in the indictment. The United States has entered into a plea agreement with the co-defendants, wherein the co-defendants pleaded guilty as charged and agreed to testify truthfully if called upon to testify. In exchange, the United States has agreed to ask the Court to consider imposing sentences that would otherwise be lower than the recommendation the United States would have made if the co-defendants had not agreed to testify truthfully. The United States has also agreed to signal to the Court that by testifying truthfully, the co-defendants should not be subject to any minimum-mandatory sentence otherwise applicable to their crimes. The agreement makes clear, however, that final sentencing decisions rest solely with the Court. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the United States, is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

DEFENDANT'S PROPOSED INSTRUCTION NO. 10

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

DEFENDANT'S PROPOSED INSTRUCTION NO. 11

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crimes charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, physical and mental condition of the defendant, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

DEFENDANT'S PROPOSED INSTRUCTION NO. 12

If I have said or done anything in this case that makes it appear I have an opinion about the guilt or innocence of the defendant, disregard it. You are the sole judges of the facts and should in no way be influenced by what I have done here except to follow my instructions on the law. Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

DEFENDANT'S PROPOSED INSTRUCTION NO. 13

If any reference by the Court or by the attorneys to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

DEFENDANT'S PROPOSED INSTRUCTION NO. 14

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

DEFENDANT'S PROPOSED INSTRUCTION NO. 15

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by you. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

DEFENDANT'S PROPOSED INSTRUCTION NO. 16

During the trial, you heard the testimony of expert witnesses who expressed opinions concerning

- the identity and weight of substances including mixtures containing controlled substances;

- the illegitimacy of pills and tablets based upon composition, imprints, and other aspects;

- the nature of the Dark Net and how Dark Net Marketplaces operate;

- how AlphaBay operated from the perspective of vendors and customers;

- the nature and use of PGP encryption;

- the nature of cryptocurrencies and how cryptocurrencies such as Bitcoin are used in transactions over the Dark Net;

- the nature of and methods used in computer forensic examinations;

- the nature and operation of drug-trafficking organizations;
  - including the methods and means by which drug traffickers launder drug proceeds through promotion, concealment, and spending;

- what constitutes a drug or drug component under the FDCA;

- the make-up, regulation, standards, quality, purity, markings (including which Pharmaceutical company is allowed to use which markings), uses, physiological effect on humans, listing in the Official US Pharmacopeia Compendium, and federal regulation of both Oxycodone and Fentanyl;

- the relative potency of Oxycodone, Fentanyl, and other opiates; and

- the risk of serious adverse health consequences or death from marking Fentanyl to appear like Oxycodone tablets.

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

DEFENDANT'S PROPOSED INSTRUCTION NO. 17

You are not to be concerned with the legality or illegality of any search by law enforcement officers of the residence occupied by the defendant. That is a matter exclusively within the province of the Court.

DEFENDANT'S PROPOSED INSTRUCTION NO. 18

You have heard testimony as to the manner in which the government conducted its investigation in this case including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the government is under no obligation to use all of the investigative methods that are available to it or use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendant's guilt.

DEFENDANT'S PROPOSED INSTRUCTION NO. 19

You will note that the indictment charges that the crimes were committed "on or about" a certain date or between approximate dates. The United States mustprove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment

DEFENDANT'S PROPOSED INSTRUCTION NO. 20

Fentanyl (also referred to as N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ]

propenamide) is a controlled substance within the meaning of the law.

Likewise, Alprazolam is a controlled substance within the meaning of the law.

DEFENDANT'S PROPOSED INSTRUCTION NO. 21

Several counts of the indictment and most of the underlying offenses listed in Count 1 of the indictment also charge a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: someone else committed the charged crime, and

Second: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the United States must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

DEFENDANT'S PROPOSED INSTRUCTION NO. 22

The defendant is charged in Count 1 with a violation of 21 U.S.C. section 848.

This law makes it a crime to engage in what is called a "continuing criminal enterprise" involving controlled substances.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: the defendant violated the Controlled Substances Act by conspiring to distribute Fentanyl, as charged in the list of underlying violations to Count 1, which list of violations can be found on the special verdict form;

Second: such violation was part of a continuing series of violations of the Controlled Substances Act that began on a date unknown to the Grand Jury, but at least by July 8, 2015, and continued to at least November 22, 2016. These violations must be connected together as a series of related or ongoing activities, as distinguished from isolated and disconnected acts. You must unanimously agree on which of at least three of these underlying violations has been proved. The underlying violations listed in Count 1 may be found on the special verdict form attached to the end of these instructions;

Third: the defendant committed these violations in concert (or by common design or plan) with five or more other persons. The five other persons need not have acted at the same time or in concert with each other. You need not unanimously agree on the identity of any other persons acting in concert with the defendant, so long as each of you finds that there were five or more such persons;

Fourth: the defendant was an organizer, supervisor, or manager of those five persons; and

Fifth: the defendant obtained substantial income or resources from the series of violations.

If you find the defendant guilty, you will be asked if you find, unanimously and beyond a reasonable doubt, the following:

Sixth:

1)    the conspiracy to distribute Fentanyl involved at least twelve kilograms or more of a mixture or substance containing a detectable amount of Fentanyl; and

2)    the defendant was a principal administrator, organizer, or leader of the enterprise.

The term "substantial income or resources" means income in money or property which is significant in size or amount as distinguished from some relatively insignificant, insubstantial, or trivial amount.

The term "organizer, supervisor, or manager" means that the defendant was more than a fellow worker, and that the defendant either organized or directed the activities of five or more other persons, exercising some form of managerial authority over them. The defendant need not be the only principal organizer or supervisor.

DEFENDANT'S PROPOSED INSTRUCTION NO. 23

To find the defendant guilty of Count 1 with a violation of 21 U.S.C. section 848, you must be convinced the United States has proved each of the following:

First: find unanimously and beyond a reasonable doubt the defendant violated the Controlled Substances Act by conspiring to distribute Fentanyl, as charged in the list of underlying violations to Count 1, which list of violations can be found on the special verdict form;

Second: find unanimously and beyond a reasonable doubt such violation was part of a continuing series of violations of the Controlled Substances Act that began on a date unknown to the Grand Jury, but at least by July 8, 2015, and continued to at least November 22, 2016. These violations must be connected together as a series of related or ongoing activities, as distinguished from isolated and disconnected acts. You must unanimously agree on which of at least three of these underlying violations has been proved. The underlying violations listed in Count 1 may be found on the special verdict form attached to the end of these instructions;

Third: find unanimously and beyond a reasonable doubt the defendant committed these violations in concert (or by common design or plan) with five or more other persons. The five other persons need not have acted at the same time or in concert with each other. You need not unanimously agree on the identity of any other persons acting in concert with the defendant, so long as each of you finds that there were five or more such persons;

Fourth: find unanimously and beyond a reasonable doubt the defendant was an organizer, supervisor, or manager of those five persons; and

Fifth: find unanimously and beyond a reasonable doubt the defendant obtained substantial income or resources from the series of violations.

If you find the defendant guilty of the first five elements, you will then be asked if the United States has proved each of the following

Sixth:

1) find unanimously and beyond a reasonable doubt the conspiracy to distribute Fentanyl involved at least twelve kilograms or more of a mixture or substance containing a detectable amount of Fentanyl; and

2) find unanimously and beyond a reasonable doubt the defendant was a principal administrator, organizer, or leader of the enterprise.

DEFENDANT'S PROPOSED INSTRUCTION NO. 24

The defendant is charged in the list of underlying violations to Count 1 with violating sections 841(a)(1) and 846 of Title 21 of the United States Code. This law makes it a crime for anyone to conspire with someone else to violate federal laws pertaining to controlled substances. In this case, the defendant is charged with conspiracy to distribute Fentanyl resulting in death.

To find the defendant committed this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: beginning on a date unknown to the Grand Jury, but at least by February 3, 2016, and continuing to at least November 22, 2016, two or more persons agreed to violate the federal drug laws;

Second: the defendant knew the essential objective of the conspiracy;

Third: the defendant knowingly and voluntarily involved himself in the conspiracy;

Fourth: there was interdependence among the members of the conspiracy; and

Fifth: the death of R.K. resulted from use of Fentanyl distributed in furtherance of the conspiracy.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details. But the

evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

If you are convinced that the charged conspiracy existed, then you must next determine whether the defendant was a member of that conspiracy, that is, whether the defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. The law does not require proof that the defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that the defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

To secure a conviction for conspiring to distribute a drug that "results" in death, the United States must prove beyond a reasonable doubt the victim's use of the drug is a but-for cause of the death.

DEFENDANT'S PROPOSED INSTRUCTION NO. 25

The defendant is charged in the list of underlying violations to Count 1 with violating sections 841(a)(1) and 846 of Title 21 of the United States Code. This law makes it a crime for anyone to conspire with someone else to violate federal laws pertaining to controlled substances. In this case, the defendant is charged with conspiracy to distribute Alprazolam.

To find the defendant committed this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: beginning on a date unknown to the Grand Jury, but at least by December 22, 2015, and continuing to at least November 22, 2016, two or more persons agreed to violate the federal drug laws;

Second: the defendant knew the essential objective of the conspiracy;

Third: the defendant knowingly and voluntarily involved himself in the conspiracy; and

Fourth: there was interdependence among the members of the conspiracy.

DEFENDANT'S PROPOSED INSTRUCTION NO. 26

The defendant is charged in the list of underlying violations to Count 1 with aiding and abetting attempted violations of 21 U.S.C. section 841(a)(1). This law makes it a crime to distribute a controlled substance. To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: the defendant's co-conspirator(s) knowingly and intentionally attempted to distribute a controlled substance as charged;

Second: the substance was in fact

- Fentanyl, for those crimes alleging Fentanyl on or about the dates alleged; or

- Alprazolam, for those crimes alleging Alprazolam on or about the dates alleged.

Third: the defendant aided and abetted his co-conspirator(s) in the attempted commission of the offense.

The term "distribute" means to deliver or to transfer possession or control of something from one person to another. The term "distribute" includes the sale of something by one person to another. It is not necessary, however, for the United States to prove that any transfer of money or other thing of value occurred at the same time as, or because of, the distribution.

DEFENDANT'S PROPOSED INSTRUCTION NO. 27

The defendant may be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime. However, the defendant may not be found guilty of attempting to commit any crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime.

Instead, in order to prove an attempt, the United States must prove beyond a reasonable doubt that:

(1)     the defendant intended to commit the crime; and

(2)     the defendant took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged.

DEFENDANT'S PROPOSED INSTRUCTION NO. 28

The defendant is charged in Counts 2, 3, and 4, and also in the list of underlying violations to Count 1, with aiding and abetting violations of 21 U.S.C. section 952(a) and section 960(a)(1). This law makes it a crime to knowingly or intentionally import a controlled substance.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: the defendant or his co-conspirator(s) imported into the United States from a place outside the United States the controlled substances listed below;

- Fentanyl, on or about June 23, 2016 (Count 2)

- Alprazolam, on or about November 8, 2016 (Count 3)

- Fentanyl, on or about November 17, 2016 (Count 4)

Second: the defendant knew the substance he or his co-conspirator(s) imported into the United States was a controlled substance;

Third: the defendant knew that the substance would enter the United States; and

Fourth: the defendant aided and abetted his co-conspirator(s) in the commission of the offense.

If you find the defendant guilty, you will be asked to find whether

Fifth:

- the quantity of the substance at issue in both Count 2 and Count 4 was at least 40 grams of a mixture or substance containing a detectable amount of Fentanyl.

DEFENDANT'S PROPOSED INSTRUCTION NO. 29

The defendant is charged in Count 5, and also in the list of underlying violations to Count 1, with violations of 21 U.S.C. section 841(a)(1). This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly or intentionally possessed a controlled substance on or about November 22, 2016, as charged;

Second: the substance was in fact Fentanyl; and

Third: the defendant possessed the substance with the intent to distribute it;

If you find the defendant guilty, you will be asked to find whether

Fourth: the amount of the controlled substance possessed by the defendant was at least 400 grams of a mixture or substance containing a detectable amount of Fentanyl.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

DEFENDANT'S PROPOSED INSTRUCTION NO. 30

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power and intent at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power and intent to control it.

In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer power and intent to exercise control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the United States must prove some connection between the particular defendant and the object demonstrating the power and intent to exercise control over the object.

DEFENDANT'S PROPOSED INSTRUCTION NO. 31

The defendant is charged in Count 6, and also in the list of underlying violations to Count 1, with a violation of 21 U.S.C. section 841(a)(1). This law makes it a crime to distribute a controlled substance. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant's co-conspirator(s) knowingly or intentionally distributed a controlled substance on or about June 6 through June 13, 2016, as charged;

Second: the substance was in fact Fentanyl;

Third: the death of R.K. resulted from use of the Fentanyl distributed by the defendant's co-conspirators; and

Fourth: the defendant aided and abetted his co-conspirator(s) in the commission of the offense.

The term "distribute" means to deliver or to transfer possession or control of something from one person to another. The term "distribute" includes the sale of something by one person to another. It is not necessary, however, for the government to prove that any transfer of money or other thing of value occurred at the same time as, or because of, the distribution.

To secure a conviction for distributing a drug that "results" in death, the United States must prove beyond a reasonable doubt the victim's use of the drug is a but-for cause of the death.

DEFENDANT'S PROPOSED INSTRUCTION NO. 32

The defendant is charged in Count 7, and also in the list of underlying violations to Count 1, with a violation of 21 U.S.C. section 841(a)(1). This law makes it a crime to manufacture a controlled substance. To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly or intentionally manufactured a controlled substance on or about November 22, 2016, as charged; and

Second: the substance was in fact Alprazolam.

The term "manufacture" means the production, preparation, propagation, compounding, or processing of a drug or other substance.

DEFENDANT'S PROPOSED INSTRUCTION NO. 33

The defendant is charged in Counts 8 and 9 with violations of the Food, Drug, and Cosmetic Act, specifically 21 U.S.C. sections 331(k) & 333(b)(7). These sections make it a crime to intentionally adulterate drugs while held for sale after their shipment in interstate commerce. To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: the relevant product, Fentanyl, was a drug as you will be instructed that word means;

Second: the defendant held the drug for sale after its shipment in interstate commerce;

Third: the defendant performed, or caused to be performed, one or more acts which resulted in the article being adulterated;

Fourth: the defendant knowingly and intentionally adulterated or caused the adulteration of the drug:

- For Count 8, beginning on a date unknown to the grand jury, but at least by February 3, 2016, and continuing to at least November 22, 2016;

- For Count 9, beginning on a date unknown to the grand jury, but at least by June 18, 2016, and continuing to at least November 22, 2016;

and

Fifth: such adulteration of the drug had a reasonable probability of causing serious adverse health consequences

A drug is adulterated if:

a)      it purports to be or is represented as a drug the name of which is recognized in an official compendium, and its strength differs from, or its quality or purity falls below, the standard set forth in such compendium; or

b)      it is a drug and any substance has been substituted wholly or in part therefor.

An article is "held for sale" if it is being held for any purpose other than for personal use by the defendants.

For the requirement of a prior shipment in interstate commerce to be satisfied, it is enough to show that the article traveled in interstate commerce prior to the article being held for sale.

An article is held for sale after shipment in interstate commerce without regard to how long after the shipment the misbranding occurred, how many intrastate sales had intervened, or who had received the article at the end of the interstate commerce.  After an article has been shipped in interstate commerce, it is immaterial when or how defendant obtained the article.

For Counts 8 and 9 only, the terms listed below are defined as follows:

The term "interstate commerce" means commerce between any State or Territory and any place outside thereof.

The term "drug" means:

1)      articles recognized in the official United States Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them.

2)      articles intended for use in the diagnosis, cure, treatment, or prevention of disease in man, or intended to affect any function of the human body, or

3)      articles intended for use as a component of any other drug.

The term "official compendium" means the official United States Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, official National Formulary, or any supplement to any of them.

The term "serious adverse health consequences" means any potential significant adverse experience related to a drug, which could be life-threatening or which could result in permanent or long-term injuries or illnesses.

DEFENDANT'S PROPOSED INSTRUCTION NO. 34

The defendant is charged in Count 10, and also in the list of underlying violations to Count 1, with aiding and abetting a violation of 21 U.S.C. section 843(b). This law makes it a crime to use a communication facility to commit a felony drug offense. To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: the defendant's co-conspirator(s) knowingly used the U.S. Mail on or about September 12-23, 2016;

Second: the defendant's co-conspirator(s) acted with the intent to commit a drug felony, namely Distribution of Alprazolam; and

Third: the defendant aided and abetted his co-conspirator(s) in the commission of the offense.

You are instructed that Distribution of Alprazolam is a felony.

DEFENDANT'S PROPOSED INSTRUCTION NO. 35

The following definitions and instructions apply to Counts 11 and 12.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding, a transaction.

The term "financial transaction" means a transaction involving the use of a financial institution that is engaged in, or the activities of which affect, interstate commerce in any way or degree.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through specified unlawful activity, including the gross receipts of such activity.

The term "interstate commerce" means commerce or travel between the states, territories or possessions of the United States, including the District of Columbia. It is not necessary that the defendant have intended or anticipated an effect on interstate commerce. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.

DEFENDANT'S PROPOSED INSTRUCTION NO. 36

The defendant is charged in Count 11 with a violation of 18 U.S.C. section 1956(h). This law makes it a crime for anyone to conspire with someone else to commit a money laundering offense.

To find the defendant guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: that the defendant and at least one other person, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to

A.      violate 18 U.S.C. section 1956, which was to conduct a financial transaction involving proceeds of some form of unlawful activity beginning on a date unknown to the Grand Jury, but at least by December 22, 2015, and continuing to at least November 22, 2016:

i.      with the intent to promote the carrying on of a specified unlawful activity; or

ii.      knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of the specified unlawful activity;

or

B.      violate 18 U.S.C. section 1957, which was to conduct a monetary transaction by, through, or to a financial institution involving criminally derived property beginning on a date unknown to the Grand Jury, but at least by December 22, 2015, and continuing to at least November 22, 2016:

i.      which transaction affected interstate or foreign commerce;

   ii.  which transaction involved property of a value greater than $10,000 USD; and

 Second: that the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

 Distribution of a controlled substance is a "specified unlawful activity" under the law. Manufacture of a controlled substance is also a "specified unlawful activity" under the law.

DEFENDANT'S PROPOSED INSTRUCTION NO. 37

The defendant is charged in Count 12 with a violation of 18 U.S.C. section 1956(a)(1)(B)(i). This law makes it a crime knowingly to conceal or disguise the nature, location, source, ownership, or control of proceeds of specified unlawful activity.

To find the defendant guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: the defendant conducted a financial transaction on or about November 8, 2016;

Second: the financial transaction involved the proceeds of an unlawful activity, specifically, distribution of a controlled substance;

Third: the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

Fourth: the defendant conducted the financial transaction:

        i.      with the intent to promote the carrying on of a specified unlawful activity; or

        ii.     knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of the specified unlawful activity.

DEFENDANT'S PROPOSED INSTRUCTION NO. 38

The defendant is charged in Count 13 with money laundering in violation of 18 U.S.C. section 1957(a). In order for the defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

First: the defendant knowingly engaged or attempted to engage in a monetary transaction on or about May 5, 2016;

Second: the defendant knew the transaction involved criminally derived property;

Third: the property had a value greater than $10,000;

Fourth: the property was, in fact, derived from the distribution of a controlled substance; and

Fifth: the transaction occurred in the United States.

The term "monetary transaction" means the deposit, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means any credit union or FDIC-insured bank.

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The United States must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The United States does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of distribution of a controlled substance.

Although the United States must prove that, of the property at issue more than $10,000 was criminally derived, the United States does not have to prove that all of the property at issue was criminally derived.

DEFENDANT'S PROPOSED INSTRUCTION NO. 39

I have explained to you the elements which the United States must prove beyond a reasonable doubt before you may convict the defendant of Counts 1 through 13, along with the crimes alleged in the list of underlying offenses to Count 1. I have also explained to you that punishment is in the exclusive province of the Court, and that you should not concern yourselves with questions of punishment. However, because the punishment under the law for the crimes the defendant is charged with committing varies with the quantity of drugs involved, the law requires that you make special findings in your verdict with regard to those amounts. Those findings, too, must be made beyond a reasonable doubt.

You will be provided with a verdict form on which you will record your verdict. This form contains two determinations for Counts 1, 2, 4, and 5 that you may have to make. The first determination is whether you find the defendant guilty or not guilty of the offense charged in Counts 1, 2, 4, and 5 of the Indictment. If you find the defendant not guilty as to a Count, you need proceed no further.

If, on the other hand, you find the defendant guilty of a Count, you should proceed to the second determination for that Count, that is, the quantity of Fentanyl involved in each offense.

DEFENDANT'S PROPOSED INSTRUCTION NO. 40

To reach a verdict, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges, judges of facts. Your sole interest is to seek the truth from the evidence in the case, to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

DEFENDANT'S PROPOSED INSTRUCTION NO. 41

Upon retiring to the jury room, you should first select one of your members to act as your foreperson who will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, the foreperson will write the unanimous answer of the jury in the space provided for in each count of the Indictment, either not guilty or guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

DEFENDANT'S PROPOSED INSTRUCTION NO. 42

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a Court security officer, signed by your foreperson or by one or more jurors. No member of the jury should attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing or orally here in open Court.

You will note from the oath the Court security officer will take that he, as well as any other person, is also forbidden to communicate in any way with any juror about any subject touching the merits of the case.

# EXHIBIT A