JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: michael.gadd@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00631-DAK |
|---|---|
| Plaintiff, | MOTION FOR A CURATIVE INSTRUCTION REGARDING CHARGING COMPARISONS |
| vs. | |
| AARON MICHAEL SHAMO, | Judge Dale A. Kimball |
| Defendant. | |

The United States, by and through Michael Gadd, Special Assistant United States Attorney, provides the following memorandum in regards to the defendant drawing charging comparisons in his opening statement. The United States asks the Court to issue a curative instruction that informs the jury of its duty to not consider the charging comparisons drawn by the defendant.

The Court ruled from the bench on May 29, 2019, indicating that it agreed with the chart contained in Document 218; the chart outlined permissible and non-permissible areas of argument and inquiry. (see Minute Entry, Doc. 226). That chart outlined several impermissible areas of inquiry and argument, including (1) "charges (or lack thereof) and potential sentences of non-testifying co-conspirators," (2) "charges and potential sentences for testifying co-

conspirators for purposes other than impeachment," and (3) "disparate charging and sentencing with respect to Mr. Paz and Mr. Crandall and Count 1, CCE."

In his opening, the defendant drew comparisons between his charges—specifically Counts 1 and 6—and those charges faced by testifying co-conspirators, including Mr. Paz and Mr. Crandall—none of whom were charged in Counts 1 or 6. Specifically, he pointed out that no other co-defendant was charged with Count 1, Engaging in a Continuing Criminal Enterprise. Drawing that comparison was a violation of the Court's order because it falls under the third impermissible area of inquiry and argument listed above. The defendant highlighted the disparate charges between himself and Mr. Paz and Mr. Crandall (among others).

As a curative instruction, the United States requests the Court instruct the jury tomorrow morning with the following instruction, which removes one inapplicable sentence from, but otherwise follows, Tenth Circuit Pattern Instruction 1.19:

> You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime[s] charged. . . . It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime[s] charged. The fact that another person *also* may be guilty is no defense to a criminal charge.
>
> The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime[s] charged.

Respectfully submitted this 12th day of August, 2019.

            JOHN W. HUBER
            United States Attorney

            */s/ Michael Gadd*
            MICHAEL GADD
            Special Assistant United States Attorney