JOHN W. HUBER, United States Attorney (#7226)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: michael.gadd@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. AARON MICHAEL SHAMO, Defendant. | Case No. 2:16-cr-00631-DAK MOTION TO EXCLUDE EVIDENCE OF THE DEFENDANT'S MENTAL CONDITION Judge Dale A. Kimball |
|---|---|

The United States, by and through Michael Gadd, Special Assistant United States Attorney, provides the following motion to exclude evidence of the defendant's mental condition. The defendant has not provided notice of his intent to call an expert witness to offer opinions as to any mental condition suffered by the defendant—a requirement under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure. The defendant has also failed to comply with the additional notice requirements in Rule 12.2 of the Federal Rules of Criminal Procedure, which govern notice of expert evidence of a mental condition. For those reasons, the United States moves the Court to exclude all testimony and evidence offered to prove the defendant's alleged mental condition.

## STATEMENT OF FACTS

1. The Court ordered that the parties exchange notice of their respective expert witnesses by April 17, 2019. Doc. 186, at 6. Both parties gave notice of experts they intended to call pursuant to Rule 16(b)(1)(C).

2. In his opening statement to the jury, counsel for the defendant said "[a]lthough in a criminal case in America the defendant doesn't need to testify, you'll hear from Aaron. You'll hear from his family members. And you'll hear from his – by family members, I mean his mother and sister. And here's what you'll learn about Aaron. That he is learning disabled. He had severe ADHD, and a processing disorder." [1]

3. Counsel for the defendant went on to explain that the jury would hear that "Aaron just wasn't capable of organizing or running an organization like this without substantial assistance."[2]

4. The defendant has never provided notice of an expert witness who would offer the expert's opinion that (1) the defendant suffers from a learning disability generally, (2) the defendant specifically suffers from the mental disorder classified as Attention Deficit Hyperactivity Disorder (ADHD); or (3) that the defendant suffers from a "processing disorder."

5. The defendant has not provided any discovery in this case.

## ARGUMENT

The Court should exclude evidence of the defendant's alleged mental conditions because (1) the defendant has failed to give notice pursuant to Rule 12.2(b) of the Federal Rules of

---

[1] Transcript of the Opening Statement by Defense, at 49 (attached as Exhibit 1).
[2] *Id*. at 50.

Criminal Procedure of his intent to introduce evidence relating to a mental condition that bears upon the issue of guilt; (2) only an expert witness can offer an opinion that the defendant suffers from a learning disability, ADHD, or a processing disorder; and (3) the defendant has failed to give notice, pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure and the Court's trial order, of an expert witness who would offer the expert's opinion that the defendant suffers from a learning or processing disorder.

**A. The defendant violated Rule 12.2(b) by not giving proper notice**

By not giving notice of his intent to elicit opinions from the defendant's family that the defendant suffered from various mental conditions, the defendant violated Rule 12.2(b) of the Federal Rules of Criminal Procedure. Rule 12.2(b) states that:

> If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must—within the time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders. Fed. R. Crim. P. 12.2 (b).

In a related case dealing with Rule 12.2(a), the Tenth Circuit upheld a District Court's denial of a request to employ an expert (who presumably would testify at trial) because the request was made five days prior to trial and twenty-seven days after the deadline for filing notice of a "mental-defect defense." *United States v. Landers*, 564 F.3d 1217, 1223-4 (10th Cir. 2009).

Because the defendant has never filed notice of his intent to introduce expert evidence regarding his alleged mental conditions, the Court should exclude all such evidence.

**B. An opinion that the defendant suffers from a learning disability, ADHD, or a processing disorder requires an expert witness**

The defendant's mother and sister are not qualified to offer an opinion that the defendant suffers from a mental conditions, including a learning disability, ADHD, or a processing disorder. Federal Rule of Evidence 702 requires that for a witness to take the stand and offer an opinion based upon scientific, technical, or other specialized knowledge, the witness must be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702.

There is no indication that the defendant's mother or sister—or anyone else on the defendant's witness list—is qualified to offer an opinion that the defendant suffers from a learning disability, ADHD, or a processing disorder. That type of an opinion requires an expert.

**C. The defendant did not give notice of an expert witness who would offer an opinion as to his alleged mental conditions**

The Court ordered the parties to provide expert notice by April 17, 2019—the defendant gave some notice for other expert witnesses he intended to call. The defendant did not give notice of an expert who would offer an opinion that the defendant suffered from a learning disability, ADHD, or a processing disorder.

In *United States v. Paup*, the Tenth Circuit recently upheld a lower court's decision to exclude the testimony of Paup's expert witness regarding Paup's mental condition because Paup's tardy expert notice was filed ten days after the court-imposed deadline and seventeen days prior to trial. *United States v. Paup*, No. 18-1114, 2019 WL 3756446, at 3 (10th Cir. Aug. 9, 2019). The Tenth Circuit applied the *Wicker* factors—which were enumerated in instances

4

where the government had made a discovery violation—against Paup for failing to give timely notice of her expert witness. *Id.* at 4. The Wicker factors are:

> 1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance.

*Id.* (citing *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)).

The Tenth Circuit explained in *Paup* that the *Wicker* factors did not cabin a court's discretion but were instead meant to guide a court as it considered sanctions for discovery violations; the Tenth Circuit explained that suppressing evidence such as the testimony of Paup's expert might be necessary "to maintain the integrity and schedule of the court even though the [opposing party] may not be prejudiced." *Id.* at 6.

A continuance, the Tenth Circuit explained, "is almost always 'doable'" but courts have no obligation to grant continuances, especially in cases with unusual circumstances such Paup's case, where prior continuances were given for Paup to find and give notice of her expert. *Id.*

In the present case, there does not appear to be any evidence of the defendant acting in bad faith. However, even if the defendant had an expert witness who was qualified to testify regarding his alleged mental conditions, there is no feasible way the United States could adequately (1) prepare to examine that witness, or (2) arrange for a dueling expert to possibly refute the testimony. To date, the defendant has still not given notice of a qualified expert witness. Lastly, while continuances are almost always "doable," granting a lengthy continuance mid-trial for the defendant to find and give notice of a competent expert would provide serious, undue, unfair prejudice to the United States and would put unreasonable strain on the jury. Excluding evidence of the defendant's alleged mental condition is the appropriate sanction.

CONCLUSION

Because the defendant has not met his notice requirements and because the defendant does not have a qualified witness from whom he could elicit expert opinions regarding his alleged mental conditions, the United States urges the Court to preclude the defendant's witnesses from offering an opinion—or by otherwise mentioning—that the defendant suffered from a learning disability, ADHD, a processing disorder, or any other mental condition bearing on the issue of guilt.

The United States further requests that the Court order counsel for the defendant not argue that the defendant had a learning disability, ADHD, a processing disorder, or any other mental condition. The United States also requests that the Court instruct the defendant's witnesses, prior to their testimony and outside the presence of the jury, that they cannot testify to the defendant's alleged mental conditions and that a violation of the Court's order may result in contempt proceedings.

Respectfully submitted this 21st day of August, 2019.

>JOHN W. HUBER
>United States Attorney
>
> */s/ Michael Gadd*
>MICHAEL GADD
>Special Assistant United States Attorney