Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
SKORDAS & CASTON, LLC
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone:  (801) 531-7444
Facsimile:  (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. AARON MICHAEL SHAMO, et. al., Defendant. | **MOTION FOR A JUDGMENT OF ACQUITTAL** <br><br> Case No. 2:16-CR-00631 DAK <br><br> Judge Dale A. Kimball |

Aaron Michael Shamo, through his counsel, hereby moves the Court for judgment of acquittal.

## **ARGUMENT**

The evidence presented by the government is insufficient to sustain a conviction. The Court should enter a judgment of acquittal on the ground that the Government has failed to

present sufficient proof from which a rational juror could conclude beyond a reasonable doubt that Mr. Shamo is guilty on each and every count under the Second Superseding Indictment.

The Court should enter a judgment of acquittal to Count 1 (21 U.S.C. § 848, Continuing Criminal Enterprise). The Government has failed to present sufficient proof from which any rational juror could conclude beyond a reasonable doubt that Mr. Shamo knowingly and intentionally violated 21 U.S.C. § 848. The Government has failed to present sufficient evidence to prove the elements for a continuing criminal enterprise. The Government has failed to show Mr. Shamo was part of a continuing series of violations of the Controlled Substance Act including Conspiracy to Distribute a Controlled Substance Resulting in Death.

The Court should enter a judgment of acquittal to Count 6 (21 U.S.C. § 841 (a)(1), Aiding and Abetting the Distribution of a controlled Substance Resulting in Death). Specifically, there is insufficient evidence that the controlled substance in this case resulted in death. Under *United States v. Burrage*, 134 S. Ct. 881 (2014), the Government has the burden to prove beyond a reasonable doubt that the use by an alleged victim of a controlled substance that the Defendant was responsible for is the "but for" cause of the death.

In *Burrage*, a long-time drug user, Banka, purchased heroin from Burrage. *Burrage v. United States*, 571 U.S. 204, 206. Banka died after an extended binge that included using the heroin that Banka purchased from Burrage. *Id*. Burrage was indicted with unlawfully distributing heroin and that death resulted from the use of the substance. *Id*. Medical experts testified at trial that Banka might have died even if he had not taken the heroin. *Id* at 207. "Dr. Eugene Schwilke, a forensic toxicologist, determined that multiple drugs were present in Banka's system at the time of his death, including heroin metabolites, codeine, alprazolam, clonazepam metabolites, and oxycodone. . . ." *Id*. ". . . Burrage moved for a judgment of acquittal, arguing that Banka's

death could only 'result from' heroin use if there was evidence that heroin was a but-for cause of death. The court denied the motion and, as relevant here, instructed the jury that the Government only had to prove that heroin was a contributing cause of death." *Id* at 204. Burrage was convicted and the Eighth Circuit upheld the District Court's jury instruction. *Id*.

The Supreme Court granted certiorari and the two questions that the court looked at was ". . . [w]hether the defendant may be convicted under the 'death results' provision (1) when the use of the controlled substance was a 'contributing cause' of the death, and (2) without separately instructing the jury that it must decide whether the victim's death by drug overdose was a foreseeable result of the defendant's drug-trafficking offense." *Id*. at 208. The court held that ". . . where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision 21 U.S.C. §841(b)(1)(C) unless such use is but-for cause of the death or injury." *Id*. at 219.

Here, just like *Burrage*, it cannot be determined that fentanyl was an independently sufficient cause of Mr. Kluyev's death. On August 21st, 2019, Dr. Stacey Hail testified as to pulmonary edema and fentanyl use. Dr. Hail discussed the toxicology results of Mr. Kluyev's blood that was taken during his autopsy. Dr. Hail testified to each amount of drug that was on Mr. Kluyev's toxicology report and concluded from her analysis of the case that fentanyl was the cause of Mr. Kluyev's death. Hail Trans. P. 21. Dr. Hail testified as to the effect of each toxin found within the report. Hail Trans. P. 22-31. Dr. Hail only reviewed documents provided by the government to make her conclusion. Hail Trans. P. 22. Dr. Hail acknowledged that the coroner determined the death of Mr. Kluyev's to be a result of multiple drug intoxication. Hail Trans. P. 56.

If the court finds that Dr. Hail's conclusion is correct as to fentanyl causing the death Mr. Kluyev's, there is still insufficient evidence that the fentanyl that Mr. Kluyev's snorted came from Mr. Shamo. If the pills that were snorted cannot be determined to have come from Mr. Shamo, then there is no conduct from the defendant within the causation analysis. Tori Grace testified about Mr. Kluyev's drug use and what she witnessed the night before Mr. Kluyev's death. Ms. Grace herself stated that Mr. Kluyev was a heavy drug user. Grace Trans. P. 15. The night before Mr. Kluyev overdosed, Ms. Grace witnessed him drinking vodka and snot pills that contained fentanyl. Grace Trans. P. 8. Ms. Grace did not see what the pills looked like before being crushed. Grace Trans. P. 9. There was an envelope from Utah in Mr. Kluyev's room, but again no indication as to whether the drugs that were snorted prior to overdosing were actually the pills contained in that package from Utah. Mr. Kluyev was a heavy drug user that would try to get his hands on anything and the exact pills that were snorted cannot be determined.

In this particular case, Mr. Shamo cannot be held liable for causing a death because the government has not met their burden in showing that Mr. Kluyev would have lived but for his fentanyl use. There were multiple drugs in Mr. Kluyev's system, and the coroner concluded that the death was caused by multiple drug intoxication. Also, the specific pills that were snorted are impossible to identify. All that can be proven is that there was fentanyl in Mr. Kluyev's system and that there was a package in his room from Utah that may have contained illegal drugs at one time. The drugs snorted by Mr. Kluyev before overdosing cannot be identified as pills that came from Mr. Shamo.

WHEREFORE, the defendant moves the Court for judgment of acquittal.

Respectfully Submitted this 27th day of August, 2019.

          */s/ Gregory G. Skordas*_____
          Gregory G. Skordas

          */s/ Kaytlin V. Beckett*_____
          Kaytlin v. Beckett

          */s/ Daryl P. Sam*_____
          Daryl P. Sam

## CERTIFICATE OF SERVICE

I hereby certify that on the August 27, 2019, I electronically filed a true and correct copy of the foregoing **MOTION FOR A JUDGMENT OF ACQUITTAL**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Kent Burggraaf
kburggraaf@agutah.gov

          */s/ Gabriela Mena*_____

          SKORDAS & CASTON, LLC