Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
**SKORDAS & CASTON, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
kbeckett@schhlaw.com

Daryl P. Sam (#8276)
Daryl P. Sam, PLLC
5955 South Redwood Road, Suite 102
Salt Lake City, Utah, 84123
Telephone: (801) 506-6767
Fax: (801) 386-5476
daryl.sam@gmail.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AARON MICHAEL SHAMO, et. al., <br><br> Defendant. | **SUPPLEMENT TO MOTION FOR MISTRIAL** <br><br> Case No. 2:16-CR-00631 DAK <br><br> Judge Dale A. Kimball |

    Aaron Michael Shamo, by and through counsel, hereby Supplements his motion for a mistrial and discharge of the jury prior to the rendering of any verdict filed August 22, 2019. In support of this motion, the Defendant alleges as follows:

**STATEMENT OF FURTHER RELEVANT FACTS:**

1. On Friday August 23, 2019, a member of the Defendant's family approached Defense counsel.

2. This family member informed Defense Counsel that they had overheard Agent Virginia Keys speaking with members G.K.'s family.

3. G.K.'s family was the family referred to in Defendant's prior motion that SAUSA Gadd and Agent referenced during direct examination.

4. The member of Defendant's family overheard G.K.'s family telling Agent Keys they felt bad for how much food they had been eating at their hotel and Agent Keys was heard responding "take advantage of it."

5. The indication from the conversation led this member of the Defendant's family to believe the Government was in fact paying for G.K.'s family to remain present in the Courtroom throughout the entirety of this trial.

6. Defense Counsel inquired of the Government as to whether or not the Government was in fact paying for the family to be present for this trial, including the day in question when the family was audibly sobbing in the presence of the jury and specifically reference by SAUSA Gadd and agent Keys during direct examination.

7. SAUSA Gadd responded in the affirmative, that the Government was in fact assisting the family financially in order for them to be present for the entirety of the trial.

8. Such was further acknowledged on the record during a sidebar conference on August 27, 2019.

9. Government's Exhibit 23.06, the Statement in Advance of Guilty Plea of co-conspirator was shown to the jury and contains the following statement:

"I agree to pay restitution to the family (or next-of-kin or estate) of every person who ordered a controlled substance from Pharma Master on AlphaBay who is now deceased pursuant to [ ]. To date, the United States has identified approximately [   ] Pharma Master customers who are now deceased. Whether it was Pharma Master's pills that killed the decedents or Pharma Master's pills fed the decedents addictions until death took them. . ."

10. This exhibit was labeled redacted, leading one to believe the section relating to overdose deaths was in fact redacted. Instead, only the large blank space containing the number of alleged deaths was redacted.

## ARGUMENT

"[C]ourts of justice may discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v. Taylor,* F.2d 1177, 1178 (10th Cir. 1979). A motion for mistrial should be granted in circumstances where the error tends to deprive the Defendant of a fair trial. *United States v. Burch,* 48 F.3d 1233, 1247 (10th Cir. 1995). Where a cautionary instruction is insufficient to cure the error and "the character of the testimony is such that it will create so strong an impression on the minds of the jurors that they will be unable to disregard it in their consideration of the case" a mistrial is appropriate. *United States v. Morgan,* 748 F.3d 1024, 1039 (10th Cir. 2014) (citing *Maestas v. United States,* 341 F.3d 493, 496 (10th Cir. 1965)). Similarly, instances of prosecutorial misconduct in the midst of a trial warrant good cause for a mistrial in advance of the jury rendering a verdict. *E.g. United States v. Rio,* 637 F.2d 728 (10th Cir. 1980). When particular conduct of the prosecution deprives the Defendant of the right to a fair and impartial trial, the Defendant's due process rights have been violated and a mistrial is warranted. *United States v. Gabaldon,* 91 F.3d 91, 93 (10th Cir. 1996).

Defendant has thoroughly outlined the unduly prejudicial impact of the direct

examination of Agent Keys and the inquiries made by SAUSA Gadd during that examination in his originating Motion for Mistrial. The facts outlined above are designed to paint a clearer of picture of the clear intent of the prosecution with regard to that line of questioning. Undoubtedly, it is the design of the Government to pay G.K.'s family to be present in the courtroom throughout the entirety of this trial. Undoubtedly, it was the specific design of SAUSA Gadd and Agent Keys to coordinate a line of questioning that would draw attention to the presence of G.K.'s family in the courtroom. This particular conduct was done in violation of the Court's order and Government's agreement that would not mention the overdose deaths of any individuals or tie the defendant to the overdose deaths of any individuals with the exception of R.K.

Furthermore, the continued reference to large number of overdose deaths in Luke Paz's SIAP is also a violation of the Court's order on this issue. The document, unlike its title would lead one to believe, was not in fact redacted in a manner consistent with this Court's order and the Government's agreement to not attempt to tie any other overdose deaths to the Defendant.

WHEREFORE, the defendant moves the Court for a mistrial and discharge of the jury prior to the rendering of any verdict in order to preserve the Defendant's right to a fair trial.

Respectfully Submitted this 27th day of August, 2019.

/s/ Gregory G. Skordas  
Gregory G. Skordas

/s/ Kaytlin V. Beckett  
Kaytlin v. Beckett

/s/ Daryl P. Sam  
Daryl P. Sam

## CERTIFICATE OF SERVICE

I hereby certify that on the August 27, 2019, I electronically filed a true and correct copy of the foregoing **SUPPLEMENT TO MOTION FOR MISTRIAL**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Kent Burggraaf
kburggraaf@agutah.gov

/s/ Gabriela Mena

SKORDAS & CASTON, LLC