JOHN W. HUBER, United States Attorney (#7226)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
MICHAEL GADD, Special Assistant United States Attorney (#16764)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
CY H. CASTLE, Assistant United States Attorney (#4808)
Attorneys for the United States of America
111 South Main Street, Suite 1800, Salt Lake City, Utah 84111-2176
T: (801) 524-5682 | F: (801) 325-3310 | Email: cy.castle@usdoj.gov

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON MICHAEL SHAMO,<br><br>Defendant. | Case No. 2:16CR00631-DAK-PMW<br><br>MOTION FOR ORDER OF FORFEITURE<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

The United States of America has sought forfeiture of certain property in the above captioned case and moves this Court for entry of Order of Forfeiture.  Counsel for the defendant, Greg Skordas, was advised of the motion and proposed order and he does not oppose the forfeiture order's entry.  The basis for this Motion is as follows:

1.      On October 18, 2018, a Second Superseding Indictment was entered with the court that charged Aaron Michael Shamo with various drug trafficking and money laundering charges. *See* ECF No. 136.

2.      The Second Superseding Indictment contained notice of the government's intent to seek forfeiture.  *See* ECF No. 136.

*(Shamo, et. al.)*

3.      On March 11, 2019, the United States filed a Fourth Bill of Particulars that notified the defendants that it was seeking to forfeit property under 21 U.S.C. § 853 for offenses violating 21 U.S.C. §§ 841, 843, 848,[1] and/or 952 and under 18 U.S.C. § 982(a)(2)[2] for offenses violating 18 U.S.C. §§ 1956 and 1957.  *See* ECF No. 184.

4.      On September 11, 2019, the United States filed a Status of Forfeiture indicating it was no longer seeking to forfeit certain seized assets that were administratively forfeited to the Drug Enforcement Administration. *See* ECF No. 288.[3]

5.      On August 30, 2019, Mr. Shamo was found guilty after jury trial of various charges. As relevant for this motion, those charges included:

   a.   Count 1: Engaging in a Continuing Criminal Enterprise (21 U.S.C. § 848);

   b.   Counts 2-4: Aiding and Abetting the Importation of Fentanyl (21 U.S.C. § 952);

   c.   Count 5: Possession of Fentanyl with Intent to Distribute (21 U.S.C. § 841(a)(1));

   d.   Count 7: Manufacture of Alprazolam in Count 7 (21 U.S.C. § 841(a)(1)); and

   e.   Count 10: Use of the U. S. Mail in Furtherance of a Drug Trafficking Offense (21 U.S.C. § 843(b)).

*See* ECF No. 280.

---

[1] Although not specifically enumerated in the Fourth Bill of Particulars as it was in the Second Superseding Indictment, forfeiture is also sought for conviction under 21 U.S.C. § 846.  Count one under 21 U.S.C. § 848 includes 21 U.S.C. § 846 as one of its objects.

[2] The United States is not pursuing forfeiture under this authority for this motion.

[3] These assets included $19,530, $429,600, and $10,096.20 and are not sought for forfeiture herein.

(*Shamo, et. al.*)

6.      As a result of the jury's verdict of guilty to Counts 1-5, 7, and 10 of the Second Superseding Indictment for which the government sought forfeiture under 21 U.S.C. § 853(a), Mr. Shamo must forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses in violation of 21 U.S.C. §§ 841, 843, 846, 848, and/or 952.

7.      As a result of the jury's verdict of guilty to Count 1, Engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848, under 21 U.S.C. § 853(a)(3) Mr. Shamo must also forfeit, in addition to any property falling within the previously described categories, any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

8.      Given the jury's verdict and the defendant's consent to this motion, the court should enter the proposed order of forfeiture that forfeits the property listed in Exhibit A to the United States.

9.      The United States also requests that the court reference the forfeiture order in its judgments against the defendant.  Fed. R. Crim. P. 32.2(b)(4)(B).

WHEREFORE, the United States respectfully requests that the Court enter the proposed Order of Forfeiture filed with this motion.

*(Shamo, et. al.)*

Dated this 26th Day of March, 2020.

JOHN W. HUBER
United States Attorney


*/s/ Cy H. Castle*
CY H. CASTLE
Assistant United States Attorney

**Exhibit A**

Property Sought for Forfeiture by the United States of America

- $5,357,950.38 in United States Currency, the proceeds of the sale of 513.15 Bitcoin;
- $1,227,773.00 in U.S. Currency;
- $671,030 in U.S. Currency;
- $134,960 in U.S. Currency;
- 512. 9274588 Bitcoin Cash (BCH);
- 513. 1462015 Bitcoin Gold (BTG);
- 33.8211 Bitcoin (BTC);
- $30,250 as a substitute res for a 2011 Ford F-350 pickup, VIN: 1FT8W3BT7BEC88017 sold pursuant to an interlocutory sale order;
- $6,400 as a substitute res for a 2008 BMW 135i, VIN: WBAUC73508VF25535 sold pursuant to an interlocutory sale order;
- Four 100-ounce silver bars;
- Industrial large pill press and associated pill dyes;
- The following holdings in Aaron Shamo's E-Trade Securities LLC account ending in 4068:
  - $14,564.57 in U.S. Currency
  - Shares of Stock:

| Stock | Number of Shares Subject to Forfeiture |
|---|---|
| Molecular Templates, Inc. | 272 shares |
| Marvell Technology Group LTD | 100 shares |
| HealthEquity, Inc | 32 shares |
| Nike, Inc | 100 shares |
| Amazon.com, Inc | 7 shares |
| Apple, Inc. | 75 shares |
| Alphabet, Inc. | 6 shares |

  - Any dividends received into the cash account and related to Marvell Technology Group LTD, Nike, Inc, and/or Apple, Inc stocks after November 26, 2018
  - The entire balance of the Northern Stock Index Fund mutual fund

*(Shamo, et. al.)*