IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>AARON MICHAEL SHAMO,<br><br>               Defendant. | Case No. 2:16CR00631-DAK-PMW<br><br>ORDER OF FORFEITURE<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

Based on the government's Motion for Order of Forfeiture, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1.     As a result of the jury's verdict of guilty to Counts 1-5, 7, and 10 of the Second Superseding Indictment for which the government sought forfeiture under 21 U.S.C. § 853(a), Mr. Shamo must forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses in violation of 21 U.S.C. §§ 841, 843, 846, 848, and/or 952.

2.     As a result of the jury's verdict of guilty to Count 1, Engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848, under 21 U.S.C. § 853(a)(3) Mr. Shamo must also forfeit, in addition to any property falling within the previously described categories, any of

his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.[1]

3.   Based on the guilty verdict of defendant Aaron Michael Shamo, the United States' Motion for Order of Forfeiture, and the defendant's lack of opposition to the motion, the above-identified property is subject to forfeiture, that court finds that the property in Exhibit A is subject to forfeiture, the defendant had an interest in the property, and that the government has established the requisite nexus between such property and the above offenses.

4.   In accordance with Fed. R. Crim. P. 32.2(b)(1)(A) and 21 U.S.C. § 853(a), the property listed in Exhibit A is hereby forfeited to the United States of America.

5.   Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the properties listed in Exhibit A and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture.

6.   Upon entry of this Order the Attorney General or its designee is authorized to commence any applicable proceeding to comply with statutes governing third-party interests, including giving notice of this Order.

7.   In accordance with 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order on its intent to dispose of the property on the Government's internet website, www.forfeiture.gov. To the extent practicable, the United States may also provide written notice to any person known to have an alleged interest in the subject property.

---

[1] The government also sought forfeiture pursuant to 18 U.S.C. § 982(a)(1), but did not seek forfeiture under that provision in its motion.

8. In accordance with 21 U.S.C. § 853(n)(2), any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and amendment of the order of forfeiture pursuant to 21 U.S.C. § 853.

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

10. In accordance with 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's acquisition of the right, title, or interest in the subject property, any additional facts supporting the petitioners claim and relief sought.

11. In accordance with Fed. R. Crim. P. 32.2(c)(1)(B), after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Criminal Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

13. Under Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the Defendants at the time of sentencing and shall be made part of the sentence and referenced in the judgment. Under Fed. R. Crim. P. 32.2(c)(2), if no third party files a timely claim, this Order shall become the Final Order of Forfeiture.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated this __ day of March, 2012.

BY THE COURT:

DALE A. KIMBALL
United States District Court Judge

**Exhibit A**

Property Forfeited to the United States of America

- $5,357,950.38 in United States Currency, the proceeds of the sale of 513.15 Bitcoin;
- $1,227,773.00 in U.S. Currency;
- $671,030 in U.S. Currency;
- $134,960 in U.S. Currency;
- 512. 9274588 Bitcoin Cash (BCH);
- 513. 1462015 Bitcoin Gold (BTG);
- 33.8211 Bitcoin (BTC);
- $30,250 as a substitute res for a 2011 Ford F-350 pickup, VIN: 1FT8W3BT7BEC88017 sold pursuant to an interlocutory sale order;
- $6,400 as a substitute res for a 2008 BMW 135i, VIN: WBAUC73508VF25535 sold pursuant to an interlocutory sale order;
- Four 100-ounce silver bars;
- Industrial large pill press and associated pill dyes;
- The following holdings in Aaron Shamo's E-Trade Securities LLC account ending in 4068:
  - $14,564.57 in U.S. Currency
  - Shares of Stock:

    | Stock | Number of Shares Subject to Forfeiture |
    |---|---|
    | Molecular Templates, Inc. | 272 shares |
    | Marvell Technology Group LTD | 100 shares |
    | HealthEquity, Inc | 32 shares |
    | Nike, Inc | 100 shares |
    | Amazon.com, Inc | 7 shares |
    | Apple, Inc. | 75 shares |
    | Alphabet, Inc. | 6 shares |

  - Any dividends received into the cash account and related to Marvell Technology Group LTD, Nike, Inc, and/or Apple, Inc stocks after November 26, 2018
  - The entire balance of the Northern Stock Index Fund mutual fund