Gregory G. Skordas (#3865)
Gabriela Mena (#17087)
N. Michelle Phelps (#17096)
SKORDAS & CASTON, LLC
560 South 300 East, Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
Attorneys for Defendant
gskordas@schhlaw.com
gmena@schhlaw.com
mphelps@schhlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON MICHAEL SHAMO,<br><br>Defendant. | **DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Case No. 2:16-CR-00631-001<br><br>Judge Dale A. Kimball |

The Defendant, Aaron Shamo, by and through counsel of record, Gregory G. Skordas, hereby provides his Sentencing Memorandum in advance of sentencing scheduled for October 15, 2020 at 10:00 a.m.

## PRELIMINARY STATEMENT

On November 22, 2016, Aaron Shamo (hereinafter "Shamo") was named in a Criminal Complaint which charged Possession of Fentanyl with Intent to Distribute, in violation of 21 U.S.C. §841(a)(1). On May 31, 2017, Shamo was named in a fifteen count Superseding Indictment. On October 18, 2018, Shamo was named in a thirteen count Second Superseding Indictment. The thirteen counts were as follows: Count 1 charged Continuing Criminal

Enterprise, in violation of 21 U.S.C. §848; Counts 2-4 charged Aiding and Abetting the Importation of a Controlled Substance, in violation of 21 U.S.C. § 952, 21 U.S.C. § 960(b)(2); Count 5 charged Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 814(a)(1), 21 U.S.C. § 841(b)(1)(A); Count 6 charged Aiding and Abetting the Distribution of Controlled Substance Resulting in Death, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. §841(b)(1)(A); Count 7 charged Manufacture of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A); Counts 8-9 charged Knowing and Intentional Adulteration of Drugs while Held for Sale, in violation of 21 U.S.C. § 331(k), 21 U.S.C. §333(b)(7); Count 10 charged Aiding and Abetting the Use of the U.S. Mail in Furtherance of a Drug Trafficking Offense, in violation of 21 U.S.C. § 843(b), 21 U.S.C. § 843(d); Count 11 charged Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); Count 12 charged Money Laundering Promotion and Concealment, in violation of 18 U.S.C. § 1956(a)(1(A)(i); Count 13 charged Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. § 1957(a).

On August 30, 2019, Shamo was found guilty by jury trial to twelve counts of the thirteen-count Superseding Indictment. The jury could not reach a verdict on Count 6, Aiding and Abetting the Distribution of Controlled Substance Resulting in Death, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. §841(b)(1)(A). Shamo has been in continuous federal custody since his arrest on November 22, 2016.

## SENTENCING DISCUSSION

Although Shamo is facing the minimum mandatory sentence for Count 1- life imprisonment, Shamo submits this memorandum to cover statutory factors the Court is required to consider prior to sentencing under 18 U.S.C. §3553(a).

**The History and Characteristics of the Defendant**

Shamo's background was summarized in the pre-sentence report. (See paragraphs 82-93 of the presentence report.) Shamo was born in Salt Lake City, Utah, the fourth child of married parents. Shamo was raised in Arizona. At the age of 13 Shamo began using marijuana with periodic binge alcohol drinking. Shamo's parents transferred him to a charter school hoping that would put him on a better path. Shamo's substance abuse increased which resulted in Shamo's parents transferring him to a boarding school. After receiving his high school diploma Shamo attended Utah Valley University in Provo, Utah beginning in September 2008. Shamo struggled academically and ultimately ended up dropping out of Utah Valley University. Shamo enrolled in classes at Salt Lake Community College from September 2012 to December 2012, where he continued to struggle academically. Shamo did not complete a degree.

In 2012 Shamo was diagnosed with Attention Deficit Hyperactivity Disorder. Shamo has also been diagnosed with situational anxiety, related to social situations. Despite the Government's description of Shamo as a person that wanted to build an empire and be rich, Shamo is a person who lacks confidence and wrote journal entries as affirmatives to boost his confidence.

Shamo met co-defendant Drew Crandall, (hereinafter "Crandall"), in his early adult life and as Shamo testified at trial, Crandall was somebody who he looked up to. Shamo explained how Crandall taught him many things ranging from how to wash clothes properly to technical skills. Crandall helped Shamo get a job at Teleperformance and later at eBay.

Other than this federal offense, Shamo only has one other adult criminal conviction; Misdemeanor Driving Under the Influence in 2015.

**The Nature and Circumstances of the Offenses**

This case involved a Drug Trafficking Organization which manufactured controlled substances. The organization distributed these controlled substances throughout the United States on the Dark Net marketplace AlphaBay and by using the U.S. Mail.

Shamo was living paycheck to paycheck and Crandall too, was struggling financially. At one point Crandall and Shamo started mining BitCoins and the parties put together an online storefront to sell their prescribed Adderall. Crandall and Shamo then started to purchase Molly and MDMA using BitCoins, through the darknet. Crandall came up with the idea to sell Molly and MDMA in capsule form. These substances were advertised through the darknet marketplace. Shamo would get the order and pass it to Crandall, Crandall then would ship the controlled substances. Crandall came up with new and different ways of how to make the distributed substances undetectable through the mail. Evolution to different drugs continued and resulted into a larger distribution operation.

Crandall came up with the idea of pressing pills and figured out the algorithm of ingredients to use to make Zanax and MDMA pills. As this operation evolved, more people started to get involved. There were many other co-defendants that helped with this operation. The essential co-defendant to the fentanyl distribution was Luke Paz (hereinafter "Paz").

Before Crandall left to travel the world with his then girlfriend, he trained Paz on how to run the pill press. When the idea of selling fentanyl was brought to the operation's attention by Christopher Kenny, Shamo reached out to Crandall to get his view. Crandall commented to Shamo that he should "follow the money". Paz worked on the formula for Fentanyl Roxy's until it was perfected. The demand rose and the distribution continued.

## Injustice in Sentencing When it Comes to Culpability

Whether Shamo is sentenced before or after his codefendants, it is very evident that there will no doubt be sentencing disparities. No other co-defendant was charged with the Continuing Criminal Enterprise count. The term of imprisonment is mandatory life without release for this charge. Shamo will be sentenced to life on October 15, 2020 while co-defendant's Paz and Crandall, who are equally culpable, were never charged with Continuing Criminal Enterprise and will certainly receive a much lighter sentence. Crandall entered into a plea agreement and pled guilty to the following: Conspiracy to Distribute Fentanyl, Conspiracy to Distribute Alprazolam, and Conspiracy to Commit Money Laundering. Crandall has the opportunity to serve less than a life sentence even though he started the organization and helped in its evolution. Crandall has served some jail time but was recently released and is awaiting sentencing. Paz entered into a plea agreement and pled guilty to the following: two counts of Knowing and Intentional Adulteration of Drugs While Held for Sale-Fentanyl and Conspiracy to Commit Money Laundering. Paz, will almost certainly, serve less than a life sentence. Paz has not yet spent a day in jail or prison for his conduct.

## Victims and Just Punishment

Even though the jury did not convict Shamo of distributing fentanyl resulting in the death of R. K. on June 13, 2016, the Government indicated in their sentencing memorandum that Shamo was responsible for R.K.'s death. The Government has listed ninety other individuals, apparently now deceased, who at some point bought from Pharma-Master. Most of these individuals had to search for and find Pharma-Master on the darknet in order to purchase drugs. The most unfair implication made by the Government after listing these ninety individuals is that Shamo was the one that sold to them. Shamo represents one of many individuals responsible for

how these individuals were sold drugs through the darknet. If it were not for the attributions from other co-defendants, mainly Crandall and Paz, those drugs may have never been sold to those ninety individuals. Without Crandall helping with a storefront on the dark net, formulating recipes for pills, and masterminding how to distribute the product through the mail, this drug distribution organization would not have been able to distribute the amount of drugs it did. Without the suggestion of Christopher Kenny and Paz's perfecting of a fentanyl recipe, fentanyl pills may have never been distributed by this drug distribution organization.

The drug problem that our country faces has two components. The first is the distribution of drugs and the second is the demand for drugs.  All defendants in this matter contributed to the first component, but only Shamo was charged with a count that mandates a life term of imprisonment. Now that all defendants are soon to be sentenced, Shamo is the only defendant guaranteed a life sentence. That is not a just sentence. Regardless of the Government's theory that Shamo being sentenced to life will promote respect for the law, there will always be a person like Drew Crandall with the mindset to "follow the money". As long as there is a demand, there will be distribution.

## CONCLUSION

The Defendant respectfully submits that a life sentence for Count 1, Engaging in a Continuing Enterprise, is not just.


DATED this 9th day of October 2020.

SKORDAS & CASTON, LLC

*/s/ Gregory G. Skordas*
Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on the 9 October 2020, I electronically filed a true and correct copy of the foregoing **DEFENDANT'S SENTENCING MEMORANDUM**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

John W. Huber
Michael Gadd
Kent A. Burggraaf
Vernon G. Stejskal
Attorneys United States Attorney
111 South Main St., #1800
Salt Lake City, UT 84111

                                                  */s/ Stacey Dodier*
                                                  SKORDAS & CASTON, LLC