Gregory G. Skordas (#3865)
Gabriela Mena (#17087)
N. Michelle Phelps (#17096)
**SKORDAS & CASTON, LLC**
560 South 300 East Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
gskordas@schhlaw.com
gmena@schhlaw.com
mphelps@schhlaw.com
Attorneys for Defendant Aaron Shamo

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. AARON MICHAEL SHAMO, et. al., Defendant. | OPPOSITION TO RESTITUTION<br><br>Case No. 2:16-CR-00631 DAK<br><br>Judge Dale A. Kimball |

Defendant, Aaron Shamo, by and through counsel, hereby opposes the Government's Motion for Restitution and alleges as follows:

### STATEMENT OF RELEVANT FACTS

1. The Defendant Aaron Shamo has been in continuous federal custody since his arrest on November 22, 2016.

2. Co-conspirator Luke Paz signed a Statement by Defendant in Advance of Plea of Guilty and Plea Agreement on December 10, 2018.

3. In that Plea Statement, Paz has agreed to pay alleged victim "J.L." for damages in the amount of $46,941.07.

4. Paz agreed to pay this restitution jointly and severally with his co-defendants.

5. Paz also agreed to pay restitution to the family of every person who ordered a controlled substance from Pharma-Master and who is now deceased.

6. This specific restitution agreement did not indicate whether Paz had agreed to pay jointly and severally with co-defendants.

7. On August 30, 2019, Shamo was found guilty by jury trial to twelve counts of the thirteen-count Superseding Indictment.

8. The jury could not reach a verdict on Count 6, Aiding and Abetting the Distribution of Controlled Substance Resulting in Death.

9. A presentence report was prepared and indicated that there were no identifiable victims in this case.

10. The presentence report stated that agents had identified more than eighty people of Pharma-Master's prior customers that are now dead from drug overdose.

11. Not all those overdose deaths occurred during the time frame when Pharma-Master's pills were being distributed.

12. The one overdose that the Government tried to tie to Pharma-Master was tied to the charge that the jury was not able to reach a verdict.

13. Shamo was sentenced on October 15, 2020 to serve a mandatory life sentence.

14. Alleged victims J.L., R.R. and the representatives for alleged victims G.K. and C.V. have submitted restitution requests.

15. The representative of alleged victim C.V. submitted simple promissory notes that documented the loans she made to C.V. to finance his education.

16. The representatives for alleged victim G.K. have submitted documents showing costs for the funeral of alleged victim G.K and lost income for the representatives for taking time off work to grieve and attend the trial of Defendant Aaron Shamo.

17. J.L has submitted documentation supporting the damages to the Titian Way residence and financial loss.

18. R.R. has submitted a statement and estimations of property she is indicating was stored at Shamo's residence.

## ARGUMENT

The restitution that the United States is requesting is not appropriate in this case for the following reasons: (1) the Government has not proven by a preponderance of the evidence that the defendant caused the harm for which restitution is being sought; (2) not all people identified fall under the statutory definition of "victim"; and (3) the restitution sought by the United States does not correspond with losses recoverable by law.

Under Title 18, United States Code, Section 3663 the Court may order ". . . that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate."[1] For purposes of Section 3663 ". . . 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern."[2]

---

[1] 18 U.S.C. §3663(a).
[2] 18 U.S.C. §3663(a)(2).

**Direct and Proximate Harm**

The Court should not find by a preponderance of the evidence that Mr. Shamo and his co-conspirators caused the harm that underlies the restitution requests from T.K., L.V., and R.R. In interpreting companion restitution statutes that likewise require direct and proximate cause, this Court has indicated that "'. . . the closer the relationship between the actions of the defendant and the harm sustained, the more likely that proximate harm exists.'"[3] In *Hunter*, Vanessa Quinn was tragically killed by Sulejman Talovic on February 12, 2007.[4] Defendant Hunter sold Talovic the gun that shot Vanessa Quinn.[5] Hunter pled guilty to unlawfully selling, delivering, or otherwise transferring a handgun to a person he knew or had reasonable cause to believe was a juvenile.[6] "In applying the recognized standards for proximate harm, this court conclude[d] that Vanessa Quinn was not directly and proximately harmed by Hunter's sale of a firearm to a minor.[7] The Court indicated that the ". . . nexus between Hunter's act of selling a firearm to a minor and Talovic's deadly rampage through a shopping mall eight months later is too factually and temporally attenuated."[8]

The Government relies on cases where the nexus between the harm and a defendant's actions are so closely linked and evident that the defendant caused harm. In *Teehee*, the defendant trafficked unauthorized long distance Sprint cards resulting in a loss of over $600,000.[9] Even though the defendant was not entirely responsible for the full amount of restitution, his actions

---

[3] *United States v. Hunter*, 2008 U.S. Dist. Lexis 443 at 13. (citing *United States v. Sharp*, 463 F. Supp. 2d 556 at 561-64.
[4] *Id*. at 1.
[5] *Id*. at 2.
[6] *Id*.
[7] *Id*. at 13.
[8] *Id*.
[9] *United States v. Teehee*, 893 F.2d 271, 274 (10th Cir. 1990).

are linked to a harm that occurred. In *Richard*, the defendant was convicted of bank robbery and was ordered to make restitution to the bank of the amount taken and not recovered. The defendant indicated that all the money he stole was recovered. [10] The Court still ordered the defendant to pay restitution because the bank was able to prove its loss and the defendant was convicted of robbing the bank. [11] These defendants committed an act that was closely linked to the harm.

In this case, the factual attenuation is greater than in *Hunter*. The Government stated that C.V. ordered Fentanyl-laced pills from Pharma-Master on March 3, 2016. On March 25, 2016, after using drugs with a friend in his apartment the prior evening, C.V. overdosed and died. In C.V.'s system was Cocaine, Fentanyl, and Alprazolam. G.K.'s last known order from Pharma-Master was placed on August 3, 2016. On August 12, 2016, G.K. went out with friends and the following morning was found dead in the grass outside an apartment complex. Police officers found pills marked as if they were oxycodone pills on G.K.'s person. G.K. died with Fentanyl, Alprazolam, and Ethanol in his system. The Government cannot prove a nexus between the deaths of G.K and C.V. to the drugs ordered from Pharma-Master. The Government cannot prove that the drugs ordered from Pharma-Master were ever ingested by G.K. and C.V. let alone that those specific pills caused their deaths. The Government cannot prove by a preponderance of the evidence that the deaths of G.K. and C.V. were directly and proximately caused by Shamo and his co-conspirators.

With respect to loss of physical property suffered by R.R., there is no proof of harm to her. R.R. has provided a statement along with estimates of costs of items that were allegedly in the

---

[10] *Id*. at 1121.
[11] *Id*. at 1123.

house on Titian Way rented by Shamo. There is no evidence that any of those items were in the house. The Government cannot prove that R.R. was directly and proximately harmed by Shamo and his co-conspirators because there is no harm to be accounted for.

**Recoverable Losses**

If the Court finds that C.V., G.K., and R.R. were directly and proximately harmed, the Court should not find that the loss C.V.'s parents are seeking, is a loss recoverable by law. Title 18 United States Code Section 3663(b)(3) indicates that ". . . in the case of an offense resulting in bodily injury also results in the death of a victim" the court may order the defendant to "pay an amount equal to the cost of necessary funeral and related services. . . ."[12] The Government cites to *Bedonie* to indicate the loss income award for the victim, but has failed to calculate lost income for C.V. or L.V. In *Bedonie*, the Court determined that the calculation of lost income for the two deceased victims was reasonable under the Mandatory Restitution statute.[13] The Government cannot meet its burden of establishing lost income by simply submitting promissory notes that documented the loans C.V. owed his parents.

**Fashioning an Appropriate Restitution Order**

If the Court orders restitution in this matter, it should consider the plea agreements and culpability of the other co-defendants.[14] Section 3663(a)(3) states "[t]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."[15] Paz has agreed to pay J.L. for damages in the amount of $46,941.07, joint and several with any co-

---

[12] 18 U.S.C. §3663(b)(3).
[13] *United States v. Bedonie*, 317 F.Supp. 2d 1285, 1321-1322 (D. Utah 2004).
[14] United States c. Harris, 7 F.3d 1537 (10th Cir. 1993).
[15] 18 U.S.C. §3663(a)(3).

defendants. Paz has also agreed to pay restitution to the family of every person who ordered a controlled substance from Pharma-Master and is now deceased. Based on plea agreements and the culpability of other co-defendants, the Court should apportion the restitution amount.

**Restoration Request**

If the Court orders Shamo to pay any restitution, Shamo asks that this be referred to as a restoration request. Due to his life sentence, Shamo will have a very limited ability to pay off any restitution obligation ordered.

Therefore, Shamo opposes the Government's Motion for Restitution.

DATED this 12th day of November, 2020.

                        SKORDAS & CASTON, LLC

                        /s/ Gregory G. Skordas
                        Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020, I filed a true and correct copy of the foregoing **OPPOSITION TO RESTITUTION** with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

S. Michael Gadd
mgadd@agutah.gov

Vernon G. Stejskal
Vernon.stejskal@usdoj.gov

Kent Burggraaf
kburggraaf@agutah.gov

*/s/ Stacey Dodier*-Legal Assistant
SKORDAS & CASTON, LLC